GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*[Proposed] Attorneys for Debtors*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>TURNBERRY/MGM GRAND TOWERS, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13706-abl<br>Chapter 11<br>**JOINTLY ADMINISTERED UNDER CASE NO.: 15-13706-abl** |
| In re :<br>TURNBERRY/MGM GRAND TOWER B, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13708-abl<br>Chapter 11 |
| In re :<br>TURNBERRY/MGM GRAND TOWER C, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13709-abl<br>Chapter 11<br><br>Date: August 3, 2015<br>Time: 1:30 p.m. |

**MOTION FOR ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION OF ESTATE PROFESSIONALS**

Turnberry/MGM Grand Towers, LLC, a Nevada limited liability company, Turnberry/MGM Grand Tower B, LLC, a Nevada limited liability company, and Turnberry/MGM Grand Tower C, LLC, a Nevada limited liability company (collectively, the "Debtors"), debtors-in-possession, hereby move for entry of an order, substantially in the form

attached hereto as **Exhibit "1,"** pursuant to Sections[1] 105 and 331, establishing a procedure for payment of interim compensation and reimbursement of expenses of the professionals duly-retained by the Debtors pursuant to Sections 327 or 328 (the "Motion").

This Motion is made and based upon the points and authorities provided herein, the declaration of Dr. Kenneth W. Wiles filed at ECF No. 23 (the "Wiles Declaration"), and the declaration of Talitha Gray Kozlowski filed concurrently herewith (the "Kozlowski Declaration"), as well as the papers and pleadings on file herein, judicial notice of which is respectfully requested, and any argument of counsel entertained by the Court at the time of the hearing of the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
INTRODUCTION**

1. On June 26, 2015 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (the "Chapter 11 Cases").

2. The Debtors continues to operate their businesses as debtors and debtors-in-possession pursuant to Sections 1107(a) and 1108.

3. No request has been made for the appointment of a trustee or examiner, and no official committees have been appointed in this Chapter 11 Case.

**II.
JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

5. The basis for the relief sought herein arises from Sections 327, 328, 1107, and 1108 of the Bankruptcy Code and Bankruptcy Rule 2014.

---

[1] All references to "Section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall be to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

6.  Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.  Pursuant to LR 9014.2, the Debtors consent to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

### III.
### BACKGROUND

8.  The Debtors are developers of high-rise condominium towers called The Signature Towers, which are referred to as "Tower A," "Tower B," and "Tower C," respectively, and each tower was built by one of the three Debtors. Each Tower consists of 576 units, comprising a total of 1,728 units in The Signature Towers. See Wiles Declaration ¶ 4.

9.  The Signature Towers were sold as condominiums to individual owners who, at all times, have had the right to live in their units or, if they chose, to rent their units. See id. ¶ 5.

10. The Debtors are each Nevada limited liability companies created to develop the three towers. Each Debtor has two members: (1) a member that is affiliated with Turnberry, and (2) a member affiliated with MGM Resorts. Each of the members has a 50% economic interest in the particular Debtor. Specifically, Turnberry Harmon Ave. LLC and MGM Grand Condominiums, LLC are the members of the Tower A Debtor; Turnberry Harmon Ave. B LLC and MGM Grand Condominiums II, LLC are the members of the Tower B Debtor; and Turnberry Harmon Ave. C LLC and MGM Grand Condominiums III, LLC are the members of the Tower C Debtor. Dr. Kenneth W. Wiles, through Andare Corp, serves as the manager for each of the Debtors. See id. ¶ 6.

11. The Debtors have filed, or are filing concurrently herewith, applications to engage Garman Turner Gordon LLP as their counsel in the Chapter 11 Cases, as well as Dr. Kenneth W. Wiles, through his wholly-owned company, the Andare Corp, as Debtors' manager and designated representative. The Debtors anticipate that it may be necessary to retain other professionals to assist in the execution of their responsibilities as debtors-in-possession in their Chapter 11 Cases. All such Professionals that are duly-retained pursuant to Sections 327 or 328

are referred to herein as "Debtors' Professionals" and individually as a "Professional." See Kozlowski Declaration ¶ 3.

12. By this Motion, the Debtors requests entry of an order authorizing and establishing procedures for interim compensation and reimbursement of expenses of Debtors' Professionals on a monthly basis, comparable to those procedures established in other Chapter 11 cases filed in this District and before other bankruptcy courts.

13. These Chapter 11 Cases have and will continue to require a meaningful volume of professional work. As a result, the accrual of fees will unduly burden Debtors' Professionals if they are unable to receive regular compensation for their rendered services. See id. ¶ 4.

14. As such, the Debtors proposes that the Debtors' Professionals be required to adhere to the procedures set forth herein for compensation and approval of their fees. The Debtors further proposes that all other persons seeking compensation pursuant to Section 503(b) of the Bankruptcy Code be required to adhere to the procedures set forth herein for compensation and approval of their fees.

## IV.
## PROPOSED PROCEDURES

15. Debtor proposes that the monthly payment of compensation and reimbursement of expenses of Debtors' Professionals be structured as follows:

(a) On or before the 15th day of each month following the month for which compensation is sought, Debtors' Professionals will submit, via e-mail, a monthly statement (the "Statement") to the Debtors, c/o Dr. Kenneth W. Wiles (ken.wiles@andarepartners.com); Debtors' bankruptcy counsel, c/o Gregory E. Garman, Esq. (ggarman@gtg.legal), and Teresa M. Pilatowicz, Esq. (tpilatowicz@gtg.legal); the Office of the United States Trustee for the District of Nevada, Las Vegas (Athanasios.Agelakopoulos@usdoj.gov and Brian.Goldberg@usdoj.gov); counsel to any official committee(s) established, if ever, pursuant to Section 1102 of the Bankruptcy Code; and such other persons or entities as ordered by the Court (each, a "Reviewing Party," and collectively, the "Reviewing Parties"). Each such Statement shall contain a detailed itemization of fees and costs as required by the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under Section 330. Each Reviewing Party will have 10 days after receipt of a Statement to review it. At the expiration of this 10-day review period, the Debtors will promptly pay 85% of the fees and all of the disbursements requested in such Statement, except such fees or disbursements as to which an objection has been served by a Reviewing Party as provided in subparagraph (b) below.

(b) If a Reviewing Party objects to the compensation or reimbursement sought in a Statement, the objecting party shall, within 10 days of the receipt of the Statement, serve via e-mail upon all other Reviewing Parties a written "Notice of Objection to Fee Statement" (the "Objection Notice") setting forth the precise nature of the objection and amount at issue. Thereafter, the objecting party and the Professional whose Statement is the subject of an Objection Notice shall attempt to reach a resolution. If the parties are unable to reach an agreement on the objection within 7 days after receipt of such objection, the Professional whose Statement is objected to shall have the option: (i) filing the Objection Notice with the Court, together with a request for payment of the disputed amount, or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the issue if payment of the disputed amount is requested. The Debtors will be required to pay any portion of the fees and disbursements requested that are not the subject of an Objection Notice promptly.

(c) If these procedures are approved, the Professionals would be required to submit their first Statement on or before August 15, 2015. This Statement would cover the period from June 26, 2015 through July 31, 2015.

(d) After the first 120 days after the Petition Date, and at approximately 120-day intervals thereafter, each Professionals shall file with the Court and serve on the other Reviewing Parties, and any other party who requested special notice in the Chapter 11 Cases, an application pursuant to Section 331 for interim Court approval and allowance of the compensation and reimbursement of expenses requested for the prior 120 days. Any Professional who fails to file an application when due shall be ineligible to receive further interim payment of fees and expenses as provided herein until such time as the application is submitted.

(e) The pendency of an objection to payment of compensation or reimbursement of expenses shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

(f) Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party-in-interest or the Court with respect to the allowance of applications for compensation and reimbursement of Professionals.

16. The Debtors also requests that all other claimants making a claim or potentially making a claim under Section 503 be required to deliver by the 10th day of each month following the rendition of services for which compensation is sought a monthly Statement to the Reviewing Parties, and that all such Statements be kept in accordance with the timekeeping and billing guidelines established by the Court and the office of the United States Trustee.

17. Nothing contained herein, or any payment made under the proposed procedures herein, is intended or shall be construed as (i) an admission as to the validity of any claim against

the Debtors, (ii) a waiver of the Debtors' or any party-in-interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under Section 365.

## V.
## LEGAL ARGUMENT

The authority for establishing procedures for the interim compensation and reimbursement of the Professionals is found within Section 331, which provides, in relevant part:

> [a] trustee, an examiner, a debtor's attorney, or any Professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331. Further, Section 105(a) provides that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

The underlying purpose of Section 331 is to provide financial relief to court-approved professionals engaged in bankruptcy cases so that the professionals do not have to wait for what may be years before receiving compensation. See In re Knudsen Corp., 84 B.R. 668, 672 (B.A.P. 9th Cir. 1988) (". . . when counsel must wait an extended period for payment, counsel is essentially compelled to finance the reorganization. This result is improper and may discourage qualified practitioners from participating in bankruptcy cases; a result that is clearly contrary to Congressional intent.") (citation omitted); In re Commercial Consortium of Ca., 135 B.R. 120, 123 (Bankr. C.D.Cal. 1991) (finding that the general function of Section 331 was to relieve professionals from the burden of "financing" lengthy bankruptcy proceedings).

Courts in this district have regularly entered orders approving professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis, such as those proposed herein. See In re Lake at Las Vegas Joint Venture, LLC, Case No. 08-17814 (Bankr. D. Nev. 2008); In re USA Commercial Mortgage Company, Case No. 06-

10725 (Bankr. D. Nev. 2006); <u>In re Hawaiian Airlines, Inc.</u>, Case No. 03-00817 (Bankr. D.Nev. 2006); <u>In re Station Casinos, Inc.</u>, Case No. 09-52477 (Bankr. D. Nev. 2009); <u>In re Shengdatech, Inc.</u>, Case No. 11-52649 (Bankr. D. Nev. 2011); <u>In re Zante, Inc., et al.</u>, Case No. 09-50746-GWZ.

While interim compensation orders have become standard practice in large cases, as indicated above, nothing in the Bankruptcy Code prohibits the use of interim compensation procedures in smaller cases or by smaller firms. <u>See</u> <u>In re Truong</u>, 259 B.R. 264, 267 (Bankr. D.N.J. 2001) ("to the extent that the *Knudsen* criteria limits its applicability to large cases where waiting an extended period for payment creates hardship, the test is too restrictive for the broad range of retention terms permitted by Code § 328, which is restricted only by the reasonableness of the retention terms proposed by the applicant"); <u>In re Jefferson Bus. Ctr. Assocs.</u>, 135 B.R. 676 (Bankr. D.Colo. 1992) (noting that although post-petition retainers and the ability to draw against such retainers are granted in large bankruptcy cases, usually to large law firms, smaller law firms should not be treated any differently because "[a] smaller law firm can and often does face the same, or perhaps greater, burdens, costs, inconvenience, and financial strain, as does a larger firm if it is unable to receive a retainer."); <u>see also</u> <u>In re SNTech, Inc.</u>, 14-17914-EPB, ECF No. 159 (Bankr. D. Ariz.); <u>In re Access Insurance Services, Inc.</u>, Case No. 11-52830, ECF No. 213 (Bankr. D. Nev.); <u>In re HMA Sales</u>, 07-12694-LBR, ECF No. 130 (Bankr. D. Nev.); <u>In re Tree Moss Partners, LLC</u>, 06-13758-LBR, ECF No. 242 (Bankr. D. Nev.).

Here, the procedure requested would require interim fee applications to be filed regularly, which ensures that the Court will fulfill its duty to examine Debtors' Professionals' fees, and would allow payment on a monthly basis upon the service of monthly billing statements and an opportunity for objection, which ensures that other parties-in-interest are able to effectively monitor Debtors' Professionals' fees.

## VI.
## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order in substantially the form attached hereto as **Exhibit "1,"** establishing a procedure for payment of interim

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
(725) 777-3000

compensation and reimbursement of expenses of Debtors' Professionals. The Debtors further requests such other and further relief as is just and proper.

DATED this 7th day of July, 2015.

GARMAN TURNER GORDON

By: /s/ Talitha Gray Kozlowski
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
TERESA M. PILATOWICZ, ESQ.
650 White Drive, Suite 100
Las Vegas, Nevada 89119
*[Proposed] Attorneys for Debtors*