GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*[Proposed] Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>TURNBERRY/MGM GRAND TOWERS, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13706-abl<br>Chapter 11<br><br>**JOINTLY ADMINISTERED UNDER CASE NO.: 15-13706-abl** |
| In re :<br>TURNBERRY/MGM GRAND TOWER B, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13708-abl<br>Chapter 11 |
| In re :<br>TURNBERRY/MGM GRAND TOWER C, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13709-abl<br>Chapter 11<br><br>Date:  August 3, 2015<br>Time:  1:30 p.m. |

**APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF GARMAN TURNER GORDON LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Turnberry/MGM Grand Towers, LLC (the "Tower A Debtor"), a Nevada limited liability company, Turnberry/MGM Grand Tower B, LLC (the "Tower B Debtor"), a Nevada limited liability company, and Turnberry/MGM Grand Tower C, LLC (the "Tower C Debtor," and together with the Tower A Debtor and the Tower B Debtor, the "Debtors"), a Nevada limited

liability company, debtors and debtors-in-possession, hereby apply to this Court for entry of an order approving the employment of Garman Turner Gordon LLP ("GTG") as attorneys for the Debtors as debtors-in-possession *nunc pro tunc* to the Petition Date. This application (the "Application") is made and based upon the points and authorities provided herein, the declarations of Dr. Kenneth W. Wiles (the "Wiles Decl.") and Gregory E. Garman, Esq. (the "Garman Decl."), each filed concurrently herewith, as well as the papers and pleadings on file herein, judicial notice of which is respectfully requested, and any argument of counsel entertained by the Court at the time of the hearing of the Application.

# I.
# INTRODUCTION

1. On June 26, 2015 (the "Petition Date"), Debtors filed their respective voluntary petitions for relief under Chapter[1] 11 of the Bankruptcy Code, thereby commencing the above-captioned cases (the "Chapter 11 Cases").

2. On July 2, 2015, the Court approved the joint administration of the Chapter 11 Cases under Case Number 15-13706-abl.

3. Debtors continue to operate their businesses and manage their property as debtors and debtors-in-possession pursuant to Sections 1107(a) and 1108.

4. No request has been made for the appointment of a trustee or examiner and no official committees have been appointed in these Chapter 11 Cases.

5. Pursuant to LR 9014.2, the Debtors consent to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

. . .

. . .

---

[1] Unless otherwise stated, all references to "Sections" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

## II.
## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

7. The statutory basis for the relief sought herein arises from Sections 327, 328, 1107 and 1108 of the Bankruptcy Code, and Bankruptcy Rule 2014.

8. Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## BACKGROUND

9. The Debtors are developers of high-rise condominium towers called "The Signature Towers," which are referred to as "Tower A," "Tower B," and "Tower C," respectively and each tower was built by one of the three Debtors. Each Tower consists of 576 units, comprising a total of 1,728 units in The Signature Towers. See Wiles Decl. ¶ 4.

10. The Signature Towers were sold as condominiums to individual owners who, at all times, have had the right to live in their units or, if they chose, to rent their units. See id. ¶ 5.

11. The Debtors are each Nevada limited liability companies created to develop the three towers. Each Debtor has two members: (1) a member that is affiliated with Turnberry, and (2) a member affiliated with MGM Resorts. Each of the members has a 50% economic interest in the particular Debtor. Specifically, Turnberry Harmon Ave. LLC and MGM Grand Condominiums, LLC are the members of the Tower A Debtor; Turnberry Harmon Ave. B LLC and MGM Grand Condominiums II, LLC are the members of the Tower B Debtor; and Turnberry Harmon Ave. C LLC and MGM Grand Condominiums III, LLC are the members of the Tower C Debtor. Dr. Kenneth W. Wiles, through his wholly-owned company, Andare Corp, serves as the manager for each of the Debtors. See id. ¶ 6.

## IV.
## RELIEF REQUESTED

12. The Debtors seek Court approval pursuant to Section 327(a) to employ and retain GTG *nunc pro tunc* to the Petition Date, as their attorneys in connection with the commencement

GARMAN TURNER GORDON LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

3

and prosecution of their Chapter 11 Cases. Pursuant to Sections 328(a), 330, and 331, the Debtors, as debtors-in-possession, request that the Court approve the retention and compensation of GTG as their attorneys, to perform the legal services that will be necessary during their Chapter 11 Cases in accordance with GTG's normal hourly rates in effect when the services are rendered and normal reimbursement policies. See id. ¶ 7.

## V.
## RETENTION

13. The Debtors have selected GTG as their attorneys because of GTG's attorneys' experience in the field of bankruptcy and business reorganizations under Chapter 11 of the Bankruptcy Code. GTG's attorneys have been actively involved in many of the largest bankruptcy cases filed within and beyond this District during the last several decades. GTG's attorneys have represented debtors, trustees, various committees, and other parties-in-interest in cases of national significance, and they are well qualified to act as attorneys for Debtors. The attorneys employed by GTG are duly admitted to practice before this Court. See Garman Decl. ¶ 3; see also Wiles Decl. ¶ 8.

14. GTG has represented the Debtors in connection with their restructuring efforts since June 2015. The terms of GTG's retention are set forth in the Legal Representation Agreements (collectively, the "Retainer Agreement") attached to the Garman Declaration as **Exhibits "1" – "3."** The Retainer Agreement further provides hourly rates and charges for the second-quarter of 2015, and that such matters are subject to reconsideration on a semi-annual basis. See Garman Decl. ¶ 4.

15. During the course of this representation, GTG has become familiar with the Debtors' business, financial affairs, and capital structure. Accordingly, GTG has developed the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of the Debtors' Chapter 11 Cases. GTG is both well qualified and uniquely able to represent the Debtors in their Chapter 11 Cases in a most efficient and timely manner. See Garman Decl. ¶ 5; Wiles Decl. ¶ 9.

GARMAN TURNER GORDON LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

4

## VI.
## SCOPE OF SERVICES

16. The services of GTG under a general retainer are appropriate and necessary to enable the Debtors to execute their duties as debtors and debtors-in-possession faithfully and to implement the restructuring and reorganization of the Debtors. Subject to further order of this Court, it is proposed that GTG be employed to render the following professional services:

a. prepare on behalf of the Debtors, as debtors-in-possession, all necessary or appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

b. to take all necessary or appropriate actions in connection with a plan or plans of reorganization and related disclosure statement(s) and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

c. take all necessary actions to protect and preserve the estates of the Debtors, including the prosecution of actions on the Debtors' behalves, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates; and

d. perform all other necessary legal services in connection with the prosecution of the Debtors' Chapter 11 Cases.

See id. ¶ 6.

17. It is necessary for the Debtors to employ attorneys under a general retainer to render the foregoing professional services. Subject to this Court's approval of the Application, GTG is willing to serve as the Debtors' general bankruptcy counsel to perform the services described herein. See id. ¶ 7.

18. The Debtors anticipate submitting applications to retain certain other estate professionals. GTG intends to monitor and coordinate carefully the efforts of all estate professionals and delineate clearly their respective duties so as to prevent duplication of effort

GARMAN TURNER GORDON LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

5

whenever possible. Rather than resulting in extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these Chapter 11 Cases. See Garman Decl. ¶ 8.

## VII.
## DISINTERESTEDNESS

19.  To the best of GTG's knowledge, neither GTG, nor any of its partners or associates, have any present or prior connection with the Debtors, or the Debtors' creditors, or other parties-in-interest, except as set forth in detail in the Garman Declaration. The disclosures set forth in the Garman Declaration are provided in an abundance of caution, but do not create a disqualifying conflict. To the best of GTG's knowledge, GTG and its partners and associates do not hold or represent any interest adverse to the Debtors' estates and GTG and its partners and associates are disinterested persons within the meaning of Sections 101(14) and 327 of the Bankruptcy Code, as modified by Section 1107(b). Additionally, GTG does not have any connection with the Office of the United States Trustee or any persons employed in the Office of the United States Trustee. GTG's representation of the Debtors will not be adverse to the Debtors' estates. See id. ¶¶ 10-16.

20.  The Debtors have disclosed to GTG thousands of individuals and entities who constitute their members, creditors, potential creditors, and other parties-in-interest to determine any prior or present representation of any creditors or parties-in-interest. From such initial review, up to and including the preparation of this Application, GTG has continued to review the information provided by the Debtors to determine any previous or present representations of creditors or parties-in-interest or any other discloseable interest. At each stage in the process, GTG has disclosed to the Debtors all such previous or present representations. See id. ¶ 9.

21.  GTG will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, GTG will supplement its disclosure to the Court. See id. ¶ 17.

. . .

# VIII.
# COMPENSATION

22. Since June 2015, the Debtors have paid GTG the sum of $72,521.00 for legal services and costs rendered in connection with their restructuring. GTG is also currently holding in retainer the sum of $2,479.00. See id. ¶ 4.

23. The compensation of GTG's attorneys and paraprofessionals are proposed at varying rates currently ranging from $130.00 per hour to $190.00 per hour for paraprofessionals, ranging from $200.00 per hour to $385.00 per hour for associates, and from $435.00 per hour to $775.00 per hour for partners of GTG, subject to change from time to time as provided for in the Retainer Agreement, and all subject to application and approval by this Court pursuant to Sections 330 and 331. GTG respectfully submits that such rates are reasonable in light of the high quality of the services being provided and the specialized nature of the services being provided. Additionally, GTG's rates are consistent with the market. See id. ¶ 18.

24. GTG will also seek reimbursement of its expenses pursuant to its policies set forth in the Retainer Agreement, which generally involve passing through all properly reimbursable expenses to the client. See id. ¶ 19.

25. The Debtors understand that GTG hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred after the Petition Date. It is further contemplated that GTG will file a motion seeking interim compensation during this case as permitted by Section 331 and Bankruptcy Rule 2016. GTG understands that its compensation is subject to prior Court approval. See id. ¶ 21.

. .

. . .

. . .

GARMAN TURNER GORDON LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

7

# IX.
# CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order in substantially the form attached hereto as **Exhibit "1,"** thereby authorizing the employment of GTG as Debtors' attorneys *nunc pro tunc* to the Petition Date to render the legal services described herein and in the Retainer Agreement, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court, pursuant to the provisions of Sections 330 and 331. The Debtors additionally request such other and further relief as is just and proper.

DATED this 7th day of July, 2015

       TURNBERRY/MGM GRAND TOWERS, LLC, a Nevada limited liability company

       TURNBERRY/MGM GRAND TOWER B, LLC, a Nevada limited liability company

       TURNBERRY/MGM GRAND TOWER C, LLC, a Nevada limited liability company

       By: Andare Corp, a Nevada corporation
       Their: Manager

       By: */s/ Kenneth W. Wiles*
          DR. KENNETH W. WILES
          Its: President

Prepared and Submitted by:

GARMAN TURNER GORDON LLP

By: */s/ Talitha Gray Kozlowski*
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    TERESA M. PILATOWICZ, ESQ.
    650 White Drive, Suite 100
    Las Vegas, Nevada 89119
    *[Proposed] Attorneys for Debtors*