GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail:  ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gtg.legal
TERESA PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*[Proposed] Attorneys for Debtors*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>TURNBERRY/MGM GRAND TOWERS, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13706-abl<br>Chapter 11<br><br>**JOINTLY ADMINISTERED UNDER CASE NO.: 15-13706-abl** |
| In re :<br>TURNBERRY/MGM GRAND TOWER B, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13708-abl<br>Chapter 11 |
| In re :<br>TURNBERRY/MGM GRAND TOWER C, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13709-abl<br>Chapter 11<br><br>Date:  August 3, 2015<br>Time:  1:30 p.m. |

**DECALARATON OF GREGORY E. GARMAN IN SUPPORT OF THE APPLICATION FOR ORDER APPROVING EMPLOYMENT OF GARMAN TURNER GORDON LLP AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Gregory E. Garman, Esq., in accordance with Federal Rule of Bankruptcy Procedure 2014 and 2016, hereby declare as follows:

1. I am over the age of 18 and am mentally competent. I make this declaration in support of the *Application for Order Approving the Employment of Garman Turner Gordon LLP*

*as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date* (the "Application").[1]

2.  I am a partner in the law firm of Garman Turner Gordon LLP ("GTG"). In my capacity as a partner, I am familiar with GTG's daily business, operations, and financial affairs. Except as otherwise indicated, all of the facts set forth in this Declaration are based upon my personal knowledge of GTG's operations and finances, information learned from my review of relevant documents, and information supplied to me by other partners and employees of the firm. If called upon to testify as to the content of this Declaration, I could and would do so.

## QUALIFICATIONS

3.  I am inform that the Debtors have selected GTG as their attorneys because of GTG's attorneys' experience in the field of bankruptcy and cases under the Bankruptcy Code. GTG's attorneys have been actively involved in many of the largest bankruptcy cases filed within and beyond this District during the last several decades. GTG's attorneys have represented debtors, trustees, various committees, and other parties-in-interest in cases of national significance, and is well qualified to act as attorneys for Debtors. The attorneys employed by GTG are duly admitted to practice before this Court.

## SERVICES TO BE RENDERED

4.  The Debtors contacted and retained GTG on June 3, 2015 as set forth in the Legal Representation Agreements attached hereto as **Exhibits "1" – "3"** (collectively, the "Retainer Agreement"). The Retainer Agreement provides hourly rates and charges for the second-quarter of 2015, and that such matters are subject to reconsideration on a semi-annual basis. Since June 2015, the Debtors have paid GTG the sum of $72,521.00 for legal services and costs rendered in connection with their restructuring. GTG is also currently holding in retainer the sum of $2,479.00.

5.  GTG has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of the Debtors' Chapter 11 Cases. GTG is both well-qualified and able to represent the Debtors in their Chapter 11 Cases in a most efficient

---

[1] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Application.

and timely manner.

6.  The services of GTG under a general retainer are appropriate and necessary to enable the Debtors to execute their duties as debtors-in-possession faithfully in the Chapter 11 Cases. Subject to further order of this Court, it is proposed that GTG be employed as counsel to render the following professional services:

a.  prepare on behalf of the Debtors, as debtors-in-possession, all necessary or appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

b.  to take all necessary or appropriate actions in connection with a plan or plans of reorganization and related disclosure statement(s) and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates;

c.  take all necessary actions to protect and preserve the estates of Debtors, including the prosecution of actions on Debtors' behalves, the defense of any actions commenced against Debtors, the negotiation of disputes in which Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates; and

d.  perform all other necessary legal services in connection with the prosecution of the Debtors' Chapter 11 Cases.

7.  It is necessary for the Debtors to employ attorneys under a general retainer to render the foregoing professional services. Subject to this Court's approval of the Application, GTG is willing to serve as the Debtors' general bankruptcy counsel to perform the services described herein.

8.  The Debtors anticipate submitting applications to retain certain other estate professionals. GTG intends to monitor and coordinate carefully the efforts of all estate professionals and delineate clearly their respective duties so as to prevent duplication of effort whenever possible. Rather than resulting in extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these Chapter 11 Cases.

**DISINTERESTEDNESS**

9. The Debtors have disclosed thousands of names to GTG constituting their members, creditors, potential creditors, and other parties-in-interest. From such initial review, up to and including the preparation of this Application, GTG has continued to review the information provided by the Debtors to determine any previous or present representations.

10. To the best of my knowledge, information and belief, neither GTG, nor any other partner or associate thereof has any prior or present connection with the Debtors, or the Debtors' creditors or other parties-in-interest, except as set forth below.

11. GTG is disinterested as required by the Bankruptcy Code; however, in an abundance of caution disclose the following connections.

12. GTG's attorneys and employees have the following connections with the Debtors' members.

   a. While at Gordon Silver, I and certain of GTG's attorneys represented a committee of several hundred million dollars of mechanics lien holders (the "M&M Lienholders") in the bankruptcy case of Fontainebleau Las Vegas Holdings, LLC, Case No. 09-21481-AJC, and its related cases, pending in the United States Bankruptcy Court for the Southern District of Florida. The Fontainebleau representation was adverse to many Turnberry affiliates. GTG no longer represents the M&M Lienholders as that portion of the case has concluded.

   b. While with Gordon Silver, certain of GTG's attorneys represented George Wallace in an action filed against Bellagio, LLC, a subsidiary of MGM Resorts International, in Nevada Eighth Judicial District Court Case No. A-09-604440. Following a jury trial in the case, Wallace obtained a $1,308,500 million verdict against Bellagio. GTG does not represent George Wallace.

   c. While at Gordon Silver, certain of the Firm's attorneys represented Dubai World, a partner of MGM in connection with the CityCenter Project, related to the construction and financing of the City Center Las Vegas project. The dispute

between the two parties was resolved in approximately 2009. GTG does not represent Dubai World.

    d. The John Milton and Elizabeth Ann McManus Living Trust 2004 and John Milton McManus are or were owners of a unit in one of the Debtors. John M. McManus is the secretary, executive vice president, and general counsel for MGM Resorts International. Neither GTG nor its attorneys have ever represented Mr. McManus in his personal capacity.

    e. For approximately five years, Gregory Garman, in his individual capacity, has and continues a private vacation rental from Charles Norton, the spouse of Laura Norton, an assistant general counsel for MGM Resorts International. The lease is a standard arm's length transaction, with fair market rental terms. Such lease does not present a disqualifying conflict of interest in these Chapter 11 Cases.

13. Members of GTG have the following connections with potential creditors of the Debtors:

    a. Certain of GTG's attorneys, while at their former law firm of Gordon Silver, previously represented a Dr. Shaheen Chowdhry, who may or may not be the same or related to Kausar and Bashir Chowdry, in matters unrelated to these Chapter 11 Cases. Members of GTG do no currently represent Kausar and Bashir Chowdhry and the previous representation does not present a disqualifying interest in these Chapter 11 Cases.

    b. Certain of GTG's attorneys, while at their former law firm of Gordon Silver, previously represented Yoel Ina in matters unrelated to these Chapter 11 Cases. Gordon Silver's representation ended in 2013 and GTG does not represent Yoel Ina. As such, the previous representation does not present a disqualifying interest in these Chapter 11 Cases.

    c. Certain of GTG's attorneys, while at their former law firm of Gordon Silver, previously were adverse to Michael J. Mona in matters unrelated to these Chapter 11 Cases. Members of GTG do no currently represent Michael J. Mona and

Rhonda H. Mona and the previous representation does not present a disqualifying interest in these Chapter 11 Cases.

d. Certain of GTG's attorneys, while at their former law firm of Gordon Silver, previously represented Michael Kaplan in matters unrelated to these Chapter 11 Cases. Members of GTG do no currently represent Michael Kaplan and the previous representation does not present a disqualifying interest in these Chapter 11 Cases.

e. Certain of GTG's attorneys, while at their former law firm of Gordon Silver, previously represented Georges Tannoury in matters unrelated to these Chapter 11 Cases. Members of GTG do no currently represent Georges Tannoury and the previous representation does not present a disqualifying interest in these Chapter 11 Cases.

f. Certain of GTG's attorneys, while at their former law firm of Gordon Silver, previously represented Tudor Properties, LLC in matters unrelated to these Chapter 11 Cases. Members of GTG do no currently represent Tudor Properties, LLC and the previous representation does not present a disqualifying interest in these Chapter 11 Cases.

g. Certain of GTG's attorneys, while at their former law firm of Gordon Silver, previously represented entities owned by Scott Gragson in matters unrelated to these Chapter 11 Cases. Members of GTG do no currently represent Scott Gragson and the previous representation does not present a disqualifying interest in these Chapter 11 Cases.

h. GTG currently represents an entity owned to purchase assets by Ken Chupinski in a wholly unrelated matter, and, in the past while with their previous law firm of Gordon Silver, certain of GTG's attorneys have represented entities related to Ken Chupinski. Additionally, Kenneth Chupinski owns Global Auction Marketing Las Vegas Auction, which GTG's attorneys have used in the past to conduct auctions for certain on their cases. GTG' attorneys' current and former

representation of Ken Chupinski does not present a disqualifying interest in these Chapter 11 Cases.

i. Certain of GTG's attorneys currently represent the Eugene P. Heytow Trust for general trust administration, unrelated to this matter. In fact, GTG has confirmed that the Eugene P. Heytow Trust no longer owns property it purchased at The Signature Towers. In connection with representation of the Eugene P. Heytow Trust, GTG's attorneys also work closely with Richard Levy of Jenner & Block LLP, who is believed to be listed on the creditor matrix solely in his capacity as counsel for the Eugene P. Heytow Trust. GTG's current representation of the Eugene P. Heytow Trust in matters unrelated to the Chapter 11 Cases does not present a disqualifying interest in these Chapter 11 Cases.

j. Certain of GTG's attorneys currently represent Jeffrey Burr, Ltd. in a matter unrelated to the Chapter 11 Cases. GTG's current representation of Jeffrey Burr, Ltd. in matters unrelated to the Chapter 11 Cases does not present a disqualifying interest in these Chapter 11 Cases.

k. Certain of GTG's attorneys have represented Nevada State Bank in a bankruptcy matter unrelated to the Chapter 11 Cases against John Carnesale. Both parties are listed as potential creditors in the creditor matrix. Additionally, attorneys at GTG have previously when with Gordon Silver, and continue to, represent Nevada State Bank in a range of transactional and litigation matters. GTG has spoken with representative from Nevada State Bank about their potential claims and have been advised that neither has any knowledge of any present or past relationship between Nevada State Bank and the Debtors or the Signature Towers. Thus, it does not appear that Nevada State Bank holds any claims adverse to the estate, but rather appears on the creditor list as a lienholder. GTG's current and former representation of Nevada State Bank does not present a disqualifying interest in these Chapter 11 Cases. In addition, GTG and some of its individual partners has a banking relationship with Nevada State Bank.

GARMAN TURNER GORDON LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

    l. Attorneys at GTG have previously when with Gordon Silver, represented Bank of Nevada in a range of transactional and litigation matters. GTG believes that Bank of Nevada does not hold any claims adverse to the estate, but rather appears on the creditor list as a lienholder. GTG's current and former representation of Bank of Nevada does not present a disqualifying interest in these Chapter 11 Cases.

    m. Douglas Unger is a personal friend on Gerald M. Gordon, a partner in GTG. Such relationship does not present a disqualifying interest in these Chapter 11 Cases.

    n. Certain of GTG's attorneys, while at their former law firm of Gordon Silver, previously represented Yolanda Smith in a deficiency action. It does not appear, however, that the party listed in the creditor matrix is the same Yolanda Smith as she is listed with a different address in a different state. Nonetheless, in an abundance of caution, GTG discloses the potential connection. Members of GTG do no currently represent Yolanda Smith and the previous representation would not present a disqualifying interest in these Chapter 11 Cases, even if it proves to be the same person.

14. Finally, the Debtors have sought approval to retain Dr. Kenneth Wiles and his wholly owned company, the Andare Corp., as managers for the Debtors and as the Debtors' "responsible person." Certain of GTG's attorneys have previously represented clients that have retained Dr. Wiles and his current and former entities to perform financial advisory and expert services unrelated to this matter in the Bankruptcy Court. This does not present a disqualifying interest in these Chapter 11 Proceedings.

15. To the best of my knowledge, information and belief, subject to the discussion below, GTG and its partners and associates do not hold or represent any interest adverse to the Debtors' estates and GTG and its partners and associates are disinterested persons within the meaning of 11 U.S.C. §§ 101(14) and 327 as modified by 11 U.S.C. § 1107(b). Additionally, GTG does not have any connection with the United States Trustee or any persons employed in the Office of the United States Trustee.

16. None of the employees of GTG has ever served as an officer or director of the

Debtors. GTG is not an equity security holder of the Debtors and GTG has never received compensation for any services normally attributed to an officer or director of the Debtors.

17. GTG will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, GTG will supplement its disclosure to the Court.

## COMPENSATION

18. The compensation of GTG's attorneys and paraprofessionals are proposed at varying rates currently ranging from $130.00 per hour to $190.00 per hour for paraprofessionals, ranging from $200.00 per hour to $385.00 per hour for associates, and from $435.00 per hour to $775.00 per hour for partners of GTG, subject to change from time to time as provided for in the Retainer Agreement, and all subject to application and approval by this Court, pursuant to Sections 330 and 331. My rate is $595 per hour and I will be the partner in direct supervision of this representation. GTG respectfully submits that such rates are reasonable in light of the high quality of the services being provided and the specialized nature of the services being provided. Additionally, GTG's rates are consistent with the market.

19. GTG will also seek reimbursement of its expenses pursuant to its policies set forth in the Retainer Agreement, which generally involve passing through all properly reimbursable expenses to the client.

20. Other than as set forth above, no arrangement is proposed between the Debtors and GTG for compensation to be paid in these Chapter 11 Cases.

21. The Debtors understand that GTG hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred after the Petition Date. It is contemplated that GTG will file a motion seeking interim compensation during this case as permitted by Section 331 and Bankruptcy Rule 2016. GTG understands that its compensation is subject to prior Court

1. approval.

2. I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 7th day of July, 2015.

*/s/ Gregory E. Garman*
GREGORY E. GARMAN