```
 1  GARMAN TURNER GORDON LLP
    GREGORY E. GARMAN, ESQ.
 2  Nevada Bar No. 6654
    E-mail: ggarmn@gtg.legal
 3  TALITHA GRAY KOZLOWSKI, ESQ.
    Nevada Bar No. 9040
 4  E-mail: tgray@gtg.legal
    TERESA PILATOWICZ, ESQ.
 5  Nevada Bar No. 9605
    E-mail: tpilatowicz@gtg.legal
 6  650 White Drive, Suite 100
    Las Vegas, Nevada 89119
 7  Telephone (725) 777-3000
    Facsimile (725) 777-3112
 8  [Proposed] Attorneys for Debtors
```

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>TURNBERRY/MGM GRAND TOWERS, LLC,<br><br>☒ Affects this Debtor. | Case No.: 15-13706-abl<br>Chapter 11<br><br>**JOINTLY ADMINISTERED UNDER CASE NO.: 15-13706-abl** |
| In re :<br><br>TURNBERRY/MGM GRAND TOWER B, LLC,<br><br>☒ Affects this Debtor. | Case No.: 15-13708-abl<br>Chapter 11 |
| In re :<br><br>TURNBERRY/MGM GRAND TOWER C, LLC<br>☒ Affects this Debtor. | Case No.: 15-13709-abl<br>Chapter 11<br><br>Scheduled Hearing:<br>Date: August 31, 2015<br>Time: 9:30 a.m. |

**MOTION FOR ENTRY OF ADMINISTRATIVE PROCEDURES ORDER: (1) ESTABLISHING BAR DATE FOR FILING PROOFS OF CLAIM; (2) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM; AND (3) LIMITING NOTICE OF DOCUMENTS FILED AFTER THE GENERAL BAR DATE TO THOSE PARTIES ASSERTING CLAIMS OR REQUESTING NOTICE**

Turnberry/MGM Grand Towers, LLC (the "Tower A Debtor"), a Nevada limited liability company, Turnberry/MGM Grand Tower B, LLC (the "Tower B Debtor"), a Nevada limited liability company; Turnberry/MGM Grand Tower C, LLC (the "Tower C Debtor," and together with the Tower A Debtor and the Tower B Debtor, the "Debtors"), a Nevada limited liability company, debtors-in-possession, hereby submit their *Motion for Entry of Administrative Procedures Order: (1) Establishing Bar Date for Filing Proofs of Claim; (2) Approving the Form and Manner for Filing Proofs of Claim; and (3) Limiting Notice of Documents Filed After the Bar Date to Those Parties Asserting Claims or Requesting Notice* (the "Motion") in the above-referenced cases.

Through the Motion, the Debtors request that this Court enter an order substantially in the form attached hereto as **Exhibit "1"** (the "Bar Date Order"), thereby (i) establishing certain bar dates (each a "Bar Date," and collectively, the "Bar Dates") as the deadlines for parties asserting certain claims to file proofs of claim; (ii) approving the *Notice of Deadline and Procedures for Filing Proofs of Claim* (the "Bar Date Notice") attached hereto as **Exhibit "A" to Exhibit "1;"** (iii) approving the proof of claim form attached hereto as **Exhibit "B" to Exhibit "1"** (the "Proof of Claim Form"); (iv) approving publication notice of the Bar Date Notice as set forth herein; and (v) limiting notice of filings in the above-referenced cases to the parties set forth herein. This Motion is made and based on the memorandum of points and authorities provided herein, the declaration of Dr. Kenneth W. Wiles (the "Wiles Decl.") filed concurrently herewith, the papers and pleadings on file herein, judicial notice of which is hereby respectfully requested, and the argument of counsel entertained by the Court at the time of the hearing of the Motion.

## I.
## INTRODUCTION

1. On June 26, 2015 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter[1] 11 of the Bankruptcy Code, thereby commencing

---

[1] All references to "Section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure; and all references to a "LR" shall be to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

the above-captioned jointly administered bankruptcy cases (collectively, the "<u>Chapter 11 Cases</u>").

2. The Debtors continue to operate their businesses and manage their financial affairs and properties as debtors and debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner, and no official committees have been appointed or designated.

## II.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The bases for the relief sought herein are Sections 105 and 501 and Rules 2002 and 3003.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Pursuant to LR 9014.2, the Debtors consent to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## III.
## RELIEF REQUESTED

The Debtors seek to establish a streamlined notice and proof of claim process tailored to the unique circumstances of the Chapter 11 Cases. In furtherance of this, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit "1"**, establishing the following Bar Dates:

a. **General Bar Date**: Monday, October 5, 2015, at 5:00 p.m. prevailing Pacific Time (the "<u>General Bar Date</u>").

b. **Governmental Bar Date**: Wednesday, December 23, 2015 at 5:00 p.m. prevailing Pacific Time (the "<u>Governmental Bar Date</u>").

c. **Amended Schedules Bar Date**: To the extent applicable, the later of (i) the General Bar Date and (ii) 30 days from the date on which the Debtors provide notice of an amendment to the Schedules to the affected party (the "<u>Amended

Schedules Bar Date").

d.  **Rejection Bar Date**: The later of (i) the date set forth in an order authorizing the Debtors to reject contracts or leases pursuant to section 365 of the Bankruptcy Code (including any order confirming a plan of reorganization in the Debtors' Chapter 11 Cases), (ii) the General Bar Date, and (iii) 21 days from the date the rejection order is entered or notice of rejection is provided (the "Rejection Bar Date").

2.  Pursuant to this Motion, the Debtors also seek (i) approval of the form and manner of providing notice of the Bar Date; (ii) approval of the form and manner for filing claims against the Debtors; and (iii) authorization for the Debtors, in their sole discretion, to extend the Bar Date for certain holders of claims by stipulation or otherwise when the Debtors determine that such extension is in the best interests of their estates.

3.  Finally, through the Motion, the Debtors seek approval, pursuant to Bankruptcy Rule 2002, to limit service of pleadings after the General Bar Date to the United States Trustee, the Internal Revenue Service, counsel for any official committees established in these Chapter 11 Cases, those parties that have filed a notice of appearance and request for notice in the Chapter 11 Cases, those parties that have filed a proof of claim, and those parties that filed a special request for notice by the General Bar Date (collectively, the "Limited Notice Parties").

## IV.
## FACTUAL BACKGROUND

1.  The Debtors are developers of high-rise condominium towers commonly referred to as The Signature Towers. The Signature Towers consist of three towers referred to as "Tower A," "Tower B," and "Tower C," each containing 576 units, for a total of 1,728 units. See Wiles Decl. ¶ 4.

2.  The Signature Towers' condominium units were sold to individual owners who at all times could and can use their units in any manner they chose, including, but not limited to renting out their units or residing in their units full time. See id. ¶ 5.

3.  The Debtors are each Nevada limited liability companies, created to develop the three Signature Towers. Each Debtor has two members: (1) a member that is affiliated with Turnberry group of entities ("Turnberry"), and (2) a member affiliated with MGM Resorts

International ("MGM"). Each member has a 50% economic interest in the particular Debtor. Specifically, Turnberry/Harmon Ave. LLC and MGM Grand Condominiums, LLC are the members of the Tower A Debtor; Turnberry/Harmon Ave. B LLC and MGM Grand Condominiums II, LLC are the members of the Tower B Debtor; and Turnberry/Harmon Ave. C LLC and MGM Grand Condominiums III, LLC are the members of the Tower C Debtor. Each Debtor was formerly managed by the Turnberry-affiliated member. See id. ¶ 6.

4. Prior to and since the Petition Date, Andare Corp ("Andare"),[2] which is solely owned by Dr. Kenneth W. Wiles,[3] is the independent manager for each of the Debtors. Andare has broad managerial powers and independent control over the Debtors. In fact, neither of Debtors' members has authority to replace Andare as Debtors' manager except upon (i) the death, incapacity, or resignation of Dr. Kenneth W. Wiles from Andare; (ii) Andare's resignation as Debtors' manager; or (iii) for cause based on the gross negligence, willful misconduct, or breach of any obligation of Andare under its Engagement Letter as determined by a final, non-appealable order of a court of competent jurisdiction. See id. ¶ 7.

5. At the time of the initial sale of units within The Signature Towers (approximately 2004-2006), the Las Vegas real estate market was extremely active, with significant increases in real estate prices being realized on an annual (and in many cases, monthly or quarterly) basis. See id. ¶ 8.

6. Shortly after the completion of the third Signature Tower, the "Great Recession" struck, pummeling Las Vegas' economy and devastating its real estate market. The Debtors were among its many victims. See id. ¶ 9.

7. With both the prices of Las Vegas real estate, including condominium units, and hotel occupancy rates plummeting in the drastic economic downturn, a number of individuals and entities that had purchased units in The Signature Tower filed suit seeking to rescind their real estate contracts, alleging the condominium units were sold to them as "securities." Since

---

[2] Andare is a corporate financial advisory, valuation, restructuring, expert witness and consulting firm. The firm engages with senior management teams and Boards of Directors to drive operational improvements and apply new working methods to underperforming or distressed companies.

[3] Mr. Wiles' extensive experience and independence is discussed in detail in his declaration filed at ECF No. 23.

then, litigation has been pursued in Nevada's Eighth Judicial District Court, the Nevada Federal District Court, the Nevada Supreme Court, this Court, the Ninth Circuit Court of Appeals, and the United States Supreme Court. See id. ¶ 10.

8. On July 7, 2015, the Court entered an *Order Granting Joint Administration in each of the Chapter 11 Cases*, thereby authorizing each Chapter 11 Case to be administered under Case No. 15-13706-abl. See ECF No. 29; Case No. 15-13708-abl, ECF No. 19; Case No. 15-13709-abl, ECF No. 19.

9. On July 7, 2015, the Court entered an interim order authorizing and approving the retention of Prime Clerk, LLC ("Prime Clerk") as the claims and noticing agent, among other things, for the Debtors. See ECF No. 46.

10. The Debtors filed their schedules and statements of financial affairs (collectively, the "Schedules") with the Court on July 24, 2015. See ECF Nos. 77, 79, and 80.

## V.
## LEGAL ARGUMENT AND ANALYSIS

A. **This Court Should Establish the Requested Bar Dates for Filing Proofs of Claim and Approve the Proposed Notice Procedures.**

It is well-recognized that a claims bar date plays an essential role in achieving the twin goals of bankruptcy – preserving a debtor's going concern value and maximizing property available to satisfy creditors of the estate. See Bank of Am. Nat'l Trust and Sav. Assoc. v. 203 N. LaSalle St. P'ship, 526 U.S. 434, 453 (1999). Consistent therewith, Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which claimants must file proofs of claim in a Chapter 11 case. Moreover, Bankruptcy Rule 3003(c)(2) requires that any claimant who asserts a claim ("Claim") against a debtor that arose prior to the petition date and (i) is not scheduled in a debtor's Schedules or (ii) is listed in the Schedules as disputed, contingent, or unliquidated must file a proof of claim in that debtor's Chapter 11 case by a bar date fixed by the Court. The procedures described herein will provide holders of claims with not only ample notice and opportunity to file proofs of claim, but also a clear process for filing their proofs of claim, all while achieving administrative and judicial efficiency.

### *1. The Court Should Establish the Proposed Bar Dates Herein as the Bar Dates to File Proofs of Claim.*

By this Motion, the Debtors respectfully request the entry of an order fixing the Bar Dates and approving the form of Bar Date Notice and related procedures. The Debtors have identified over 3,800 potential holders of claims in these Chapter 11 Cases, and there may be additional potential creditors filing Claims in these Chapter 11 Cases. The Debtors believe that clearly established procedures for the filing of proofs of claim against the Debtors will limit confusion on the part of holders of asserted claims and result in an efficient claims reconciliation and resolution process. In order to establish and administer this process, the Debtors must identify the nature and extent of the Claims asserted against them and therefore, the proposed Bar Dates are necessary in these Chapter 11 Cases. See Wiles Decl. ¶ 11. The Debtors propose that (i) October 5, 2015, which is more than ninety days after the Petition Date and more than thirty days after the hearing on the Motion, is an appropriate date for the General Bar Date, and (ii) December 23, 2015, one hundred and eighty days after the Petition Date, is an appropriate date for the Governmental Bar Dates, as such dates provide sufficient notice for all parties to complete and submit their Proof of Claim Form(s). Likewise, the Amended Schedules Bar Date and Rejection Bar Date, which are each set no earlier than the General Bar Date and triggered by certain events with no less than twenty-one days' notice of the applicable Bar Date, provide sufficient notice for parties that may not receive notice until later in these proceedings.

Consistent with the proposed Bar Dates, the Debtors propose the following procedures for filing proofs of claim:

    a) Unless otherwise provided herein, the General Bar Date shall be October 5, 2015, at 5:00 p.m. prevailing Pacific Time, and any person or entity (other than governmental units) holding Claims that arose (or deemed to have arisen) before the Petition Date that has not filed a proof of claim, including all priority claims, by this General Bar Date shall be forever barred from asserting his/her/its Claims against the Debtors or in these Chapter 11 Cases.

    b) The Governmental Bar Date shall be December 23, 2015, at 5:00 p.m. prevailing Pacific Time, and any governmental unit holding Claims that arose (or deemed to have arisen) before the Petition Date that has not filed a proof of claim, including all priority and secured claims, including claims for unpaid taxes, by this Governmental Bar Date shall be forever barred from asserting its Claims against the Debtors or in these

Chapter 11 Cases.

c) The Amended Schedules Bar Date for the holders of Claims affected thereby shall be the later of (i) the Bar Date or (ii) 30 days following the date of notice of the amended schedules, and any person or entity holding Claims that are first listed on amended Schedules that has not filed a proof of claim, including all priority claims, by this Amended Scheduled Bar Date shall be forever barred from asserting his/her/its Claims against the Debtors or in these Chapter 11 Cases.

d) The Rejection Bar Date for a person or entity that asserts a Claim that arises from the rejection of an executory contract or unexpired lease shall be (i) the General Bar Date or (ii) 5:00 p.m. prevailing Pacific Time on the date that is twenty-one days following the effective date of such rejection (unless the order authorizing such rejection provides otherwise), and any person or entity holding Claims arising from the rejection of an executory contract or unexpired lease that has not filed a proof of claim, including all priority claims, by this Rejection Bar Date shall be forever barred from asserting his/her/its Claims against the Debtors or in these Chapter 11 Cases.

e) Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a Claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages Claim) must file a proof of claim for such amounts on or before the General Bar Date unless such party otherwise need not file a proof of claim pursuant to the exceptions set forth in the Bar Date Order.

f) A proof of claim shall be deemed timely filed only if it is duly filed and received by Prime Clerk by the applicable Bar Date.

The following persons or entities are not required to file a proof of claim on or before the applicable Bar Date, solely with respect to the Claims described below:

a) any person or entity whose Claim is listed on the Schedules, but only if (i) the Claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," and (ii) the person or entity does not dispute the amount, nature, and priority of the Claim as set forth in the Schedules;

b) any person or entity whose Claim has been paid in full;

c) any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; provided, however, that if any such holder asserts a Claim (as opposed to an ownership interest) against the Debtors (including a Claim relating to an equity interest or the purchase or sale of such equity interest), a proof of claim must be filed on or before the Bar Date;

d) any holder of a Claim allowable under Sections 503(b) and 507(a)(2) as an administrative expense (other than a holder of a Claim arising under Section 503(b)(9));

e) any person or entity that holds a Claim that has been allowed by order of the Court entered on or before the applicable Bar Date;

f) any holder of a Claim for which a separate deadline has been fixed by this Court; and

g) any person or entity who already has filed a proof of claim against the Debtors.

Each of the Bar Dates will apply to Claims against the Debtors arising prior to the Petition Date. The Bar Dates will provide creditors and parties in interest with ample time to file proofs of claim. Indeed, the Bar Date Notice informs parties (i) of the applicable Bar Date, (ii) who must file a proof of claim, (iii) the procedure for filing a proof of claim, (iv) of the consequences for failing to timely file a proof of claim, and (v) where parties can find additional information.

The proposed Bar Date and notice procedures are reasonably calculated to provide due and proper notice to the parties in interest. Bankruptcy Rule 2002(a)(7) requires that a debtor provide holders of claims at least 21 days' notice by mail of a bar date established pursuant to Bankruptcy Rule 3003(c). Under the proposed Bar Date Notice, the Debtors will provide at least 30 days' notice of the Bar Dates.[4] The Debtors submit that the proposed Bar Dates and notice procedures provide sufficient time for all parties in interest to assert their Claims. The Debtors further submit that no further or other notice of the Bar Dates is necessary and that the proposed notice procedures provide due and proper notice of the Bar Dates.

2.   *Procedure for Providing Notice of the Bar Dates.*

With the assistance of its claims and noticing agent, Prime Clerk, the Debtors propose to serve all known persons or entities holding potential claims with written notice of the Bar Dates through the Bar Date Notice substantially in the form attached hereto as **Exhibit "A" to Exhibit "1,"** and incorporated by reference herein. Among other things, the Bar Date Notice will (i) identify the Bar Dates, (ii) provide all holders of claims with the information necessary to allow them to make an informed decision as to whether to file a proof of claim, and (iii) describe the

---

[4] It is anticipated that, if the Bar Date Notice and Proof of Claim Form are approved at the August 31, 2015 hearing, the Debtors will mail the Bar Date Notice no later than September 4, 2015, thus providing thirty-one days' notice.

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
(725) 777-3000

9

procedures for filing a timely proof of claim and the consequences of failing to do so. On or before two business days after the date the Court enters the Bar Date Order, the Debtors will serve the Bar Date Notice by first class United States mail, postage prepaid, on:

    a)     The United States Trustee for the District of Nevada;

    b)     Counsel to any official committee of unsecured creditors, if appointed;

    c)     The Internal Revenue Service;

    d)     All persons or entities that have requested notice of the proceedings in these Chapter 11 Cases;

    e)     All persons or entities that have filed proofs of claim against the Debtors; if any;

    f)     All creditors or other known holders of claims against the Debtors as of the date of the Bar Date Order, including all person or entities listed in the Schedules as asserting claims against the Debtors;

    g)     All parties to executory contracts and unexpired leases listed on the Schedules;

    h)     All known parties to litigation with the Debtors;

    i)     All parties listed on the Debtors' combined creditor matrix, but not otherwise listed herein;

Further, in the interest of ensuring all potential holders of claims receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to all known holders of claims, the Debtors propose to provide notice of the Bar Dates by publication. Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement notice. Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication. Although the Debtors believe that mail notice is practical and will be complete, in an abundance of caution and in order to supplement the mail notice, the Debtors will also publish the Bar Date Notice. In accordance with Bankruptcy Rule 2002(a)(7), the Debtors propose to publish the Bar Date Notice (modified as necessary for publication) (the "Publication Notice") in the Las Vegas Review Journal and the Wall Street Journal on one day that is at least twenty-eight days before the General Bar Date. The Publication Notice will include the website address at which holders of claims may obtain a copy of the Proof of Claim

Form and information concerning the procedures and appropriate deadline for filing a proof of claim.

### B. This Court Should Approve the Attached Proof of Claim Form To Streamline the Proof of Claim Reconciliation Process and Set the Procedures for Filing Proofs of Claim.

As set forth herein, the Debtors have identified over 3,800 potential creditors that may assert Claims against the Debtors. The Debtors believe that the majority of Claims likely to be filed against the estates are Claims from the approximately 550 plaintiffs named in various pre-petition litigation and arbitration actions against the Tower A Debtor. See Wiles Decl. ¶ 12. In order to streamline the claims process, and in order to accurately characterize and classify the Claims against the estates, the Debtors have prepared, and request that the Court approve, the Proof of Claim Form as the form for filing proofs of claim in these Chapter 11 Cases. See id. The Proof of Claim Form, a copy of which is attached hereto as **Exhibit "B" to Exhibit "1,"** is based on Official Form 10, as modified to address the specifics of these three Debtors and the anticipated Claims asserted against them.

As the Proof of Claim Form follows Official Form B10, all information required by Official Form B10 is included. However, the Proof of Claim Form requests additional information for claims based on units in The Signature Towers. This information will assist the Debtors in identifying the class in which the claimant should be placed, as well as clarify the basis for the asserted Claim. Furthermore, the Proof of Claim Form advises such claimants not to file any documents otherwise filed in the underlying litigation or arbitration proceedings, except for those documents specific to a claimant in order to avoid over-burdening the Clerk of this Court and Prime Clark with excessive and duplicative documents. For example, one pending arbitration, involving hundreds of claimants, includes a 177-page *Fourth Amended Complaint*. Absent an instruction not to file such documentation, both Prime Clerk and the Clerk of this Court could be potentially overwhelmed by duplicate filings potentially totaling over 100,000 pages for just the *Fourth Amended Complaint.* Indeed, absent the relief requested herein, it is conceivable that every claimant filing a Claim could attach the entire docket of any

of the pre-petition litigation and arbitration proceeding, some pending for almost seven years, inundating both Prime Clerk and the Clerk of this Court with unnecessary and duplicative documentation.

The Proof of Claim Form provides that all information normally requested by Official Form B10, with some additional inquiries in order to clearly ascertain the type and classification of the Claim being asserted and limit the likelihood that information already publicly available to the Debtors will be provided in mass duplication. Thus, the creditors of the Debtors' estates are not prejudiced by the proposed Proof of Claim Form but rather, are likely to benefit from a more efficient and timely review of their filed Claims.

With respect to preparing and filing proofs of claim (including any proof of claim submitted on a Proof of Claim Form), the Debtors propose that the submission of the Proof of Claim Form be required to be consistent with the following:

a) Proofs of claim must (i) conform to the approved Proof of Claim Form, which Proof of Claim Form shall be distributed with the Bar Date Notice, (ii) be written in the English language, (iii) be denominated in lawful currency of the United States as of the Petition Date, (iv) set forth, with specificity, the legal and factual basis for the alleged Claim (as defined in Section 101(5)), (v) except as set forth in the Proof of Claim Form, include supporting documentation for the Claim or an explanation as to why such documentation is not available, (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant, and (vii) be filed in accordance with the instructions provided by the Bankruptcy Court and available on the website for the Chapter 11 Cases, https://cases.primeclerk.com/turnberry/.

b) Each Proof of Claim Form, including supporting documentation, must be filed by United States Mail or other hand delivery system, so as to be actually received by Prime Clerk on or before the applicable Bar Date at the following address:

Turnberry/MGM Grand Towers, LLC Claims Processing
c/o Prime Clerk LLC
830 3rd Ave, 9th Floor
New York, NY 10022

Only original Proof of Claim Forms submitted to Prime Clerk will be deemed acceptable for purpose of claims administration. Copies of Proof of Claim Forms sent by facsimile or electronic mail will not be accepted.

c) Except as otherwise required by the Bar Date Order, each Proof of Claim Form must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.

Finally, pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that in the event the holder of a Claim who is required to file a proof of such Claim in the Chapter 11 Cases fails to do so on or before the applicable Bar Date (i) the holder of that Claim shall be forever barred, estopped, and enjoined from asserting the Claim against the Debtors in the Chapter 11 Cases (or filing a proof of claim with respect thereto), (ii) the holder of that Claim shall be forever barred, estopped, and enjoined from asserting that such person or entity has any Claim that (a) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (b) is of a different nature or classification, and (c) the holder of that Claim shall not be permitted to vote to accept or reject any Chapter 11 plan or participate in any distribution in the Chapter 11 Cases on account of such Claim or to receive further notices regarding such Claim.

C. **This Court Should Enter an Order Limiting Notice to Those Parties Indicating an Interest to Participate By Appearing, Filing a Proof of Claim, or Filing a Request for Notice.**

Section 102(1) states that, where the Bankruptcy Code provides for an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing is appropriate in the particular circumstances." Section 105(a) authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]." Walls v. Wells Fargo Bank N.A. 276 F.3d 502, 506 (9th Cir. 2002). In addition to the Court's general equitable powers under Section 105(a), the Court, "unless inconsistent with another provision of this title or with the applicable [Bankruptcy Rules], may issue an order . . . prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically." 11 U.S.C. § 105(d)(2). Furthermore, Bankruptcy Rule 2002(m) provides:

> The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules.

. . .

. . .

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
(725) 777-3000

13

The number of potential creditors listed on the creditor matrix in these Chapter 11 Cases, the majority of which are not believed to hold any claims against the Debtors' estates, exceeds 3,800 parties. Thus, absent an order limiting notice, the Debtors would be required to spend thousands of dollars each time they seek to file a notice or pleading, making it extremely burdensome to take any actions in the Chapter 11 Cases. Likewise, parties listed as potential creditors, but who have decided not to participate in these cases, will be inundated with filings that they do not want to receive. The administrative burden to both the Debtors and the Clerk of the Court, who is likely to receive the vast majority of requests to stop receiving notice, is overwhelming, notwithstanding the fact that the Debtors do not believe that even a fraction of the more than 3,800 parties listed in the creditor matrix hold any claims against the Debtors. In order to alleviate the burden on the Debtors in incurring these unnecessary extra expenses, the Debtors request an order limiting notice to those parties demonstrating an interest in participating in the Chapter 11 Cases.

Accordingly, the Debtors propose that only the following parties be served with notice of filings in these Chapter 11 Cases following the General Bar Date[5] (i) the Office of the United States Trustee for the District of Nevada, (ii) counsel to any statutory committee of unsecured creditors appointed in the Chapter 11 Cases, if any, (iii) the Internal Revenue Service; (iv) the Debtors' combined thirty largest unsecured creditors, (v) parties that have appeared in the Chapter 11 Cases, (vi) parties that have filed a proof of claim, and (vii) parties that have filed a request with the Court pursuant to Bankruptcy Rule 2002 (a "Rule 2002 Notice").

To be clear, the Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any creditor appearing on the Creditor Matrix who is required, but fails to file a proof of claim in these Chapter 11 Cases by the applicable Bar Date, appear in the Chapter 11 Cases, or otherwise file a Rule 2002 Notice (such creditors, the "Excluded Creditors") shall not be entitled to further notice after the applicable Bar Date, and the Debtors shall not be required to provide any further

---

[5] For governmental entities, notices shall be provided unless and until the governmental entity fails to file a proof of claim by the Governmental Bar Date or otherwise appears in the Chapter 11 Cases.

notice to any such creditor, with respect to such claim or otherwise in these Chapter 11 Cases after the applicable Bar Date established by the Court has passed.

No party will be adversely affected by the request to limit notice, as this request falls within the Court's authority to regulate notices and will mitigate the administrative and economic burdens that would otherwise be imposed upon the Court, the Clerk of this Court's office, and the Debtors' estates, without diminishing the opportunity for creditors and parties in interest to receive notice if they so desire.

The Debtors propose that, except as set forth herein or otherwise provided by order of the Court, these procedures limiting notice shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

a)  Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to Section 341 – which notice has already been provided);

b)  Bankruptcy Rule 2002(a)(2) (any proposed use, sale or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale or lease concerns all or substantially all of the Debtors' assets);

c)  Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

d)  Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

e)  Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

f)  Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

g)  Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

h)  Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

i)  Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

j)  Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

k) Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

l) Bankruptcy Rule 2002(f) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

m) Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

n) Bankruptcy Rule 2002(f) (summary of the trustee's final report and account should a case be converted to Chapter 7).

## D. Reservation of Rights.

For the avoidance of doubt, the Debtors reserve all rights and defenses with respect to any proof of claim, including, among other things, the right to object to any proof of claim on any grounds. The Debtors also reserve all rights and defenses to any Claim listed on the Schedules, including, among other things, the right to dispute any such Claim and assert any offsets or defenses thereto. To the extent the Debtors dispute any Claim listed on its Schedules and such Claim is not already listed as disputed, contingent, or unliquidated, the Debtors shall amend its Schedules as appropriate. Finally, the Debtors reserve the right to seek further orders of this Court (i) to extend the applicable Bar Date for certain holders of claims by stipulation or otherwise when the Debtors determine such extension is in the best interests of their estates, and (ii) fixing a deadline by which holders of Claims not subject to the Bar Dates must file proofs of claim against the Debtors or be forever barred from doing so.

## V.
## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court the Bar Date Order attached hereto as **Exhibit "1,"** thereby (i) setting the Bar Dates, (ii) approving the Bar Date Notice attached hereto as **Exhibit "A" to Exhibit "1,"** (iii) approving the Proof of Claim Form attached hereto as **Exhibit "B" to Exhibit "1,"** (iv) approving notice by publication as set forth

. . .

. . .

. . .

. . .

herein, (v) limiting notice, and (vi) granting the Debtors such other and further relief as is just and proper.

DATED this 30th day of July, 2015.

GARMAN TURNER GORDON

By: /s/ Talitha Gray Kozlowski
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
TERESA PILATOWICZ, ESQ.
650 White Drive, Suite 100
Las Vegas, Nevada 89119
*[Proposed] Attorneys for Debtors*