GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*[Proposed] Attorneys for Debtors*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>TURNBERRY/MGM GRAND TOWERS, LLC,<br><br>☒ Affects this Debtor. | Case No.: 15-13706-abl<br>Chapter 11<br><br><br>**JOINTLY ADMINISTERED UNDER CASE NO.: 15-13706-abl** |
| In re :<br><br>TURNBERRY/MGM GRAND TOWER B, LLC,<br><br>☒ Affects this Debtor. | Case No.: 15-13708-abl<br>Chapter 11 |
| In re :<br><br>TURNBERRY/MGM GRAND TOWER C, LLC<br>☒ Affects this Debtor. | Case No.: 15-13709-abl<br>Chapter 11<br><br><br>Scheduled Hearing:<br>Date: August 31, 2015<br>Time: 9:30 a.m. |

**DECLARATION OF DR. KENNETH W. WILES IN SUPPORT OF THE MOTION FOR ENTRY OF ADMINISTRATIVE PROCEDURES ORDER: (1) ESTABLISHING BAR DATE FOR FILING PROOFS OF CLAIM; (2) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM; AND (3) LIMITING NOTICE OF DOCUMENTS FILED AFTER THE GENERAL BAR DATE TO THOSE PARTIES ASSERTING CLAIMS OR REQUESTING NOTICE**

I, Dr. Kenneth W. Wiles, hereby declare as follows:

1.      I, through my wholly owned entity Andare Corp, am the manager of Turnberry/MGM Grand Towers, LLC (the "Tower A Debtor"), a Nevada limited liability company, Turnberry/MGM Grand Tower B, LLC (the "Tower B Debtor"), a Nevada limited liability company, and Turnberry/MGM Grand Tower C, LLC (the "Tower C Debtor," and together with the Tower A Debtor and the Tower B Debtor, the "Debtors"), a Nevada limited liability company, debtors-in-possession.

2.      Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, and information supplied to me by other members of the Debtors' management and the Debtors' various business and legal advisors.

3.      I make this declaration in support of the *Motion for Entry of Administrative Procedures Order: (1) Establishing Bar Date for Filing Proofs of Claim; (2) Approving the Form and Manner for Filing Proofs of Claim; and (3) Limiting Notice of Documents Filed After the Bar Date to Those Parties Asserting Claims or Requesting Notice* (the "Motion").[1]  If called upon to testify as to the content of this Declaration, I could and would do so.

4.      The Debtors are developers of high-rise condominium towers commonly referred to as The Signature Towers.  The Signature Towers consist of three towers referred to as "Tower A," "Tower B," and "Tower C," each containing 576 units, for a total of 1,728 units.

5.      The Signature Towers' condominium units were sold to individual owners who at all times could and can use their units in any manner they chose, including, but not limited to renting out their units or residing in their units full time.

6.      The Debtors are each Nevada limited liability companies, created to develop the three Signature Towers.  Each Debtor has two members: (1) a member that is affiliated with Turnberry group of entities ("Turnberry"), and (2) a member affiliated with MGM Resorts International ("MGM").  Each member has a 50% economic interest in the particular Debtor.

---

[1] All capitalized terms not defined herein are as defined in the Motion.

GARMAN TURNER GORDON LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

Specifically, Turnberry/Harmon Ave. LLC and MGM Grand Condominiums, LLC are the members of the Tower A Debtor; Turnberry/Harmon Ave. B LLC and MGM Grand Condominiums II, LLC are the members of the Tower B Debtor; and Turnberry/Harmon Ave. C LLC and MGM Grand Condominiums III, LLC are the members of the Tower C Debtor.  Each Debtor was formerly managed by the Turnberry-affiliated member.

7.      Prior to and since the Petition Date, Andare Corp ("Andare"),[2] which is my solely owned company,[3] is and has been the independent manager for each of the Debtors.  Andare has broad managerial powers and independent control over the Debtors.  In fact, neither of Debtors' members has authority to replace Andare as Debtors' manager except upon (i) my death, incapacity, or resignation from Andare; (ii) Andare's resignation as Debtors' manager; or (iii) for cause based on the gross negligence, willful misconduct, or breach of any obligation of Andare under its Engagement Letter as determined by a final, non-appealable order of a court of competent jurisdiction.

8.      At the time of the initial sale of units within The Signature Towers (approximately 2004-2006), the Las Vegas real estate market was extremely active, with significant increases in real estate prices being realized on an annual (and in many cases, monthly or quarterly) basis.

9.      Shortly after the completion of the third Signature Tower, the "Great Recession" struck, pummeling Las Vegas' economy and devastating its real estate market.  The Debtors were among its many victims.

10.      With both the prices of Las Vegas real estate, including condominium units in particular, and hotel occupancy rates plummeting in the drastic economic downturn, a number of individuals and entities who had purchased unites in The Signature Towers filed suit seeking to rescind their real estate contracts, alleging the condominium units were sold to them as "securities."  Since then, litigation has been pursued in Nevada's Eighth Judicial District Court,

---

[2] Andare is a corporate financial advisory, valuation, restructuring, expert witness and consulting firm.  The firm engages with senior management teams and Boards of Directors to drive operational improvements and apply new working methods to underperforming or distressed companies.

[3] My extensive experience and independence is discussed in detail in my declaration filed at ECF No. 23.

the Nevada Federal District Court, the Nevada Supreme Court, this Court, the Ninth Circuit Court of Appeals, and the United States Supreme Court.

11.    The Debtors have identified over 3,800 potential holders of claims in these Chapter 11 Cases, and there may be additional potential creditors filing Claims in these Chapter 11 Cases. The Debtors believe that clearly established procedures for the filing of proofs of claim against the Debtors will limit confusion on the part of holders of asserted claims and result in an efficient claims reconciliation and resolution process. In order to establish and administer this process, the Debtors must identify the nature and extent of the Claims asserted against them and therefore, the Debtors submit that the proposed Bar Dates are necessary in these Chapter 11 Cases.

12.    The Debtors believe that the majority of Claims likely to be filed against the estates are Claims from the approximately 550 plaintiffs named in various pre-petition litigation and arbitration actions against the Tower A Debtor. In order to streamline the claims process, and to accurately characterize and classify the Claims against the estates, the Debtors have prepared, and request that the Court approve, the Proof of Claim Form as the form for filing proofs of claim in these Chapter 11 Cases.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 29th day of July, 2015.

DR. KENNETH W. WILES