GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gtg.legal
MARK M. WEISENMILLER, ESQ.
Nevada Bar No. 12128
E-mail: mweisenmiller@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*[Proposed] Attorneys for Debtors*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>TURNBERRY/MGM GRAND TOWERS, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13706-abl<br>Chapter 11<br><br>**JOINTLY ADMINISTERED UNDER CASE NO.: 15-13706-abl** |
| In re :<br>TURNBERRY/MGM GRAND TOWER B, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13708-abl<br>Chapter 11 |
| In re :<br>TURNBERRY/MGM GRAND TOWER C, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13709-abl<br>Chapter 11<br><br>Date: August 31, 2015<br>Time: 9:30 a.m. |

**APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF
MORRIS LAW GROUP AS SPECIAL LITIGATION COUNSEL
FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE
PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a)**

Turnberry/MGM Grand Towers, LLC (the "Tower A Debtor"), a Nevada limited liability company, Turnberry/MGM Grand Tower B, LLC (the "Tower B Debtor"), a Nevada limited liability company, and Turnberry/MGM Grand Tower C, LLC (the "Tower C Debtor," and together with the Tower A Debtor and the Tower B Debtor, the "Debtors"), a Nevada limited

liability company, debtors and debtors-in-possession, hereby apply to this Court for entry of an order substantially in the form attached hereto as **Exhibit "1,"** approving the employment of the Morris Law Group ("MLG") as special litigation counsel for the Debtors *nunc pro tunc* to the Petition Date, pursuant to Sections[1] 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a). The Debtors also request that any order granting the *Motion for Administrative Order Establishing Procedures for Interim Compensation of Estate Professionals* (the "Interim Compensation Motion") [ECF No. 36] include MLG in the definition of Professionals to whom the interim compensation procedures apply.

This application (the "Application") is made and based upon the memorandum of points and authorities provided herein, the declarations of Kenneth W. Wiles (the "Wiles Decl.") and Steve Morris, Esq. (the "Morris Decl.") filed concurrently herewith, as well as the papers and pleadings on file herein, judicial notice of which is respectfully requested, and any argument of counsel entertained by the Court at the time of the hearing of the Application.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

1. On June 26, 2015 (the "Petition Date"), Debtors filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned cases (the "Chapter 11 Cases"). See ECF No. 1.

2. On July 6, 2015, the Court approved the joint administration of the Chapter 11 Cases under Case Number 15-13706-abl. See ECF No. 29.

3. Debtors continue to operate their businesses and manage their property as debtors and debtors-in-possession pursuant to Sections 1107(a) and 1108.

4. No request has been made for the appointment of a trustee or examiner and no official committees have been appointed in these Chapter 11 Cases.

---

[1] Unless otherwise stated, all references to "Sections" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

5. Pursuant to LR 9014.2, the Debtors consent to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## II.
## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

7. The statutory basis for the relief sought herein arises from Sections 327, 328, 1107 and 1108 of the Bankruptcy Code, and Bankruptcy Rule 2014.

8. Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## BACKGROUND

9. The Debtors are developers of high-rise condominium towers commonly referred to as The Signature Towers. The Signature Towers consist of three towers referred to as "Tower A," "Tower B," and "Tower C," each containing 576 units, for a total of 1,728 units. See Wiles Decl. ¶ 4.

10. The Signature Towers' condominium units were sold to individual owners who at all times could and can use their units in any manner they chose, including, but not limited to renting out their units or residing in their units full time. See id. ¶ 5

11. The Debtors are each Nevada limited liability companies, created to develop the three Signature Towers. Each Debtor has two members: (1) a member that is affiliated with a Turnberry group of entities ("Turnberry"); and (2) a member affiliated with MGM Resorts International ("MGM"). Each member has a 50% economic interest in the particular Debtor. Specifically, Turnberry/Harmon Ave. LLC and MGM Grand Condominiums, LLC are the members of the Tower A Debtor; Turnberry/Harmon Ave. B LLC and MGM Grand Condominiums II, LLC are the members of the Tower B Debtor; and Turnberry/Harmon Ave. C

GARMAN TURNER GORDON LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

LLC and MGM Grand Condominiums III, LLC are the members of the Tower C Debtor. Each Debtor was formerly managed by the Turnberry-affiliated member. See id. ¶ 6.

12. Prior to and since the Petition Date, Andare Corp ("Andare"),[2] which is solely owned by Dr. Kenneth W. Wiles,[3] is and has been the independent manager for each of the Debtors. Andare has broad managerial powers and independent control over the Debtors. In fact, neither of Debtors' members has the authority to replace Andare as Debtors' manager except upon (i) the death, incapacity, or resignation of Dr. Kenneth W. Wiles from Andare; (ii) Andare's resignation as Debtors' manager; or (iii) for cause based on the gross negligence, willful misconduct, or breach of any obligation of Andare under its Engagement Letter as determined by a final, non-appealable order of a court of competent jurisdiction. See id. ¶ 7.

13. At the time of the initial sale of units within The Signature Towers (approximately 2004-2006), the Las Vegas real estate market was extremely active, with significant increases in real estate prices being realized on an annual (and in many cases, monthly or quarterly) basis. See id. ¶ 8.

14. Shortly after the completion of the third Signature Tower, the "Great Recession" struck, pummeling Las Vegas' economy and devastating its real estate market. The Debtors were among its many victims. See id. ¶ 9.

15. With prices of Las Vegas real estate, including condominium units and hotel occupancy rates plummeting in the drastic economic downturn, a number of individuals and entities who had purchased units in The Signature Towers filed suit seeking to rescind their real estate contracts, alleging the condominium units were sold to them as "securities." See id. ¶ 10.

16. Since then, litigation has been pursued in Nevada's Eighth Judicial District Court, the Nevada Federal District Court, the Nevada Supreme Court, this Court, the Ninth Circuit Court of Appeals, and the United States Supreme Court. See id. ¶ 11.

17. As of the Petition Date, MLG represented the Debtors in four of these proceeding:

---

[2] Andare is a corporate financial advisory, valuation, restructuring, expert witness and consulting firm. The firm engages with senior management teams and Boards of Directors to drive operational improvements and apply new working methods to underperforming or distressed companies.

[3] Mr. Wiles' extensive experience and independence is discussed in detail in his declaration filed at ECF No. 23.

GARMAN TURNER GORDON LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

4

(i) *KJH Investor Group, LLC, et al. v. Turnberry/MGM Grand Towers, et al.*, Case No. A547024, filed in 2007 in the Eight Judicial District Court of Clark County, Nevada (the "State Court Action");

(ii) *Sussex, et al. v. Turnberry/MGM Grand Towers, et al.*, Case No. 2:08-cv-00773-MMD-PAL, filed in 2008 in the United States Bankruptcy Court for the District of Nevada (the "District Court Action");

(iii) *KJH et al. v. Turnberry/MGM Grand Towers, LLC, et al.*, AAA Case No. 11 20-900-1963 (the "KJH Arbitration") filed with the American Arbitration Association ("AAA"); and

(iv) *Sussex, et al. v. Turnberry/MGM Grand Towers, LLC, et al.*, AAA Case No. 11 20-1200-0264 (the "Sussex Arbitration," and together with the KJH Arbitration, the "Arbitrations") filed with the AAA.

See Wiles Decl. ¶ 12; Morris Decl. ¶ 3.

18.  Although the State Court Action was filed almost eight years ago in 2007, as of the Petition Date, the State Court Action remained in its infancy. As of the Petition Date, the parties had only engaged in initial dispositive motion practice on legal issues; no discovery having yet been taken and no discovery order had been entered. Although Tower A Debtor was named defendants in the State Court Action, it was defending against claims in the KJH Arbitration. As of the Petition Date, the KJH Arbitration, which encompasses approximately 156 claimants, was only active with respect to the claims of two claimants; none of them have resulted in a hearing or final award and the parties were still in the process of conducting discovery. See Morris Decl. ¶ 4.

19.  The State Court Action was removed to this Court on July 30, 2015.

20.  Similarly, while the District Court Action was filed in 2008, as of the Petition Date, the case was by and large stayed pending arbitration; no dispositive motion practice or discovery was ever conducted in the District Court Action. And with the exception of the dispositive motion practice on legal issues in the Sussex Arbitration, the Sussex Arbitration was

GARMAN TURNER GORDON LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

5

also in its infancy; no discovery had been conducted as of the Petition Date. See Morris Decl. ¶ 5.

21. The Debtors intend to file a *Motion to Refer All Claims and Causes of Action to the Bankruptcy Court* in the District Court Action seeking entry of an order referring the District Court Action to this Court. See Wiles Decl. ¶ 13.

22. There are 550 plaintiffs collectively between the State Court Action and the District Court Action. Additionally, the Debtors have identified over 3,800 potential creditors that may assert claims against the Debtors. See id. ¶ 14.

23. As MLG has represented the Debtors in the State Court Action and the District Court Action since 2007 and 2008, respectively, and in the Arbitrations, MLG has gained significant knowledge regarding the Debtors' background, history, and operations, as well as the gamut of claims that may be asserted against the Debtors through the proof of claim process. MLG is therefore uniquely positioned to serve as special litigation counsel to, among other things, assist the Debtors in determining the appropriate litigation protocols to implement in order to streamline the adjudication of the anticipated numerous claim objections and to litigate the claim objections and related litigation with such claimants (the "Bankruptcy Litigation"). See id. ¶ 15; see also Morris Decl. ¶ 6.

24. For the avoidance of doubt, the term "Bankruptcy Litigation" does not include any claims that may be asserted by or on behalf of the Debtors or their estates against any third-parties, including any claims that may be asserted by or on behalf of the Debtors or their estates against any of the Debtors' members or their affiliates (the "Excluded Representation"). MLG shall be excluded from the Excluded Representation as a result of its former representation of certain of the Debtors' members and their affiliates, which is more fully discussed in the Morris Decl. See Wiles Decl. ¶ 16; Morris Decl. ¶ 7.

## IV.
## RELIEF REQUESTED

25. By this Application, pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtors seek authority to employ and retain MLG, *nunc*

*pro tunc* to the Petition Date, as special litigation counsel to represent the Debtors with respect to the Bankruptcy Litigation. Such employment will be pursuant to the terms and conditions set forth in the *Retainer Agreements* (the "Retainer Agreements") attached to the Morris Declaration as **Exhibit "1,"** with compensation being paid pursuant to Sections 330 and 331 of the Bankruptcy Code. See Wiles Decl. ¶ 17; Morris Decl. ¶ 11.

26. The Debtors also request that any interim compensation procedures included in the Interim Compensation Motion also be extended to MLG. See Wiles Decl. ¶ 18.

## V.
## QUALIFICATIONS

27. The Debtors have selected MLG as their special litigation counsel to represent the Debtors with respect to the Bankruptcy Litigation because of MLG's attorneys' knowledge and history as the Debtors' counsel in the State Court Action since 2007 and the District Court Action since 2008, its role as Debtors' counsel in the Arbitrations, as well as MLG's experience in all areas of commercial contract and tort litigation, including high-rise condominium disputes involving state and federal securities law and fraud claims, real estate and securities-based financing and class and derivative actions involving the issuance, sale, and value of securities under Nevada and federal law. See id. ¶ 19; Morris Decl. ¶ 8.

28. During the course of this representation of Debtors, MLG's attorneys have become familiar with the facts and issues that will likely form the basis for the claims asserted in the proofs of claim resulting in the Bankruptcy Litigation. Accordingly, MLG has developed the necessary background and has the necessary skill and experience to serve as special litigation counsel to the Debtors with respect to the claims asserted against the Debtors in the Bankruptcy Litigation. See Wiles Decl. ¶ 20; Morris Decl. ¶ 9.

29. MLG is both well-qualified and able to represent the Debtors as special litigation counsel in the Bankruptcy Litigation in a most efficient and timely manner. See Wiles Decl. ¶ 21; Morris Decl. ¶ 10.

. . .

## VI.
## SCOPE OF SERVICES

30. Subject to further order of this Court, it is proposed that MLG be employed to render the following professional services to the Debtors:

   a. consult with the Debtors and their restructuring counsel to formulate and implement litigation and claim objection strategies to streamline the claim objection and litigation process with respect to the Bankruptcy Litigation;

   b. prosecute, in conjunction with the Debtors' bankruptcy counsel, the Bankruptcy Litigation, including without limitation, preparing claim objections, adversary complaints, dispositive motions, conducting discovery, and preparing for and conducting hearings and trials; and

   c. perform all other necessary legal services in connection with the prosecution of the Bankruptcy Litigation.

See Morris Decl. ¶ 12; Wiles Decl. ¶ 22.

31. Subject to this Court's approval, MLG is willing to serve as the Debtor's special litigation counsel with respect to the Bankruptcy Litigation. See Morris Decl. ¶ 13.

32. MLG intends to monitor and coordinate carefully the efforts of all estate professionals, expressly including the services of Garman Turner Gordon LLP, and delineate clearly their respective duties so as to prevent duplication of effort whenever possible. Rather than resulting in extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these Chapter 11 Cases. See id. ¶ 14.

## VII.
## NO ADVERSE INTEREST

33. Section 327(e) does not require that special counsel be "disinterested," but rather that special counsel not hold or represent interests adverse to Debtors. See 3 COLLIER ON BANKRUPTCY ¶ 327.04[9][d] (Alan Resnick & Henry J. Sommer, eds., 16th ed. rev. 2015) ("[T]he 'disinterested' test of section 327(a) does not apply to section 327(e) because the

attorney may, in fact, be a creditor of the debtor for fees related to such prepetition representation of the debtor.") (citing In re G & H Steel Serv., Inc., 76 B.R. 508 (Bankr. E.D. Pa. 1987)); see also In re DeVlieg, Inc., 174 B.R. 497, 502 (N.D. Il. 1994), *appeal dismissed*, 56 F.3d 32 (7th Cir. 1995)).

34. Based on the Morris Declaration, MLG and its attorneys do not have any interest adverse to Debtors' creditors or any other party-in-interest or their respective attorneys and accountants with respect to the matters on which MLG is to be retained or employed in the Chapter 11 Cases. Accordingly, MLG holds no interests adverse to Debtors that would disqualify MLG from serving as special counsel under Section 327(e). See Morris Decl. ¶¶ 15-20.

35. Additionally, based on the Morris Declaration, MLG does not have any connection with the Office of the United States Trustee or any persons employed in the office of the United States Trustee. See id. ¶ 16.

36. Finally, based on the Morris Declaration, MLG does not hold or represent any interest that would impair MLG's ability to objectively perform the services contemplated in this Application. See id. ¶ 17.

37. MLG understands the necessity for continued and ongoing review of MLG's connections with the Debtors' creditors and parties-in-interest as new information becomes available or circumstances otherwise change. To the extent necessary, MLG intends to file a supplemental declaration disclosing such change in circumstances. See id. ¶ 21.

## VIII.
## COMPENSATION

38. MLG is not a creditor of the Debtors and is not holding a retainer. See id. ¶ 22.

39. The compensation of MLG's attorneys and paraprofessionals are proposed at varying rates currently ranging from $190 to $520 per hour for attorneys, with legal assistants/paralegals' rates ranging from $65 to $185 per hour. Steve Morris, the attorney at MLG who will be primarily responsible for representation of the Debtors with respect to the claims asserted against the Debtors in the Bankruptcy Litigation, has an hourly rate of $520 per

hour. These rates are subject to change from time to time, and subject to application and approval by this Court pursuant to Sections 330 and 331. MLG respectfully submits that such rates are reasonable in light of the high quality of the services being provided and the specialized nature of the services being provided. Additionally, MLG's rates are consistent with the market. See Morris Decl. ¶ 23.

40. MLG will also seek reimbursement of its expenses pursuant to its policies set forth in the Retainer Agreements, which generally involve passing through all properly reimbursable expenses to the client. See id. ¶ 24.

41. The Debtors understand that MLG hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and 331, the Bankruptcy Rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, including any order approving the Interim Compensation Motion, for all services performed and expenses incurred after the Petition Date. MLG understands that its compensation is subject to prior Court approval. See Wiles Decl. ¶ 23; Morris Decl. ¶ 25.

## IX.
## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order in substantially the form attached hereto as **Exhibit 1**, thereby authorizing the employment of MLG as Debtors' special litigation counsel with respect to the Bankruptcy Litigation *nunc pro tunc* to the Petition Date to render the legal services described herein and in the Retainer Agreements, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court, pursuant to the provisions of Sections 330 and 331 and any order granting the Interim Compensation Motion. The Debtors additionally request such other and further relief as is just and proper.

DATED this 30th day of July, 2015

TURNBERRY/MGM GRAND TOWERS, LLC, a Nevada limited liability company

TURNBERRY/MGM GRAND TOWER B, LLC, a Nevada limited liability company

TURNBERRY/MGM GRAND TOWER C, LLC, a Nevada limited liability company

By: Andare Corp, a Nevada corporation
Their: Manager

By: _____
DR. KENNETH W. WILES
Its: President

Prepared and Submitted by:

GARMAN TURNER GORDON LLP

By: /s/ Mark M. Weisenmiller
_____
GREGORY E. GARMAN, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARK M. WEISENMILLER, ESQ.
650 White Drive, Suite 100
Las Vegas, Nevada 89119
*[Proposed] Attorneys for Debtors*