# EXHIBIT 1

# EXHIBIT 1

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ., NV Bar No. 6654
E-mail:  ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ., NV Bar No. 9040,
E-mail: tgray@gtg.legal
MARK M. WEISENMILLER, ESQ., NV Bar No. 12128
E-mail:  mweisenmiller@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Telephone (725) 777-3000; Facsimile (725) 777-3112
*[Proposed] Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>TURNBERRY/MGM GRAND TOWERS, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13706-abl<br>Chapter 11<br><br>**JOINTLY ADMINISTERED UNDER CASE NO.: 15-13706-abl** |
| In re :<br>TURNBERRY/MGM GRAND TOWER B, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13708-abl<br>Chapter 11 |
| In re :<br>TURNBERRY/MGM GRAND TOWER C, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13709-abl<br>Chapter 11<br><br>Date:  August 31, 2015<br>Time:  9:30 p.m. |

**ORDER APPROVING THE APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF MORRIS LAW GROUP AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a)**

Turnberry/MGM Grand Towers, LLC (the "Tower A Debtor"), a Nevada limited liability company, Turnberry/MGM Grand Tower B, LLC (the "Tower B Debtor"), a Nevada limited liability company, and Turnberry/MGM Grand Tower C, LLC (the "Tower C Debtor," and together with the Tower A Debtor and the Tower B Debtor, the "Debtors"), a Nevada limited liability company, debtors and debtors-in-possession, filed their *Application for Order Approving the Employment of Morris Law Group as Special Litigation Counsel for the Debtors Nunc Pro Tunc to the Petition Date Pursuant to 11 U.S.C. §§ 327(e) and 328(a)* (the "Application"),[1] which came on for hearing before the above-captioned Court on August 31, 2015, at 9:30 p.m. All appearances were duly noted on the record at the hearing on the Application.

The Court having reviewed the Application and all matters submitted therewith; while no opposition was filed, Debtors' proposed form of order was modified to address concerns expressed by the Office of the United States Trustee to ensure the continued application of the recent holding of the Supreme Court of the United States in Baker Botts L.L.P., et al. v. ASARCO, LLC, ___ U.S. ___, 135 S. Ct. 2158 (2015) and to prevent any approval under 11 U.S.C. § 328(a) of the Application and/or its related retention/engagement agreements from changing, modifying, abridging or nullifying the application of the holding of that case here; notice of the Application having been proper; the Court having stated its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein by reference in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure; and good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1. The Application is GRANTED pursuant to the modified terms included in this Order to which Debtors have agreed, in response to inquiries from the Office of the United States Trustee, in order to ensure the continued application of the recent holding of the Supreme Court of the United States in Baker Botts L.L.P., et al. v. ASARCO, LLC, ___ U.S. ___, 135 S. Ct. 2158 (2015) and to prevent any approval under 11 U.S.C. § 328(a) of the Application and/or its

---

[1] All undefined, capitalized terms shall have the meaning ascribed to them in the Application.

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
(725) 777-3000

related retention/engagement agreements from changing, modifying, abridging, or nullifying the application of the holding of that case here.

2. MLG shall not be eligible to receive any award of attorneys' fees for fee defense litigation as proscribed by Baker Botts L.L.P., et al. v. ASARCO, LLC, ___ U.S. ___, 135 S. Ct. 2158 (2015) and by the express terms of 11 U.S.C. § 330(a)(1), whether such award is sought in the form of compensation, or re-characterized as an expense reimbursement or otherwise.

3. No approval of the Application or any related employment/retention agreement(s) under 11 U.S.C. § 328(a) is intended, and no such approval shall be construed, to alter the result dictated by the holding in Baker Botts L.L.P., et al. v. ASARCO, LLC, ___ U.S. ___, 135 S. Ct. 2158 (2015) and its construction of 11 U.S.C. § 330(a)(1).

4. The Debtors are hereby authorized, subject to the terms of this Order, to retain MLG pursuant to Section 327(e) and subject to the terms of the Retainer Agreements as their special litigation counsel to perform the services set forth in the Application and the Retainer Agreements, which are hereby approved *nunc pro tunc* to the Petition Date.

5. Pursuant to the terms of this Order, MLG shall be compensated for the services described in the Application in accordance with the procedures set forth in Sections 330 and 331 and shall be deemed a Professional under the order approving the Interim Compensation Motion.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON

BY: */s/ Mark M. Weisenmiller*
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    MARK M. WEISENMILLER, ESQ.
    *[Proposed] Attorneys for Debtors*

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###