GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail:  ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail:  tgray@gtg.legal
TERESA PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail:  tpilatowicz@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*[Proposed] Attorneys for Debtors*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>TURNBERRY/MGM GRAND TOWERS, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13706-abl<br>Chapter 11 |
| In re :<br>TURNBERRY/MGM GRAND TOWER B, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13708-abl<br>Chapter 11 |
| In re :<br>TURNBERRY/MGM GRAND TOWER C, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13709-abl<br>Chapter 11 |
| KJH & RDA INVESTOR GROUP,<br>LLC; et al.,<br><br>                    Plaintiffs,<br><br>vs.<br><br>TURNBERRY/MGM GRAND<br>TOWERS, LLC, et al.,<br><br>                    Defendants. | Adversary No.<br><br>**NOTICE OF REMOVAL**<br><br><br><u>**Scheduling Conference**</u>:<br>Date:<br>Time: |

TO:    THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, ALL PARTIES IN THE ABOVE-CAPTIONED STATE COURT CIVIL ACTION HEREBY REMOVED, THE CLERK OF THE EIGHTH JUDICIAL DISTRICT COURT, IN AND FOR CLARK COUNTY, NEVADA, AND THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA:

Pursuant to 28 U.S.C. §§ 157, 1334, and 1452(a), Rules 9011 and 9027 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), and Local Rules of Bankruptcy Practice ("Local Rule") 1001(b) and 9027.1, debtor and defendant Turnberry/MGM Grand Towers, LLC (the "Debtor")[1] hereby removes to the United States Bankruptcy Court for the  District Court of Nevada (the "Bankruptcy Court") any and all claims and causes of action asserted by the named plaintiffs (the "Plaintiffs") in the civil action from the Eighth Judicial District Court in Clark County, Nevada (the "State Court"), pending as case number A547024 (the "State Action").  The Bankruptcy Court, through reference from the United States District Court for the District of Nevada (the "District Court") pursuant to Local Rule 1001(b),  has original jurisdiction over this matter pursuant to 28 U.S.C. § 1334.[2]  In support of this Notice of Removal, the Debtor states as follows:

# I.
# BACKGROUND

1.      On June 26, 2015 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code in the Bankruptcy Court in Case No. 15-13706-abl (the "Bankruptcy Case").  As of the Petition Date, the State Action was pending before the State Court.  The Debtor is removing the State Action, which was pending before the State Court until the filing of this Notice of Removal and the filing of a copy of the Notice of Removal with the Clerk of the State Court.

2.      The State Action arises out of the sale and purchase of luxury condominiums at the Las Vegas development now known as The Signature at MGM Grand.  A number of putative

---

[1]  The other defendants in this action are MGM Resorts International, MGM Grand Hotel, LLC, MGM Grand Condominiums, LLC, The Signature Condominiums LLC, Signature Tower I, LLC, Signature Tower 2, LLC, and Signature Tower 3, LLC (the "MGM Defendants") and Turnberry/Harmon Ave., LLC and Turnberry West Realty, Inc. (the "Turnberry Defendants") (collectively, with the MGM Defendants, the "Non-Debtor Defendants").

[2] The Debtor appears for the purpose of removal only and for no other purposes and reserves all defenses and rights available to it.

purchasers of condominium units commenced litigation in several different forums related to their purchases.

3.    The State Action is presently a consolidated action comprised of seven lawsuits. The first case, *KJH Investor Group, LLC, et al v. Turnberry/MGM Grand Towers*, Case No. A547024, was filed on August 27, 2007 in the Eight Judicial District Court of Clark County, Nevada.  It was brought only against the Debtor, and asserted securities and common law fraud causes of action arising out of the sales of the condominium units.  See Orig. Complaint.  Over the next several years, six additional lawsuits were filed on behalf of groups of alleged purchasers.[3]  These cases were consolidated by order (the "Consolidation Order") from the State Court dated November 5, 2009 for the sole purpose of compelling the plaintiffs in the six lawsuits to arbitrate their claims with the Debtor pursuant to the terms of their purchase agreements with the Debtor.  See Consolidation Order, Ex. 53.

4.    On December 14, 2009, Plaintiffs filed a First Amended Consolidated Complaint ("FACC"), which merged the seven cases into a single action, and also added 16 new plaintiffs not party to any of the previous cases.  See FACC, Ex. 58.   The FACC also added MGM Resorts International (then known as MGM Mirage), MGM Grand Condominiums, LLC, The Signature Condominiums, LLC, Turnberry/Harmon Ave., LLC, and Turnberry West Realty, Inc. as defendants.  See id.

5.    On October 1, 2014, Plaintiffs filed a Second Amended Consolidated Complaint ("SACC"), which is the live pleading in the State Action.  See SACC, Ex. 164. The SACC added more defendants, particularly MGM Grand Hotel, LLC, Signature Tower I, LLC, Signature Tower 2, LLC, and Signature Tower 3, LLC (collectively, the "Defendants").   In the SACC, Plaintiffs assert twenty-four causes of action, including claims for fraudulent transfer and for which the MGM Defendants and Turnberry/Harmon Ave., LLC have asserted a right to

---

[3] These cases are: (1) The *Berkeley* action (52 plaintiffs), filed on June 20, 2008, amended on August 29, 2008 to add 20 additional plaintiffs, Case No. A565873; (2) the *Brown* action (9 plaintiffs), filed on August 18, 2008, Case No. A569825; (3) the *Shim* action (2 plaintiffs), filed on October 9, 2008, Case No. A573280; (4) the *Linares* action (15 plaintiffs), filed on October 28, 2008, Case No. A574558; (5) the *Louie* action (4 plaintiffs), filed on December 4, 2008, Case No. A577034; and (6) the *Sherman* action, filed on February 4, 2009, Case No. A581851.

indemnification against the Debtor.  Plaintiffs allege a fraudulent investment scheme whereby the Defendants allegedly defrauded the condominium purchasers into purchasing the condominiums in violation of state and federal[4] laws.  See SACC, ¶¶ 1-2.  Plaintiffs allege joint and several liability against all Defendants based upon the Defendants' alleged joint and several participation in the alleged fraudulent investment scheme.  See SACC, ¶¶ 5, 33, 37.

6.     The State Action claims against the Debtor have been stayed by order of the State Court pending arbitration.  See Order Staying Action and Compelling Arbitration, Ex. 24.

7.     As set forth below, because continued pursuit of the claims and causes of action comprising the State Action are core or will otherwise directly affect the Debtor's rights and liabilities and the administration of the Debtor's bankruptcy estate, pursuant to this Notice of Removal, the Debtor hereby removes all claims and causes of action comprising the State Action.

8.     In accordance with Bankruptcy Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, true and correct copies of all process, pleadings, motions, and orders filed in the State Court to date are attached as **Exhibits "1" – "282"** to this Notice of Removal.

## II.
## REMOVAL JURISDICTION IS PROPER UNDER 28 U.S.C. §§ 1334 AND 1452(a) BECAUSE THE CAUSES OF ACTION AND CLAIMS FOR RELIEF ARE "CORE" MATTERS OVER WHICH THE BANKRUPTCY COURT HAS ORIGINAL JURSIDICTION

9.     The State Action, including all claims and causes of action asserted therein, is a civil action over which the Bankruptcy Court has original jurisdiction pursuant to 28 U.S.C. § 1334 and Local Rule 1001(b) because the claims and causes of action in the State Action are "core"; therefore, the State Action may be removed to the Bankruptcy Court pursuant to 28 U.S.C. §§ 1452.

10.    The State Action is a civil proceeding which seeks damages as to property of the Debtor's estate among other relief.  The claims and causes of action in the State Action constitute "core" matters in the following respects:

---

[4] At the motion to dismiss stage, the State Court dismissed a number of these causes of action including the federal securities law causes of action.

a.      They are matters concerning the administration of the bankruptcy estate (28 U.S.C. § 157(2)(A));

b.      They are matters concerning the allowance or disallowance of claims against the estate (28 U.S.C. § 157(2)(B));

c.      They are proceedings to determine, avoid, or recover fraudulent conveyances (28 U.S.C. § 157(2)(H)); and

d.      They are matters concerning other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship (28 U.S.C. § 157(2)(O)).

11.     As the claims for relief and causes of action in the State Action involve "core" matters, the Bankruptcy Court has original jurisdiction over the State Action pursuant to 28 U.S.C. § 1334, as referred by the District Court through Local Rule 1001(b), and removal is proper under 28 U.S.C. § 1452.

**III.**
**REMOVAL JURISDICTION IS PROPER UNDER 28 U.S.C. § 1452(A) BASED ON "RELATED TO" JURISDICTION**

12.     The State Action, including all claims and causes of action asserted therein, is a civil action over which the Bankruptcy Court has original jurisdiction pursuant to 28 U.S.C. § 1334 and Local Rule 1001(b) because the claims and causes asserted therein are "related to" the Bankruptcy Case; therefore, the State Action may be removed to the Bankruptcy Court pursuant to 28 U.S.C. §§ 1452.

13.     In the Ninth Circuit, a civil action is "related to" a pending bankruptcy case if "[its] outcome could conceivably have any effect on the estate being administered in bankruptcy." In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988) (quoting Pacor, Inc. v. Higgins, 784 F.2d 984, 994 (3d Cir. 1984)).  Adopting the test enunciated in Pacor, the Ninth Circuit has determined that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Id.  In In re Fietz, the

Ninth Circuit determined that this definition promotes Congress's objective to facilitate "the efficient and expeditious resolution of all matters connected to the bankruptcy estate." Id.

14.    The State Action is sufficiently "related to" the Bankruptcy Case because the State Action asserts claims against the Debtor, the outcome of the State Action could alter the Debtor's rights and liabilities, and the outcome will conceivably, indeed clearly, have a significant impact on the handling and administration of the Debtor's bankruptcy estate.  In particular, the State Action alleges joint and several liability against the Debtor and the non-debtor MGM Entities based upon the defendants' alleged joint and several participation in the alleged fraudulent investment scheme that forms the basis of the Plaintiffs' lawsuit.  See SACC, ¶¶ 5, 33, 37.  At a minimum, the Plaintiffs' allegations of joint and several liability implicate, and will potentially impair, the amount of property in the Debtor's bankruptcy estate available for distribution to its creditors.  Moreover, due to the joint and several liability allegations and indemnification allegations of the MGM Defendants and Turnberry/Harmon Ave., LLC, a potential finding of liability against any of the Non-Debtor Defendants in the State Action would serve to "alter the Debtor's … liabilities," and therefore brings the State Action into this Court's "related to" jurisdiction.  See Feitz, 852 F.2d at 457.

15.    In addition to the foregoing effects on the Bankruptcy Case, because the Debtor is the entity with which the Plaintiffs allege to have dealt, the State Action will likely require a determination of the scope and extent of the Debtor's obligations, liabilities, rights, and defenses under the purchase agreements with the Debtor.  As a result, adjudication of the State Action may directly and substantially affect the validity, amount, and priority of creditor claims, the amount of property available for distribution in the Bankruptcy Case, and the allocation of property among the Debtor's creditors.  As such, continued pursuit of the State Action will certainly "impact[] upon the handling and administration of the [Debtor's] estate."  Feitz, 852 F.2d at 457.

16.    Moreover, the MGM Defendants and Turnberry/Harmon Ave., LLC have asserted against the Debtor a right to indemnification, contribution, reimbursement, and other potential claims on account of any losses that may be incurred by the MGM Entities in connection with or

arising from the claims asserted in the State Action including, without limitation, defense costs (including attorneys' fees) incurred in defense of this action.  The adjudication of the State Action against the MGM Entities may implicate such alleged indemnity rights against the Debtor and its estate, which, in turn, may increase the amount of claims asserted against the Debtor and affect the amount of property in the Debtor's bankruptcy estate and the allocation of such property among the Debtor's creditors.  This Court and others in the Ninth Circuit have recognized that such potential indemnification rights against debtors provide a basis for "related to" jurisdiction under § 1334(b).  See, e.g., F.D.I.C. v. Banc of Am. Sec. LLC, No. 2:12-CV-532 JCM RJJ, 2012 WL 2904310, at *4 (D. Nev. July 16, 2012) ("[T]his court finds that because these indemnity agreements 'could conceivably have an[] effect on the estate being administered in bankruptcy' related-to-bankruptcy jurisdiction exists.") (quoting In re Feitz, 852 F.2d at 457); Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., 447 B.R. 302, 310 (C.D. Cal. 2010) (holding indemnification agreement creates "related to" bankruptcy jurisdiction); In re Mortgages Ltd., 427 B.R. 780, 786 (D. Ariz. 2010) ("[C]ourts in the Ninth Circuit have held that potential indemnification satisfied the Pacor[/Feitz] test even in the absence of an 'unconditional indemnification agreement.'"); Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc., No. C10-0139 RSM, 2010 WL 3662345, at *5 (W.D. Wash. Sept. 1, 2010) (holding that non-debtor defendants' indemnification agreement with debtor's subsidiary creates "related to" federal bankruptcy jurisdiction over plaintiff's state action against non-debtors).[5]

---

[5] See also In re Nat'l Century Fin. Enter., Inc., Inv. Litig., 497 F. App'x 491, 499 (6th Cir. 2012) (concluding that the potential for debtors to be held liable to the non-debtors in claims for contribution and indemnification, or vice versa, suffices to establish a "conceivable impact" on bankruptcy estate and thus "related to" jurisdiction); Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 386-87 (5th Cir. 2010) (holding that contractual indemnification rights the non-debtor defendant possessed against debtor gave rise to "related to" jurisdiction); Belcufine v. Aloe, 112 F.3d 633, 636-37 (3d Cir. 1997) (per Alito, J.) (holding that non-debtor officers' indemnification claim against debtor corporation based on corporate by-laws created "related to" jurisdiction over plaintiffs' state action against non-debtor officers); In re Wolverine Radio Co., 930 F.2d 1132 (6th Cir. 1991) (stating that contractual indemnification rights gave rise to "related to" jurisdiction even though debtor would not be affected until third party invoked the indemnification provision); In re Celotex Corp., 124 F.3d 619, 626 (4th Cir. 1997) (concluding that the plaintiff's contribution action against the debtor's corporate successor creates "related to" jurisdiction because any recovery by the plaintiff against the debtor's successor would trigger the successor's indemnification rights against the debtor and therefore impact the administration of the debtor's estate); In re A.H. Robins Co., 880 F.2d 694, 701 (4th Cir. 1989) (noting that bankruptcy court may enjoin third party actions where they "would affect the bankruptcy reorganization in one way or another such as by way of indemnity or contribution"), cert. denied, 493 U.S. 959 (1989); In re GSF Corp., 938 F.2d 1467, 1475-76 (1st Cir. 1991) (affirming assertion of bankruptcy jurisdiction over third party suit on grounds that potential indemnity claim would

17.    As the State Action involves matters "related to" the Bankruptcy Case, the Bankruptcy Court has original jurisdiction over the State Action pursuant to 28 U.S.C. § 1334, as referred by the District Court through Local Rule 1001(b), and removal is proper under 28 U.S.C. § 1452.

**IV.**
**THIS NOTICE OF REMOVAL COMPLIES WITH FEDERAL AND LOCAL**
**BANKRUPTCY RULES**

18.    This Notice of Removal is properly filed with the Clerk of the Bankruptcy Court, and is signed pursuant to Bankruptcy Rule 9011.  See Bankruptcy Rule 9027(a)(1).

19.    This Notice of Removal is accompanied by a copy of all papers filed with the district court below.   See Bankruptcy Rule 9027(a)(1).

20.    Upon removal, the claims and causes of action in the State Action constitute "core" matters.  The Debtor consents to the entry of final orders or judgment by the Bankruptcy Judge if it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.  See Local Rule 9027.1(a).

21.    To the extent that the claims and causes of action prosecuted in the State Action should not be deemed "core" matters, the Debtor consents to the entry of final orders and/or judgments by the Bankruptcy Court.  See Bankruptcy Rule 9027(a)(1).

22.    The Debtor will serve a copy of this Notice of Removal upon all parties to the State Action, and will file a copy of the Notice of Removal with the State Court.  See Bankruptcy Rule 9027(b)-(c).

23.    This Notice of Removal is timely pursuant to Bankruptcy Rule 9027(a)(2) as removal was effected within ninety days of the Petition Date.

. . .

. . .

_____ (continued)
have direct effect on debtor's estate).

GARMAN TURNER GORDON LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
725-777-3000

8

NOW, THEREFORE, all parties to the State Action in the State Court are hereby notified, pursuant to Bankruptcy Rule 9027 and 28 U.S.C. § 1452, as follows:

(a)    Removal of the State Action and all claims and causes of action therein was effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to Bankruptcy Rule 9027(c).  The parties to the State Action shall proceed no further in the State Court unless and until the action is remanded by the Bankruptcy Court.

(b)    As required by Bankruptcy Rule 9027(e)(3) and Local Rule 9027.1(b), any party who has filed a pleading in connection with the removed claims or causes of action, other than the party filing this Notice of Removal, shall file a statement admitting or denying any allegation in the Notice of Removal that upon removal of the claim or cause of action, the proceeding is "core" or "non-core".  If the statement alleges that the proceeding or any part of it is core, the party shall also state that the party does or does not consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution. If the statement alleges that the proceeding is non-core, it shall state that the party does or does not consent to the entry of final orders or judgments by the Bankruptcy Judge. A statement required by this paragraph shall be signed pursuant to Bankruptcy Rule 9011, shall be filed not later than 14-days after the filing of this Notice of Removal, and shall be mailed to every other party of the State Action.

DATED this 30th day of July, 2015.

GARMAN TURNER GORDON

By: */s/ Teresa M. Pilatowicz*
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    TERESA M. PILATOWICZ, ESQ.
    650 White Drive, Suite 100
    Las Vegas, Nevada 89119
    *[Proposed] Attorneys for Debtors*

**Index of Process and Pleadings in:**

**KJH And RDA Investor Group LLC, 37th Floor Investor Group LLC, et al**

**vs Turnberry MGM Grand Towers LLC, MGM Mirage, et al.**

**Case No. 07A547024**

| | | |
|---|---|---|
| 1. | 08/27/2007 | Complaint |
| 2. | 08/31/2007 | Summons - Turnberry/MGM Grand Towers LLC |
| 3. | 10/18/2007 | Notice of Change of Firm Name |
| 4. | 10/29/2007 | Association of Counsel |
| 5. | 10/29/2007 | Declaration of Violet Duff |
| 6. | 10/29/2007 | Defendant's Motion to Compel Arbitration/01 |
| 7. | 11/01/2007 | Errata to the Declaration of Violet Duff |
| 8. | 11/16/2007 | Stipulation and Order to Extend Briefing Scheduled and Hearing Date for Defendants Motion to Compel Arbitration |
| 9. | 11/19/2007 | Notice of Entry of Order |
| 10. | 11/26/2007 | Declaration of Robert Gerard in Opposition to Defendants Motion to Compel Arbitration |
| 11. | 11/26/2007 | Declaration of Carol Keane in Opposition to Defendants Motion to Compel Arbitration |
| 12. | 11/26/2007 | Plaintiffs Memorandum of Points and Authorities in Opposition to Defendants Motion to Compel Arbitration |
| 13. | 11/26/2007 | Supplemental Declaration of Richard Agnello in Opposition to Defendant Motion to Compel Arbitration |
| 14. | 11/27/2007 | Plaintiff's Motion to Associate Counsel /02 |
| 15. | 11/29/2007 | Plaintiff's Motion to Associate Counsel /3 VA 11/29/07 |
| 16. | 12/11/2007 | Declaration of Dan Riordan |
| 17. | 12/11/2007 | Reply to Opposition to Motion to Compel Arbitration |

| 18. | 12/18/2007 | Objection to Declaration of Dan Riordan Submitted by Defendants on Reply |
| 19. | 12/20/2007 | Decision re Motion to Compel |
| 20. | 12/21/2007 | Order Admitting to Practice |
| 21. | 01/15/2008 | Notice of Entry of Order |
| 22. | 01/23/2008 | Reporters Transcript of Proceedings |
| 23. | 02/04/2008 | Objection to Proposed Order Submitted by Defendants |
| 24. | 02/13/2008 | Order Staying Action and Compelling Arbitration |
| 25. | 02/15/2008 | Notice of Entry of Order Staying Action and Compelling Arbitration |
| 26. | 04/15/2008 | Plaintiffs First Amendment to Complaint to Substitute True Names for Fictitious Names |
| 27. | 04/16/2008 | Certificate of Service of Plaintiffs Amended Complaint |
| 28. | 04/16/2008 | Plaintiffs First Amendment to Complaint to Substitute True Names for Fictitious Names |
| 29. | 06/12/2008 | Amended Plaintiffs Amendment to Complaint to Substitute True Names for Fictitious Doe Defendants |
| 30. | 06/19/2008 | Summons - MGM Mirage |
| 31. | 06/19/2008 | Summons - Turnberry Harmon Ave LLC |
| 32. | 06/19/2008 | Summons - Turnberry MGM Grand Towers LLC |
| 33. | 07/25/2008 | Summons - Turnberry Associates |
| 34. | 08/18/2008 | Notice of Withdrawal of First Amendment to Complaint and Amended Amendment to Complaint Without Prejudice |
| 35. | 01/08/2009 | Notice of Change of Firm Name |
| 36. | 04/22/2009 | Nevada Supreme Court Order Denying Mandamus |
| 37. | 06/19/2009 | Turnberry/MGM Grand's Motion to Consolidate, To Vacate Stay and to Compel Arbitration (Part 1) |

| 38. | 06/19/2009 | Turnberry/MGM Grand's Motion to Consolidate, To Vacate Stay and to Compel Arbitration (Part 2) |
|---|---|---|
| 39. | 08/06/2009 | Plaintiffs' Opposition to Turnberry/MGM Grand's Motion to Consolidate, to Vacate Stay and to Compel Arbitration |
| 40. | 08/06/2009 | Plaintiffs Motion to Dismiss for Various Plaintiffs |
| 41. | 08/06/2009 | Plaintiff's Motion for Leave to File Doe Amendment to Complaint |
| 42. | 08/18/2009 | Certificate of Service of Motion for Dismissal of Various Plaintiffs Without Prejudice to Plaintiffs to be Dismissed |
| 43. | 08/31/2009 | Turnberry/MGM Grand's Opposition to Plaintiffs' Motion for Leave to File Doe Amendment to Complaint |
| 44. | 08/31/2009 | Turnberry/MGM Grand's Reply in Support of Motion to Consolidate, to Vacate Stay and to Compel Arbitration |
| 45. | 09/09/2009 | Notice of Entry of Stipulation and Order to Extend Briefing Schedule and Hearing Date for Plaintiff's Motion for Doe Amendment and to Extend Hearing Date on Plaintiffs' Motion to Dismiss and Defendant's Motion to Consolidate and Compel Arbitration |
| 46. | 09/09/2009 | Stipulation and Order to Extend Briefing Schedule And Hearing Date For Plaintiffs' Motion for DOE Amendment, and To Extend Hearing Date on Plaintiffs' Motion to Dismiss and Defendant's Motion to Consolidate And Compel Arbitration |
| 47. | 09/21/2009 | Demand for Arbitration – Agnello et. al. |
| 48. | 10/12/2009 | Revised Demand for Arbitration |
| 49. | 10/15/2009 | Reply to Defendants' Opposition to Plaintiffs' Motion for Leave to File DOE Amendment to Complaint |
| 50. | 10/15/2009 | Request for Judicial Notice |
| 51. | 10/20/2009 | Supplemental Authority Addressing Argument in Plaintiffs' Reply to Turnberry's Opposition to Motion for Leave to File Doe Amendment |
| 52. | 10/21/2009 | Proof of Service (Receipt of Copy) of Reply to Defendants' Opposition to Plaintiffs' Motion for Leave to File DOE Amendment to Complaint |

| 53. | 11/05/2009 | Order Granting Motion to Consolidate, To Vacate Stay, and to Compel Arbitration |
| 54. | 11/06/2009 | Notice of Entry of Order Granting Motion to Consolidate to Vacate Stay and to Compel Arbitration |
| 55. | 11/09/2009 | Order Granting Dismissal of Various Plaintiffs:<br>Debtors: Turnberry/MGM Grand Towers LLC (Defendant), MGM Mirage (Defendant), Turnberry Associates (Defendant), Turnberry West Realty Inc (Defendant), MGM Grand Inc (Defendant), MGM Mirage (Doing Business As), Turnberry/Harmon Ave LLC (Defendant)<br>Creditors: Charles Avila (Plaintiff), Ferne Avila (Plaintiff), Michael Galasso (Plaintiff), Hin Chan (Plaintiff), Wing S Chan (Plaintiff), Zia U Kham (Plaintiff), K B Lim (Plaintiff), Anita Luk (Plaintiff), Tai C Luk (Plaintiff), Aoki Michi II LLC (Plaintiff)<br><br>Judgment: 11/09/2009, Docketed: 11/12/2009 |
| 56. | 11/09/2009 | Order Granting Motion to File an Amended Complaint |
| 57. | 12/01/2009 | Motion for Determination of Non-Arbitrability of Claims Against the Non-Signatory Defendants |
| 58. | 12/14/2009 | First Amended Consolidated Complaint |
| 59. | 12/14/2009 | Initial Appearance Fee Disclosure |
| 60. | 12/14/2009 | Plaintiffs Opposition to Motion For Determination of Non-Arbitrary of Claims Against Non-Signatory Defendants |
| 61. | 12/14/2009 | Request for Judicial Notice |
| 62. | 12/24/2009 | Reply in Support of Motion for Determination of Non-Arbitrability of Claims Against the Non-Signatory Defendants |
| 63. | 12/28/2009 | Notice of Entry of Order Granting Dismissal of Various Plaintiffs |
| 64. | 12/28/2009 | Notice of Entry of Order Granting Motion to File an Amended Complaint |
| 65. | 01/12/2010 | Order Re Defendants Motion for Determination on Non-Arbitability of Claims Against Non-Signatory Defendants |
| 66. | 01/14/2010 | Notice of Entry of Order regarding Motion for Determination on Non-Arbitability of Claims Against Non-Signatory Defendants |

| 67. | 12/23/2011 | Order Re: Status Check |
|---|---|---|
| 68. | 04/24/2013 | Appendix to Motion for an Order to Remove Brendan Hare as Arbitrator in the Signature Arbitration for his Failure to Make Required Disclosures Under NRS 38.227 |
| 69. | 04/24/2013 | Motion for an Order to Remove Brendan Hare as Arbitrator in the Signature Arbitration for His Failure to Make Required Disclosures Under NRS 38.227 and Application for an Order Shortening Time. |
| 70. | 04/24/2013 | Turnberry/MGM Grand Towers, LLC's Motion to File Exhibit A to Motion to Disqualify Under Seal and Application for Order Shortening Time and Order Shortening Time |
| 71. | 04/26/2013 | Filed Under Seal |
| 72. | 05/03/2013 | Plaintiffs' Opposition To Defendant's Motion For An Order To Remove Brendan Hare As Arbitrator |
| 73. | 05/10/2013 | Decision and Order |
| 74. | 05/13/2013 | Notice of Entry of Decision and Order and Notice of Posting $1,000 Bond |
| 75. | 05/15/2013 | Plaintiffs' Motion For Clarification Of Court's Order Of May 10, 2013 |
| 76. | 05/16/2013 | Transcript of Proceedings Hearing On Defendants' Motions May 6, 2013 |
| 77. | 05/20/2013 | Plaintiffs' Application For An Order Shortening Time And Order Shortening Time And Order Shortening Time As To Plaintiffs' Motion For Clarification Of Court's Order Of May 10, 2013 |
| 78. | 05/29/2013 | Notice of Entry of Order Granting Turnberry/MGM Grand Towers, LLC's Motion to File Exhibit A to Motion to Disqualify Under Seal |
| 79. | 05/29/2013 | Opposition to Plaintiffs' Motion for Clarification of Court's Order of May 10, 2013 and Countermotion to Extend Stay Pending Decision on Writ Petition |
| 80. | 05/29/2013 | Order Granting Turnberry/MGM Grand Towers, LLC's Motion to File Exhibit A to Motion to Disqualify Under Seal |
| 81. | 05/29/2013 | Plaintiffs' Reply Brief In Support Of Motion For Clarification Of Court's Order Of May 10, 2013 |

| 82. | 06/03/2013 | Request to Remove Exhibits to Plaintiffs' Opposition to Motion to Disqualify From Public Record and File Under Seal Pursuant to May 27, 2013, Order Granting Motion to Seal |
|---|---|---|
| 83. | 06/05/2013 | Case Appeal Statement |
| 84. | 06/05/2013 | Decision and Order re Motion for Clarification Of Court's Order Of May 10, 2013 |
| 85. | 06/05/2013 | Notice of Appeal |
| 86. | 06/06/2013 | Notice of Entry of Decision and Order of June 5, 2013 |
| 87. | 06/06/2013 | Notice of Posting Appeal Cost Bond |
| 88. | 06/11/2013 | Plaintiffs' Application For An Order Shortening Time And Order Shortening Time As To Plaintiffs' Motion For Reconsideration Under EDCR 2.24(B) Of Court's Order of June 5, 2013 |
| 89. | 06/21/2013 | Plaintiffs' Opposition To Defendant's Request To Remove Exhibits To Plaintiffs' Opposition To Motion To Disqualify From Public Record And File Under Seal Pursuant To May 27, 2013, Order Granting Motion To Seal |
| 90. | 06/25/2013 | Association of Counsel – Daniel Marks |
| 91. | 06/25/2013 | Opposition to Plaintiffs' Motion for Reconsideration Under EDCR 2.24(B) of Court's Order of June 5, 2013 |
| 92. | 06/26/2013 | Opposition to Plaintiffs' Motion for Reconsideration Under EDCR 2.24(B) of Court's Order of June 5, 2013 |
| 93. | 06/27/2013 | Plaintiffs' Reply To Defendants' Opposition To Plaintiffs' Motion For Reconsideration Under EDCR 2.24(b) Of Court's Order Of June 5, 2013 |
| 94. | 06/28/2013 | Reply in Support of Request to Remove Exhibits to Plaintiffs' Opposition to Motion to Disqualify from Public Record and File Under Seal Pursuant to May 27, 2013, Order Granting Motion to Seal |
| 95. | 07/22/2013 | Order Granting Request to Remove Exhibits to Plaintiffs' Opposition to Motion to Disqualify From Public Record and File Under Seal Pursuant to May 27, 2013 Order |
| 96. | 07/23/2013 | Notice of Entry of Order Granting Request to Remove Exhibits to Plaintiffs' Opposition to Motion to Disqualify From Public Record and File Under Seal Pursuant to May 27, 2013 Order |

| 97. | 07/29/2013 | Transcript of Proceedings Hearing on Plaintiff's Motion for Clarification May 30, 2013 |
|---|---|---|
| 98. | 03/20/2014 | Declaration of Mario Romine |
| 99. | 03/20/2014 | MGM Resorts International and MGM Grand Hotel, LLC's Renewed Motion for Determination of Non-Arbitrability of Claims |
| 100. | 03/20/2014 | Renewed Motion for Determination of Non-Arbitrability of Claims Against the Non-signatory Defendants |
| 101. | 03/20/2014 | Substitution of Attorney |
| 102. | 04/01/2014 | Motion to Associate Counsel - Robert Scott Velevis |
| 103. | 04/01/2014 | Motion to Associate Counsel - Yolanda Cornejo Garcia |
| 104. | 04/01/2014 | Motion to Associate Counsel - Yvette Ostolaza |
| 105. | 04/03/2014 | Stipulation And Order To Continue Hearing Date And Briefing Schedule On Motions For Determination Of Non-Arbitrability Of Claims Against The Non-Signatory Defendants |
| 106. | 04/04/2014 | Notice Of Entry Of Order - Stipulation And Order To Continue Hearing Date And Briefing Schedule On Motions For Determination Of Non-Arbitrability Of Claims Against The Non-Signatory Defendants |
| 107. | 04/14/2014 | Declaration Of Norman Blumenthal In Support Of Plaintiffs' Memorandum Of Points And Authorities In Opposition To MGM Resorts International And MGM Grand Hotel, LLC's Renewed Motion For Determination Of Non-Arbitrability Of Claims And MGM Grand Condominiums, LLC, The Signature Condominiums, LLC, Turnberry Harmon Ave., LLC, And Turnberry West Realty Inc., Renewed Motion For Determination Of Non-Arbitrability, Joined by Signature Tower I, LLC, Signature Tower 2, LLC And Signature Tower 3, LLC (Collectively, The Non-Signatories)(with Exhibits 1-22 attached) |
| 108. | 04/14/2014 | Appendix A to Declaration of Norman Blumenthal In Support of Plaintiffs' Memorandum of Points and Authorities in Opposition to MGM Resorts International and MGM Grand Hotel, LLC's Renewed Motion for Determination of Non-Arbitrability of Claims and MGM Grand Condominiums, LLC, the Signature Condominiums, LLC, Turnberry/Harmon Ave., LLC, and Turnberry West Realty Inc., Renewed Motion for Determination of Non-Arbitrability, Joined by Signature Tower I, LLC, Signature Tower 2, LLC and Signature Tower 3, LLC (Collectively, the Non-Signatories) |

| 109. | 04/15/2014 | Appendix B, C to Declaration of Norman Blumenthal in Support of Plaintiffs' Memorandum of Points and Authorities in Opposition to MGM Resorts International and MGM Grand Hotel, LLC's Renewed Motion for Determination of Non-Arbitrability of Claims and MGM Grand Condominiums, LLC, the Signature Condominiums, LLC, Turnberry/Harmon Ave., LLC, and Turnberry West Realty Inc., Renewed Motion for Determination of Non-Arbitrability, Joined by Signature Tower I, LLC, Signature Tower 2, LLC and Signature Tower 3, LLC (Collectively, the Non-Signatories) |
|------|-----------|---|
| 110. | 04/14/2014 | Appendix D to Declaration of Norman Blumenthal in Support of Plaintiffs' Memorandum of Points and Authorities in Opposition to MGM Resorts International and MGM Grand Hotel, LLC's Renewed Motion for Determination of Non-Arbitrability of Claims and MGM Grand Condominiums, LLC, the Signature Condominiums, LLC, Turnberry/Harmon Ave., LLC, and Turnberry West Realty Inc., Renewed Motion for Determination of Non-Arbitrability, Joined by Signature Tower I, LLC, Signature Tower 2, LLC and Signature Tower 3, LLC (Collectively, the Non-Signatories) |
| 111. | 04/14/2014 | Appendix E to Declaration Of Norman Blumenthal In Support Of Plaintiffs' Memorandum Of Points And Authorities In Opposition To MGM Resorts International And MGM Grand Hotel, LLC's Renewed Motion For Determination Of Non-Arbitrability Of Claims And MGM Grand Condominiums, LLC, The Signature Condominiums, LLC, Turnberry Harmon Ave., LLC, And Turnberry West Realty Inc., Renewed Motion For Determination Of Non-Arbitrability, Joined by Signature Tower I, LLC, Signature Tower 2, LLC And Signature Tower 3, LLC (Collectively, The Non-Signatories) |
| 112. | 04/14/2014 | Appendix F (Volume 1 of 2) to Declaration Of Norman Blumenthal In Support Of Plaintiffs' Memorandum Of Points And Authorities In Opposition To MGM Resorts International And MGM Grand Hotel, LLC's Renewed Motion For Determination Of Non-Arbitrability Of Claims And MGM Grand Condominiums, LLC, The Signature Condominiums, LLC, Turnberry Harmon Ave., LLC, And Turnberry West Realty Inc., Renewed Motion For Determination Of Non-Arbitrability, Joined by Signature Tower I, LLC, Signature Tower 2, LLC And Signature Tower 3, LLC (Collectively, The Non-Signatories) |
| 113. | 04/14/2014 | Appendix F (Volume 2 of 2) to Declaration of Norman Blumenthal in Support of Plaintiffs' Memorandum of Points and Authorities in Opposition to MGM Resorts International and MGM Grand Hotel, LLC's Renewed Motion for Determination of Non-Arbitrability of Claims and MGM Grand Condominiums, LLC, the Signature Condominiums, LLC, Turnberry/Harmon Ave., LLC, and Turnberry West Realty Inc., Renewed Motion for |

| | | Determination of Non-Arbitrability, Joined by Signature Tower I, LLC, Signature Tower 2, LLC and Signature Tower 3, LLC (Collectively, the Non-Signatories) |
|---|---|---|
| 114. | 04/14/2014 | Opposition to Motion<br>Plaintiffs' Memorandum Of Points And Authorities In Opposition To MGM Resorts International And MGM Grand Hotel, LLC's Renewed Motion For Determination Of Non-Arbitrability Of Claims And MGM Grand Condominiums, LLC, The Signature Condominiums, LLC, Turnberry Harmon Ave., LLC, And Turnberry West Realty Inc., Renewed Motion For Determination Of Non-Arbitrability, Joined by Signature Tower I, LLC, Signature Tower 2, LLC And Signature Tower 3, LLC (Collectively, The Non-Signatories) |
| 115. | 05/01/2014 | Declaration of Mark G. Krum in Support of MGM Resorts and MGM Grand Hotel, LLC's Reply in Support of Renewed Motion for Determination of Non-Arbitrability of Claims |
| 116. | 05/01/2014 | Defendants' Motion to Strike Evidence |
| 117. | 05/01/2014 | MGM Resorts International and MGM Grand Hotel, LLC's Reply in Support of Renewed Motion for Determination of Non-Arbitrability of Claims |
| 118. | 05/01/2014 | Reply in Support of Renewed Motion for Determination of Non-Arbitrability of Claims Against the Non-Signatory Defendants |
| 119. | 05/02/2014 | Order Admitting to Practice - Robert S Velevis Esq |
| 120. | 05/02/2014 | Order Admitting to Practice - Yolanda C Garcia Esq |
| 121. | 05/02/2014 | Order Admitting to Practice - Yvette Ostolaza Esq |
| 122. | 05/05/2014 | Plaintiffs' Opposition To Motion To Strike In Connection With Renewed Motion For Determination Of Non-Arbitrability Of Claims |
| 123. | 05/06/2014 | Notice of Entry of Order Granting Motion to Associate Robert Velevis, Esq. |
| 124. | 05/06/2014 | Notice of Entry of Order Granting Motion to Associate Yolanda C. Garcia, Esq. |
| 125. | 05/06/2014 | Notice of Entry of Order Granting Motion to Associate Yvette Ostolaza, Esq. |
| 126. | 05/28/2014 | Motion to Sever the Improperly Consolidated KJH Arbitration |
| 127. | 05/29/2014 | Transcript of Proceedings: All Pending Motions, heard May 8, 2014 |

| 128. | 05/29/2014 | Transcript of Proceedings: Continued Hearing Re: All Pending Motions, heard May 9, 2014 |
|------|------------|------------------------------------------------------------------------------------------|
| 129. | 06/02/2014 | Decision – Motion to Strike; Motions regarding Arbitrability |
| 130. | 06/10/2014 | Plaintiffs' Memorandum of Points and Authorities In Opposition To Motion To Sever Consolidated KJH Arbitration |
| 131. | 06/13/2014 | Second Amended Consolidated Complaint As Ordered Filed By Court Decision Of June 2, 2014 (Part 1) |
| 132. | 06/13/2014 | Second Amended Consolidated Complaint As Ordered Filed By Court Decision Of June 2, 2014 (Part 2) |
| 133. | 06/19/2014 | Notice Of Appeal |
| 134. | 06/20/2014 | Case Appeal Statement |
| 135. | 06/23/2014 | Reply in Support of Motion to Sever the Improperly Consolidated KJH Arbitration |
| 136. | 06/27/2014 | Defendant MGM Resorts International and MGM Grand Condominiums, LLC, The Signature Condominiums, LLC, Turnberry/Harmon Ave., LLC, And Turnberry West Realty, Inc. Motion To Strike Second Amended Consolidated Complaint |
| 137. | 06/30/2014 | Notice Of Motion Regarding Defendant MGM Resorts International and MGM Grand Condominiums, LLC, The Signature Condominiums, LLC, Turnberry/Harmon Ave., LLC, And Turnberry/West Realty, Inc. Motion To Strike Second Amended Consolidated Complaint |
| 138. | 07/10/2014 | Plaintiffs' Opposition To Defendant MGM Resorts International and MGM Grand Condominiums, LLC, Turnberry/Harmon Ave., LLC And Turnberry West Realty Inc.'s Motion To Strike Second Amended Consolidated Complaint And, In The Alternative, Counter-Motion For Leave To File Second Amended Consolidated Complaint (Part 1) |
| 139. | 07/10/2014 | Plaintiffs' Opposition To Defendant MGM Resorts International and MGM Grand Condominiums, LLC, Turnberry/Harmon Ave., LLC And Turnberry West Realty Inc.'s Motion To Strike Second Amended Consolidated Complaint And, In The Alternative, Counter-Motion For Leave To File Second Amended Consolidated Complaint (Part 2) |
| 140. | 07/10/2014 | Plaintiffs' Opposition To Defendant MGM Resorts International and MGM Grand Condominiums, LLC, Turnberry/Harmon Ave., LLC And Turnberry |

|  |  | West Realty Inc.'s Motion To Strike Second Amended Consolidated Complaint And, In The Alternative, Counter-Motion For Leave To File Second Amended Consolidated Complaint (Part 3) |
|---|---|---|
| 141. | 07/11/2014 | Plaintiffs' Request For Transcript Of Proceedings |
| 142. | 07/23/2014 | Notice of Entry of Order Granting Motions for Determination of Non-Arbitrability of Claims and Denying Motion to Strike |
| 143. | 07/23/2014 | Order Granting Motions for Determination of Non-Arbitrability of Claims and Denying Motion to Strike |
| 144. | 07/24/2014 | Case Appeal Statement |
| 145. | 07/24/2014 | Notice Of Appeal |
| 146. | 07/28/2014 | Reply Brief in Support of Motion to Strike Second Amended Consolidated Complaint and Opposition to Plaintiffs' Motion for Leave to Amend in the Alternative |
| 147. | 07/31/2014 | Notice of Appeal – Case Appeal Statement |
| 148. | 08/04/2014 | Notice of Entry of Stipulation and Order to Vacate August 7, 2014 Hearing on Motion to Sever the Improperly Consolidated KJH Arbitration |
| 149. | 08/04/2014 | Stipulation and Order to Vacate August 7, 2014 Hearing on Motion to Sever the Improperly Consolidated KJH Arbitration |
| 150. | 08/14/2014 | Plaintiffs' Request For Transcript Of Proceedings |
| 151. | 08/14/2014 | Recorder's Transcript of Proceedings All Pending Motions October 22, 2009 |
| 152. | 08/18/2014 | Defendant MGM Resorts International's Supplemental Opposition to Plaintiffs' Motion for Leave to File Second Amended Consolidated Complaint |
| 153. | 08/18/2014 | Opposition to Motion for Leave to File Second Amended Consolidated Complaint |
| 154. | 09/01/2014 | Plaintiffs' Reply Brief In Support Of Motion For Leave To File Second Amended Complaint (Part 1) |
| 155. | 09/01/2014 | Plaintiffs' Reply Brief In Support Of Motion For Leave To File Second Amended Complaint (Part 2) |

| 156. | 09/01/2014 | Plaintiffs' Reply Brief In Support Of Motion For Leave To File Second Amended Complaint (Part 3) |
|------|------------|--------------------------------------------------------------------------------------------------|
| 157. | 09/01/2014 | Plaintiffs' Reply Brief In Support Of Motion For Leave To File Second Amended Complaint (Part 4) |
| 158. | 09/01/2014 | Plaintiffs' Reply Brief In Support Of Motion For Leave To File Second Amended Complaint (Part 5) |
| 159. | 09/09/2014 | Order Granting Defendants' Motion to Strike Second Amended Complaint |
| 160. | 09/10/2014 | Notice of Entry of Order Granting Defendants' Motion to Strike Second Amended Complaint |
| 161. | 09/10/2014 | Recorder's Transcript of Proceedings Further Proceedings; Plaintiffs' Motion for Leave to File a Second Amended Complaint September 04, 2014 |
| 162. | 09/24/2014 | Order Granting Plaintiffs' Counter-Motion For Leave To File Second Amended Complaint |
| 163. | 09/26/2014 | Notice Of Entry Of Order Granting Plaintiffs' Counter-Motion For Leave To File Second Amended Complaint |
| 164. | 10/01/2014 | Second Amended Consolidated Complaint |
| 165. | 10/03/2014 | Motion for Order Setting Scheduling Conference and Application for Order Shortening Time |
| 166. | 10/03/2014 | Plaintiffs' Joinder To Defendants' Motion For Order Setting Scheduling Conference |
| 167. | 10/08/2014 | MGM Resorts International's Joinder to Motion for Order Setting Scheduling Conference and Opposition to Plaintiffs' Joinder |
| 168. | 10/08/2014 | Reply to Plaintiffs' Joinder to Motion for Order Setting Scheduling Conference |
| 169. | 10/23/2014 | Notice of Entry of Stipulation and Order of Dismissal of John and Louis Carnesale and Their Claims from This Case, With Prejudice |
| 170. | 10/23/2014 | Stipulation and Order of Dismissal of John and Louis Carnesale and Their Claims from This Case, With Prejudice: Debtors: John Carnesale (Plaintiff), Louis Carnesale (Plaintiff) Creditors: Turnberry/MGM Grand Towers LLC (Defendant), MGM Mirage (Defendant), Turnberry West Realty Inc (Defendant), Turnberry/Harmon Ave LLC (Defendant), MGM Grand Condominiums LLC (Defendant), Signature |

| | | |
|---|---|---|
| | | Condominiums LLC (Defendant), MGM Resorts International (Defendant), MGM Grand Hotel LLC (Defendant), Signature Tower 1 LLC (Defendant), Signature Tower 2 LLC (Defendant), Signature Tower 3 LLC (Defendant)<br><br>Judgment: 10/23/2014, Docketed: 11/07/2014 |
| 171. | 10/29/2014 | Stipulation and Order of Dismissal of Dennis and Leung and Jiyen Shin and Their Claims From This Case, With Prejudice:<br>Debtors: Dennis Leung (Plaintiff), Jiyen Shin (Plaintiff)<br>Creditors: Turnberry/MGM Grand Towers LLC (Defendant), MGM Mirage (Defendant), Turnberry West Realty Inc (Defendant), Turnberry/Harmon Ave LLC (Defendant), MGM Grand Condominiums LLC (Defendant), Signature Condominiums LLC (Defendant), MGM Resorts International (Defendant), MGM Grand Hotel LLC (Defendant), Signature Tower 1 LLC (Defendant), Signature Tower 2 LLC (Defendant), Signature Tower 3 LLC (Defendant)<br><br>Judgment: 10/29/2014, Docketed: 11/07/2014 |
| 172. | 10/30/2014 | Notice of Entry of Stipulation and Order of Dismissal of Dennis Leung and Jiyen Shin and Their Claims from This Case, With Prejudice |
| 173. | 11/03/2014 | Motion To Stay District Court Action Pending Appeal In Nevada Supreme Court |
| 174. | 11/05/2014 | Order re: Defendants Motion for Scheduling Order |
| 175. | 11/07/2014 | Notice of Entry of Order - Defendants' Motion for Order Setting Scheduling Order |
| 176. | 11/07/2014 | Summons – Signature Tower 1, LLC |
| 177. | 11/07/2014 | Summons – Signature Tower 2, LLC |
| 178. | 11/07/2014 | Summons – Signature Tower 3, LLC |
| 179. | 11/14/2014 | MGM Grand Hotel, LLC, Signature Tower I, LLC, Signature Tower 2, LLC, Signature Tower 3, LLC's Motion to Dismiss Second Amended Consolidated Complaint [Group 1 Motion] |
| 180. | 11/14/2014 | Stipulation and Order to Continue Hearing Date on Motion to Stay District Court Action Pending Appeal in Nevada Supreme Court from December 4, 2014 to December 11, 2104 |
| 181. | 11/17/2014 | Notice of Entry of Order to Continue Hearing Date on Motion to Stay District Court Action Pending Appeal in Nevada Supreme Court |

| 182. | 11/19/2014 | Affidavit of Service - MGM Grand Hotel LLC |
|---|---|---|
| 183. | 11/19/2014 | Affidavit of Service - MGM Resorts International |
| 184. | 11/19/2014 | Affidavit of Service - Signature Tower 1 LLC |
| 185. | 11/19/2014 | Affidavit of Service - Signature Tower 2 LLC |
| 186. | 11/19/2014 | Affidavit of Service - Signature Tower 3 LLC |
| 187. | 11/20/2014 | MGM Resorts International and MGM Grand Hotel, LLC's Joinder to Defendants' Opposition to Motion to Stay District Court Action Pending Appeal in Nevada Supreme Court |
| 188. | 11/20/2014 | Opposition to Motion to Stay District Court Action Pending Appeal in Nevada Supreme Court |
| 189. | 11/22/2014 | Defendants' Joint Motion to Dismiss Plaintiffs' Securities, Fraud, and Vicarious Liability Claims (Group II) (Part 1) |
| 190. | 11/22/2014 | Defendants' Joint Motion to Dismiss Plaintiffs' Securities, Fraud, and Vicarious Liability Claims (Group II) (Part 2) |
| 191. | 11/26/2014 | NV Supreme Court Clerks Certificate/Judgment - Dismissed<br>Nevada Supreme Court Clerk's Certificate Judgment – Dismissed:<br>Debtors: Marco Gonzalez (Plaintiff), Stanley Wilson (Plaintiff), Gloria Barrera (Plaintiff), Lawrence Hobson (Plaintiff), Charles Geraci (Plaintiff), Maria Orellana (Plaintiff), Jerry Brown (Plaintiff), Raul Rios (Plaintiff), William Pederson (Plaintiff), John Carnesale (Plaintiff), Lee Family Trust (Plaintiff), Louis Carnesale (Plaintiff), Cheng Lim (Plaintiff), Marie Kim (Plaintiff), KJH And RDA Investor Group LLC (Plaintiff), 37th Floor Investor Group LLC (Plaintiff), Michael Anderson (Plaintiff), Mathew Anderson (Plaintiff), Pierre Bain (Plaintiff), Ibrahim Barlaj (Plaintiff), Laura Barlaj (Plaintiff), Dan Birdsall (Plaintiff), Terencia Conejero (Plaintiff), Diane B Faulconer (Plaintiff), FCF LLC (Plaintiff), Stephen J Guyon (Plaintiff), Oganes J Hakopyan (Plaintiff), Markar Karatas (Plaintiff), Nurhan Celik (Plaintiff), Frank Keane (Plaintiff), Carol Keane (Plaintiff), Dennis Leung (Plaintiff), Jiyen Shin (Plaintiff), Leticia L Magri (Plaintiff), Anahit Mandoyan (Plaintiff), Alexander Mandoyan (Plaintiff), Susan Mignot (Plaintiff), Mark Mignot (Plaintiff), Mary Momdzhyan (Plaintiff), BB Ventures LLC (Plaintiff), Ed Narvaez (Plaintiff), Dane R Phillips (Plaintiff), Craig A Primas (Plaintiff), James Rick (Plaintiff), Laurinda Rick (Plaintiff), Douglas Schoen (Plaintiff), PGR Enterprises LLC (Plaintiff), Dimitritsa H Toromanova (Plaintiff), 38th Floor Investor Group LLC (Plaintiff), David L Vadis (Plaintiff), Joseph H Smith (Plaintiff), Carol J Smith (Plaintiff), LV 700 LLC (Plaintiff), Rafik Bakijan (Plaintiff), Natalie Reich (Plaintiff), Shi Si Zheng (Plaintiff), Valentina |

Gonsecki (Plaintiff), Alexander Gonsecki (Plaintiff), Remi Ohta (Plaintiff), Duncan & Gardella Enterprises LLC (Plaintiff), Ruzan Charkchyan (Plaintiff), Arutyun Charkchyan (Plaintiff), Mark Buchstaber (Plaintiff), Deborah Buchstaber (Plaintiff), Linh Tang (Plaintiff), Hung Tang (Plaintiff), Tatyana Pederson (Plaintiff), Delvin Diaz (Plaintiff), Myung Ja Cho (Plaintiff), Sherenne Tang (Plaintiff), Julieta Balahadia (Plaintiff), David Shim (Plaintiff), Hojoon Lee (Plaintiff), Michael Linares (Plaintiff), Laurie Linares (Plaintiff), Greg Yi (Plaintiff), Grace Yi (Plaintiff), Solip LLC (Plaintiff), Ujjal Ghoshtagore (Plaintiff), Werdmuller Family Trust (Plaintiff), Walter E Werdmuller von Elgg (Plaintiff), Jill C Werdmuller von Elgg (Plaintiff), Sasan Seidfathi (Plaintiff), Mehrnaz Saghafi (Plaintiff), Lawrence M Dumoulin (Plaintiff), Sehak Tuna (Plaintiff), Vartuhi Tuna (Plaintiff), Linda M Hobson (Plaintiff), Lee Pritzl (Plaintiff), Belinda W Louie (Plaintiff), Amin A Rahim (Plaintiff), Zaitun A Rahim (Plaintiff), Priscilla Salem (Plaintiff), Ike Sherman (Plaintiff), Gilliana Sherman (Plaintiff), Ross Berkeley (Plaintiff), Wolf Trading Company LLC (Plaintiff), Michael Wilson (Plaintiff), Camilla Wilson (Plaintiff), Dashrath Panchal (Plaintiff), Dina D Panchal (Plaintiff), Narmin Hirji (Plaintiff), Quezadas-Horta Family Trust (Plaintiff), Roberto Quezadas-Horta (Plaintiff), Maghami Ferial Trust (Plaintiff), Ferial Maghami (Plaintiff), Leonardo Barrera (Plaintiff), Mojisola Adekunbi (Plaintiff), Abiola Sanni (Plaintiff), Signature MGM Grand LLC (Plaintiff), Douglas Huibregtse (Plaintiff), James Hokanson (Plaintiff), Ante Loncar (Plaintiff), Ljubica Loncar (Plaintiff), Elizabeth G Viducich (Plaintiff), Fermina Rios (Plaintiff), Vladimir Rivkin (Plaintiff), Danny Maes (Plaintiff), Stephanie Cleveland (Plaintiff), Mark N Kechejian (Plaintiff), Christine Kechejian (Plaintiff), Michael Hahalyak (Plaintiff), Lisa Krisay-Hahalyak (Plaintiff), Benjamin Rudnitsky (Plaintiff), Tamar A Rudnitsky (Plaintiff), Clay Frazier (Plaintiff), Paula Frazier (Plaintiff), Miriam Kim (Plaintiff), Pasquale Febbraro (Plaintiff), Cathleen M Febbraro (Plaintiff), Hyo Shin (Plaintiff), Jung Shin (Plaintiff), Eun Young Lee (Plaintiff), John O Torosian (Plaintiff), Sarkis Torosian (Plaintiff), Lunique Le (Plaintiff), Raffi Pirichian (Plaintiff), Ani Pirichian (Plaintiff), Jim C Burgum (Plaintiff), Nancy Martina (Plaintiff), Herman Celikian (Plaintiff), Richard Feldman (Plaintiff), Les Krieger (Plaintiff), Rebekah Krieger (Plaintiff), Christina Kim (Plaintiff), Juan Medina (Plaintiff), Clarissa Medina (Plaintiff), Thomas Cifelli (Plaintiff), John Cifelli (Plaintiff), Mansour Shams (Plaintiff), Zahria Shams (Plaintiff), Chris Lee (Plaintiff), Suzie Lee (Plaintiff), Bradley Costello 1997 Trust (Plaintiff), Bradley Costello (Plaintiff), Bernard Klouda (Plaintiff)

Creditors: Turnberry/MGM Grand Towers LLC (Defendant), MGM Mirage (Defendant), Turnberry West Realty Inc (Defendant), MGM Mirage (Doing Business As), Turnberry/Harmon Ave LLC (Defendant), MGM Grand Condominiums LLC (Defendant), Signature Condominiums LLC (Defendant), MGM Resorts International (Defendant), MGM Grand Hotel LLC (Defendant), Signature Tower 1 LLC (Defendant), Signature Tower 2 LLC (Defendant), Signature Tower 3 LLC (Defendant)

| | | Judgment: 11/26/2014, Docketed: 12/09/2014 Comment: Supreme Court No. 65933; Appeal Dismissed |
|---|---|---|
| 192. | 12/04/2014 | Plaintiffs' Opposition To Motion To Dismiss Second Amended Consolidated Complaint |
| 193. | 12/04/2014 | Plaintiffs' Reply Brief In Support Of Motion For Stay Pending Interlocutory Appeal |
| 194. | 12/05/2014 | Defendants' Joint Motion to Dismiss Plaintiffs' Contract and Fiduciary Duty-Based Claims (Group III) |
| 195. | 12/10/2014 | Association of Counsel – John Mowbray |
| 196. | 12/11/2014 | Plaintiffs' Opposition To Motion To Dismiss Plaintiffs' Securities, Fraud, And Vicarious Liability Claims (Group 2) (Part 1) |
| 197. | 12/11/2014 | Plaintiffs' Opposition To Motion To Dismiss Plaintiffs' Securities, Fraud, And Vicarious Liability Claims (Group 2) (Part 2) |
| 198. | 12/12/2014 | Order re: Plaintiffs Motion to Stay District Court Action |
| 199. | 12/23/2014 | Notice Of Entry Of Stipulation And Order To Continue Hearing Date On Defendants' Motion To Dismiss Second Amended Consolidated Complaint [Group I Motion] From January 5, 2015 To January 7, 2015 |
| 200. | 12/23/2014 | Stipulation and Order to Continue Hearing Date on Defendants' Motion to Dismiss Second Amended Consolidated Complaint [Group Motion] from January 5, 2015 to January 7, 2015 |
| 201. | 12/24/2014 | Motion To Lift Stay |
| 202. | 12/31/2014 | MGM Grand Hotel, LLC, Signature Tower I, LLC, Signature Tower 2, LLC and Signature Tower 3, LLC's Reply: Motion to Dismiss Second Amended Consolidated Complaint [New Defendants, Group 1 Reply] |
| 203. | 01/09/2015 | Defendants' Joint Reply in Support of Motion to Dismiss Plaintiffs' Securities, Fraud, and Vicarious Liability Claims |
| 204. | 01/09/2015 | Plaintiffs' Opposition To Motion To Dismiss Plaintiffs' Contract And Fiduciary Duty-Based Claims (Group III) |
| 205. | 01/12/2015 | Joint Opposition to Motion to Lift Stay |

| 206. | 01/20/2015 | Defendants' Reply in Support of Joint Motion to Dismiss Plaintiffs' Contract and Fiduciary Duty-Based Claims (Group III) |
| 207. | 01/20/2015 | Plaintiffs' Reply Memorandum In Support Of Motion To Lift Stay |
| 208. | 01/21/2015 | Supplement to Defendants' Reply in Support of Joint Motion to Dismiss Plaintiffs' Contract and Fiduciary Duty-Based Claims (Group III) |
| 209. | 01/27/2015 | Plaintiffs' Notice Of Recent Authority |
| 210. | 01/27/2015 | Decision – Motion to Dismiss (Group 2) |
| 211. | 01/30/2015 | Defendants' Motion to Dismiss Second Amended Consolidated Complaint (Property Claims) (Group 4) |
| 212. | 01/30/2015 | Decision |
| 213. | 02/03/2015 | Transcript of Proceedings Defendants' Joint Motion to Dismiss Plaintiffs' Contract and Fiduciary Duty-Based Claims [Group 3]; Plaintiffs' Motion to Lift Stay January 26, 2015 |
| 214. | 02/03/2015 | Transcript of Proceedings Defendants' Joint Motion to Dismiss Plaintiffs' Securities, Fraud, and Vicarious Liability Claims [Group 2] January 15, 2015 |
| 215. | 02/03/2015 | Transcript of Proceedings MGM Grand Hotel, LLC, Signature Tower 1, LLC, Signature Tower 2, LLC, Signature Tower 3, LLC's Motion to Dismiss Second Amended Consolidated Complaint [Group 1 Motion] January 8, 2015 |
| 216. | 02/13/2015 | Plaintiffs' Opposition To Motion To Dismiss Second Amended Complaint (Property Claims)[Group 4] |
| 217. | 02/17/2015 | Decision regarding Remaining Defendants [Group 2 Motion] |
| 218. | 02/18/2015 | Stipulation and Order to Reschedule Hearing on Defendants' Motion to Dismiss second Amended Consolidated Complaint [Group 4 Motion] from 9:00 a.m. to 10:00 a.m. on March 2, 2015 |
| 219. | 02/19/2015 | Order Regarding Plaintiffs' Motion to Lift Stay |
| 220. | 02/20/2015 | Decision regarding Defendants Joint Motion to Dismiss [Group 3] |
| 221. | 02/20/2015 | Motion for Determination of the Remaining Time to Bring this Action to Trial Pursuant to N.R.C.P. 41(e) |

| 222. | 02/20/2015 | Notice of Entry of Order to Reschedule Hearing on Defendants' Motion to Dismiss Second Amended Consolidated Complaint [Group 4 Motion] From 9:00 a.m. to 10:00 a.m. on March 2, 2015 |
| 223. | 02/20/2015 | Notice of Entry of Order regarding Plaintiffs' Motion to Lift Stay |
| 224. | 02/23/2015 | Defendants' Reply in Support of Motion to Dismiss Property Claims "Group 4" Motion |
| 225. | 02/25/2015 | Motion For Settlement Conference |
| 226. | 03/09/2015 | Defendants' Joint Opposition to Motion for Determination of Remaining Time to Bring This Action to Trial Pursuant to NRCP 41(e) and Countermotion to Dismiss Action as to New Defendants |
| 227. | 03/13/2015 | Defendants' Motion to Dismiss Second Amended Consolidated Complaint - Alter Ego and Fraudulent Conveyance (Group 5) |
| 228. | 03/13/2015 | A565873 A569825 A573280 A574558 A577034 A581851 Order Granting and Denying in Part New Defendants' Motion to Dismiss [Group 1 Motion] |
| 229. | 03/16/2015 | Opposition to Plaintiffs' Motion for Settlement Conference |
| 230. | 03/16/2015 | Plaintiffs' Reply In Support Of Motion For Determination Of The Time Remaining To Bring This Action To Trial Pursuant To NRCP 41(e) |
| 231. | 03/20/2015 | Plaintiffs' Reply In Support Of Motion For Settlement Conference |
| 232. | 03/23/2015 | Notice of Entry of Stipulation and Order to Continue Hearing Date on Motion to Determine Remaining Time Under NRCP 41(e) and Motion for Settlement Conference to April 13, 2015 |
| 233. | 03/23/2015 | Stipulation and Order to Continue Hearing Date on Motion to Determine Remaining Time Under NRCP 41(e) and Motion for Settlement Conference to April 13, 2015 |
| 234. | 03/27/2015 | Plaintiffs' Opposition To Motion To Dismiss Second Amended Complaint (Alter Ego And Fraudulent Conveyance)[Group 5] |
| 235. | 03/31/2015 | Defendants' Motion for Protective Order and Ex Parte Application for Order Shortening Time and Order Shortening Time |
| 236. | 04/01/2015 | Defendants' MGM Grand Hotel, LLC and MGM Resorts International's Motion for Protective Order Quashing Discovery Requests and Staying all |

18

| | | |
|---|---|---|
| | | Discovery Pending Rule 16 Conference and Ruling on Motion to Dismiss and Ex Parte Motion for Order Shortening Time and Order Shortening Time |
| 237. | 04/03/2015 | A656873 A569825 A573280 A574558 A577034 A581851 Order Granting Defendants' Group III Motion to Dismiss: Debtors: Marco Gonzalez (Plaintiff), Stanley Wilson (Plaintiff), Gloria Barrera (Plaintiff), Lawrence Hobson (Plaintiff), Charles Geraci (Plaintiff), Maria Orellana (Plaintiff), Jerry Brown (Plaintiff), Raul Rios (Plaintiff), William Pederson (Plaintiff), John Carnesale (Plaintiff), Lee Family Trust (Plaintiff), Louis Carnesale (Plaintiff), Cheng Lim (Plaintiff), Marie Kim (Plaintiff), KJH And RDA Investor Group LLC (Plaintiff), 37th Floor Investor Group LLC (Plaintiff), Michael Anderson (Plaintiff), Mathew Anderson (Plaintiff), Charles Avila (Plaintiff), Ferne Avila (Plaintiff), Michael Galasso (Plaintiff), Pierre Bain (Plaintiff), Ibrahim Barlaj (Plaintiff), Laura Barlaj (Plaintiff), Dan Birdsall (Plaintiff), Hin Chan (Plaintiff), Wing S Chan (Plaintiff), Terencia Conejero (Plaintiff), Diane B Faulconer (Plaintiff), FCF LLC (Plaintiff), Stephen J Guyon (Plaintiff), Oganes J Hakopyan (Plaintiff), Zia U Kham (Plaintiff), Markar Karatas (Plaintiff), Nurhan Celik (Plaintiff), Frank Keane (Plaintiff), Carol Keane (Plaintiff), Dennis Leung (Plaintiff), Jiyen Shin (Plaintiff), K B Lim (Plaintiff), Anita Luk (Plaintiff), Tai C Luk (Plaintiff), Leticia L Magri (Plaintiff), Anahit Mandoyan (Plaintiff), Alexander Mandoyan (Plaintiff), Aoki Michi II LLC (Plaintiff), Susan Mignot (Plaintiff), Mark Mignot (Plaintiff), Mary Momdzhyan (Plaintiff), BB Ventures LLC (Plaintiff), Ed Narvaez (Plaintiff), Dane R Phillips (Plaintiff), Craig A Primas (Plaintiff), James Rick (Plaintiff), Laurinda Rick (Plaintiff), Douglas Schoen (Plaintiff), PGR Enterprises LLC (Plaintiff), Dimitritsa H Toromanova (Plaintiff), 38th Floor Investor Group LLC (Plaintiff), David L Vadis (Plaintiff), Joseph H Smith (Plaintiff), Carol J Smith (Plaintiff), LV 700 LLC (Plaintiff), Ronald D Perkins (Plaintiff), Rafik Bakijan (Plaintiff), Linda Corbridge (Plaintiff), Jose Sanchez (Plaintiff), Natalie Reich (Plaintiff), Daniel Reich (Plaintiff), Bassilios Petrakis (Plaintiff), Fouad Feghali (Plaintiff), Sampal Family Revocable Living Trust (Plaintiff), Laura Crooks (Plaintiff), Charles Crooks (Plaintiff), Andres Alos (Plaintiff), Shi Si Zheng (Plaintiff), Martha Vias (Plaintiff), Valentina Gonsecki (Plaintiff), Alexander Gonsecki (Plaintiff), Remi Ohta (Plaintiff), Duncan & Gardella Enterprises LLC (Plaintiff), Ruzan Charkchyan (Plaintiff), Arutyun Charkchyan (Plaintiff), Mark Buchstaber (Plaintiff), Deborah Buchstaber (Plaintiff), Linh Tang (Plaintiff), Hung Tang (Plaintiff), Tatyana Pederson (Plaintiff), Delvin Diaz (Plaintiff), Myung Ja Cho (Plaintiff), Sherenne Tang (Plaintiff), Julieta Balahadia (Plaintiff), David Shim (Plaintiff), Hojoon Lee (Plaintiff), Michael Linares (Plaintiff), Laurie Linares (Plaintiff), Greg Yi (Plaintiff), Grace Yi (Plaintiff), Solip LLC (Plaintiff), Ujjal Ghoshtagore (Plaintiff), Werdmuller Family Trust (Plaintiff), Walter E Werdmuller von Elgg (Plaintiff), Jill C Werdmuller von Elgg (Plaintiff), Sasan Seidfathi (Plaintiff), Mehrnaz Saghafi (Plaintiff), Lawrence M Dumoulin (Plaintiff), Sehak Tuna (Plaintiff), Vartuhi Tuna (Plaintiff), Linda M Hobson (Plaintiff), Lee Pritzl (Plaintiff), Belinda W Louie (Plaintiff), Amin A Rahim |

| | | |
|---|---|---|
| | | (Plaintiff), Zaitun A Rahim (Plaintiff), Priscilla Salem (Plaintiff), Ike Sherman (Plaintiff), Gilliana Sherman (Plaintiff), Ross Berkeley (Plaintiff), Wolf Trading Company LLC (Plaintiff), Michael Wilson (Plaintiff), Camilla Wilson (Plaintiff), Dashrath Panchal (Plaintiff), Dina D Panchal (Plaintiff), Narmin Hirji (Plaintiff), Quezadas-Horta Family Trust (Plaintiff), Roberto Quezadas-Horta (Plaintiff), Maghami Ferial Trust (Plaintiff), Ferial Maghami (Plaintiff), Leonardo Barrera (Plaintiff), Mojisola Adekunbi (Plaintiff), Abiola Sanni (Plaintiff), Signature MGM Grand LLC (Plaintiff), Douglas Huibregtse (Plaintiff), James Hokanson (Plaintiff), Ante Loncar (Plaintiff), Ljubica Loncar (Plaintiff), Elizabeth G Viducich (Plaintiff), Fermina Rios (Plaintiff), Vladimir Rivkin (Plaintiff), Danny Maes (Plaintiff), Stephanie Cleveland (Plaintiff), Mark N Kechejian (Plaintiff), Christine Kechejian (Plaintiff), Michael Hahalyak (Plaintiff), Lisa Krisay-Hahalyak (Plaintiff), Benjamin Rudnitsky (Plaintiff), Tamar A Rudnitsky (Plaintiff), Clay Frazier (Plaintiff), Paula Frazier (Plaintiff), Miriam Kim (Plaintiff), Pasquale Febbraro (Plaintiff), Cathleen M Febbraro (Plaintiff), Hyo Shin (Plaintiff), Jung Shin (Plaintiff), Eun Young Lee (Plaintiff), John O Torosian (Plaintiff), Sarkis Torosian (Plaintiff), Lunique Le (Plaintiff), Raffi Pirichian (Plaintiff), Ani Pirichian (Plaintiff), Jim C Burgum (Plaintiff), Narmin Hirji (Plaintiff), Nancy Martina (Plaintiff), Herman Celikian (Plaintiff), Richard Feldman (Plaintiff), Les Krieger (Plaintiff), Rebekah Krieger (Plaintiff), Christina Kim (Plaintiff), Juan Medina (Plaintiff), Clarissa Medina (Plaintiff), Thomas Cifelli (Plaintiff), John Cifelli (Plaintiff), Mansour Shams (Plaintiff), Zahria Shams (Plaintiff), Chris Lee (Plaintiff), Suzie Lee (Plaintiff), Bradley Costello 1997 Trust (Plaintiff), Bradley Costello (Plaintiff), Bernard Klouda (Plaintiff)<br><br>Creditors: Turnberry/MGM Grand Towers LLC (Defendant), Turnberry Associates (Defendant), Turnberry West Realty Inc (Defendant), MGM Grand Inc (Defendant), Turnberry/Harmon Ave LLC (Defendant), MGM Grand Condominiums LLC (Defendant), Signature Condominiums LLC (Defendant), Signature Tower 1 LLC (Defendant), Signature Tower 2 LLC (Defendant), Signature Tower 3 LLC (Defendant)<br><br>Judgment: 04/03/2015, Docketed: 04/24/2015<br><br>Comment: Certain Claims |
| 238. | 04/06/2015 | Defendants' Reply in Support of Motion to Dismiss Second Amended Consolidated Complaint - Alter Ego and Fraudulent Conveyance (Group 5) |
| 239. | 04/06/2015 | Notice of Entry of Order Granting Defendants' Group III Motion to Dismiss |
| 240. | 04/07/2015 | Order Granting and Denying in Part Defendants' Group II Motion to Dismiss: Debtors: Marco Gonzalez (Plaintiff), Stanley Wilson (Plaintiff), Gloria Barrera (Plaintiff), Lawrence Hobson (Plaintiff), Charles Geraci (Plaintiff), Maria Orellana (Plaintiff), Jerry Brown (Plaintiff), Raul Rios (Plaintiff), William Pederson (Plaintiff), John Carnesale (Plaintiff), Lee Family Trust (Plaintiff), |

Louis Carnesale (Plaintiff), Cheng Lim (Plaintiff), Marie Kim (Plaintiff), KJH And RDA Investor Group LLC (Plaintiff), 37th Floor Investor Group LLC (Plaintiff), Michael Anderson (Plaintiff), Mathew Anderson (Plaintiff), Pierre Bain (Plaintiff), Ibrahim Barlaj (Plaintiff), Laura Barlaj (Plaintiff), Dan Birdsall (Plaintiff), Terencia Conejero (Plaintiff), Diane B Faulconer (Plaintiff), FCF LLC (Plaintiff), Stephen J Guyon (Plaintiff), Oganes J Hakopyan (Plaintiff), Markar Karatas (Plaintiff), Nurhan Celik (Plaintiff), Frank Keane (Plaintiff), Carol Keane (Plaintiff), Dennis Leung (Plaintiff), Jiyen Shin (Plaintiff), Leticia L Magri (Plaintiff), Anahit Mandoyan (Plaintiff), Alexander Mandoyan (Plaintiff), Susan Mignot (Plaintiff), Mark Mignot (Plaintiff), Mary Momdzhyan (Plaintiff), BB Ventures LLC (Plaintiff), Ed Narvaez (Plaintiff), Dane R Phillips (Plaintiff), Craig A Primas (Plaintiff), James Rick (Plaintiff), Laurinda Rick (Plaintiff), Douglas Schoen (Plaintiff), PGR Enterprises LLC (Plaintiff), Dimitritsa H Toromanova (Plaintiff), 38th Floor Investor Group LLC (Plaintiff), David L Vadis (Plaintiff), Joseph H Smith (Plaintiff), Carol J Smith (Plaintiff), LV 700 LLC (Plaintiff), Rafik Bakijan (Plaintiff), Natalie Reich (Plaintiff), Shi Si Zheng (Plaintiff), Valentina Gonsecki (Plaintiff), Alexander Gonsecki (Plaintiff), Remi Ohta (Plaintiff), Duncan & Gardella Enterprises LLC (Plaintiff), Ruzan Charkchyan (Plaintiff), Arutyun Charkchyan (Plaintiff), Mark Buchstaber (Plaintiff), Deborah Buchstaber (Plaintiff), Linh Tang (Plaintiff), Hung Tang (Plaintiff), Tatyana Pederson (Plaintiff), Delvin Diaz (Plaintiff), Myung Ja Cho (Plaintiff), Sherenne Tang (Plaintiff), Julieta Balahadia (Plaintiff), David Shim (Plaintiff), Hojoon Lee (Plaintiff), Michael Linares (Plaintiff), Laurie Linares (Plaintiff), Greg Yi (Plaintiff), Grace Yi (Plaintiff), Solip LLC (Plaintiff), Ujjal Ghoshtagore (Plaintiff), Werdmuller Family Trust (Plaintiff), Walter E Werdmuller von Elgg (Plaintiff), Jill C Werdmuller von Elgg (Plaintiff), Sasan Seidfathi (Plaintiff), Mehrnaz Saghafi (Plaintiff), Lawrence M Dumoulin (Plaintiff), Sehak Tuna (Plaintiff), Vartuhi Tuna (Plaintiff), Linda M Hobson (Plaintiff), Lee Pritzl (Plaintiff), Belinda W Louie (Plaintiff), Amin A Rahim (Plaintiff), Zaitun A Rahim (Plaintiff), Priscilla Salem (Plaintiff), Ike Sherman (Plaintiff), Gilliana Sherman (Plaintiff), Ross Berkeley (Plaintiff), Wolf Trading Company LLC (Plaintiff), Michael Wilson (Plaintiff), Camilla Wilson (Plaintiff), Dashrath Panchal (Plaintiff), Dina D Panchal (Plaintiff), Narmin Hirji (Plaintiff), Quezadas-Horta Family Trust (Plaintiff), Roberto Quezadas-Horta (Plaintiff), Maghami Ferial Trust (Plaintiff), Ferial Maghami (Plaintiff), Leonardo Barrera (Plaintiff), Mojisola Adekunbi (Plaintiff), Abiola Sanni (Plaintiff), Signature MGM Grand LLC (Plaintiff), Douglas Huibregtse (Plaintiff), James Hokanson (Plaintiff), Ante Loncar (Plaintiff), Ljubica Loncar (Plaintiff), Elizabeth G Viducich (Plaintiff), Fermina Rios (Plaintiff), Vladimir Rivkin (Plaintiff), Danny Maes (Plaintiff), Stephanie Cleveland (Plaintiff), Mark N Kechejian (Plaintiff), Christine Kechejian (Plaintiff), Michael Hahalyak (Plaintiff), Lisa Krisay-Hahalyak (Plaintiff), Benjamin Rudnitsky (Plaintiff), Tamar A Rudnitsky (Plaintiff), Clay Frazier (Plaintiff), Paula Frazier (Plaintiff), Miriam Kim (Plaintiff), Pasquale Febbraro (Plaintiff), Cathleen M Febbraro (Plaintiff), Hyo Shin (Plaintiff), Jung Shin (Plaintiff),

| | | |
|---|---|---|
| | | Eun Young Lee (Plaintiff), John O Torosian (Plaintiff), Sarkis Torosian (Plaintiff), Lunique Le (Plaintiff), Raffi Pirichian (Plaintiff), Ani Pirichian (Plaintiff), Jim C Burgum (Plaintiff), Nancy Martina (Plaintiff), Herman Celikian (Plaintiff), Richard Feldman (Plaintiff), Les Krieger (Plaintiff), Rebekah Krieger (Plaintiff), Christina Kim (Plaintiff), Juan Medina (Plaintiff), Clarissa Medina (Plaintiff), Thomas Cifelli (Plaintiff), John Cifelli (Plaintiff), Mansour Shams (Plaintiff), Zahria Shams (Plaintiff), Chris Lee (Plaintiff), Suzie Lee (Plaintiff), Bradley Costello 1997 Trust (Plaintiff), Bradley Costello (Plaintiff), Bernard Klouda (Plaintiff)<br>Creditors: Turnberry/MGM Grand Towers LLC (Defendant), Turnberry West Realty Inc (Defendant), Turnberry/Harmon Ave LLC (Defendant), Signature Condominiums LLC (Defendant), Signature Tower 1 LLC (Defendant), Signature Tower 2 LLC (Defendant), Signature Tower 3 LLC (Defendant)<br><br>Judgment: 04/07/2015, Docketed: 04/14/2015<br><br>Comment: Certain Claims |
| 241. | 04/08/2015 | Notice of Entry of Order - Defendants' Group II Motion to Dismiss |
| 242. | 04/10/2015 | Plaintiffs' Opposition To Defendants' Motion For A Protective Order |
| 243. | 04/16/2015 | Suggestion of Plaintiff Dane R. Phillips' Death Upon the Record Under NRCP 25(a)(2) |
| 244. | 04/22/2015 | Declaration of Jean-Paul Hendricks in Support of Motion for Reconsideration and Clarification of February 17, 2015 Decision and Order on Group II Motion to Dismiss |
| 245. | 04/22/2015 | Appendix A in Support of the Declaration of Jean-Paul Hendricks |
| 246. | 04/22/2015 | Appendix B-1 in Support of the Declaration of Jean-Paul Hendricks |
| 247. | 04/22/2015 | Appendix B-2 in Support of the Declaration of Jean-Paul Hendricks |
| 248. | 04/22/2015 | Appendix C-1 in Support of the Declaration of Jean-Paul Hendricks |
| 249. | 04/22/2015 | Appendix C-2 in Support of the Declaration of Jean-Paul Hendricks |
| 250. | 04/22/2015 | Appendix C-3 in Support of the Declaration of Jean-Paul Hendricks |
| 251. | 04/22/2015 | Decision and Order re: Motion for Determination of Remaining Time to Bring This Action to Trial Pursuant to NRCP 41(e) and Defendants Countermotion to Dismiss Action as to New Defendants |

| 252. | 04/22/2015 | Motion for Reconsideration and Clarification of February 17, 2015 Decision and Order on Group II Motion to Dismiss |
|------|------------|-----|
| 253. | 04/23/2015 | Notice of Entry of Decision and Order on Plaintiffs' Motion for Determination of the Remaining Time to Bring this Action to Trial Pursuant to NRCP 41(e) and Defendants' Joint Countermotion to Dismiss Action as to New Defendants |
| 254. | 04/27/2015 | Business Court Order |
| 255. | 04/27/2015 | Order Granting Defendants' Motions for Protective Order |
| 256. | 04/27/2015 | Transcript of Proceedings All Pending Motions, April 13, 2015 |
| 257. | 04/30/2015 | Defendants' Motion to Continue Rule 16 Conference and Motion Hearing and Ex Parte Application for Order Shortening Time and Order Shortening Time |
| 258. | 05/05/2015 | Plaintiffs' Opposition To Defendants' Motion For Reconsideration |
| 259. | 05/06/2015 | Notice of Entry of Order Granting Defendants' Motions for Protective Order |
| 260. | 05/06/2015 | Notice of Entry of Stipulation and Order to Continue Rule 16 Conference and Vacate May 7 Hearing on Defendants' Motion to Continue |
| 261. | 05/06/2015 | Stipulation and Order to Continue Rule 16 Conference and Vacate May 7 Hearing on Defendants' Motion to Continue |
| 262. | 05/11/2015 | Motion For Substitution Of Amber Van Blarigan For Plaintiff Dane R. Phillips |
| 263. | 05/28/2015 | Request for Permission for Plaintiffs' Co-Counsel, Robert B. Gerard, to be Excused from Rule 16 Conference Scheduled on June 15, 2015 |
| 264. | 06/08/2015 | Plaintiffs' N.R.C.P. 16 Conference Report |
| 265. | 06/09/2015 | Reply in Support of Motion for Reconsideration and Clarification of February 17, 2015 Decision and Order on Group II Motion to Dismiss |
| 266. | 06/09/2015 | Supplement to Reply in Support of Motion for Reconsideration and Clarification of February 17, 2015 Decision and Order on Group II Motion to Dismiss |
| 267. | 06/11/2015 | Brief of Defendants MGM Resorts International and MGM Grand Hotel, LLC Regarding Rule 16 Conference |
| 268. | 06/12/2015 | Defendants' Submission in Advance of Rule 16 Conference |

| 269. | 06/23/2015 | Interim Order regarding June 15, 2015 Rule 16 Conference |
|---|---|---|
| 270. | 06/26/2015 | Decision and Order – Order of Dismissal with Prejudice:<br>Debtors: Marco Gonzalez (Plaintiff), Stanley Wilson (Plaintiff), Gloria Barrera (Plaintiff), Lawrence Hobson (Plaintiff), Charles Geraci (Plaintiff), Maria Orellana (Plaintiff), Jerry Brown (Plaintiff), Raul Rios (Plaintiff), William Pederson (Plaintiff), John Carnesale (Plaintiff), Lee Family Trust (Plaintiff), Louis Carnesale (Plaintiff), Cheng Lim (Plaintiff), Marie Kim (Plaintiff), KJH And RDA Investor Group LLC (Plaintiff), 37th Floor Investor Group LLC (Plaintiff), Michael Anderson (Plaintiff), Mathew Anderson (Plaintiff), Pierre Bain (Plaintiff), Ibrahim Barlaj (Plaintiff), Laura Barlaj (Plaintiff), Dan Birdsall (Plaintiff), Terencia Conejero (Plaintiff), Diane B Faulconer (Plaintiff), FCF LLC (Plaintiff), Stephen J Guyon (Plaintiff), Oganes J Hakopyan (Plaintiff), Markar Karatas (Plaintiff), Nurhan Celik (Plaintiff), Frank Keane (Plaintiff), Carol Keane (Plaintiff), Dennis Leung (Plaintiff), Jiyen Shin (Plaintiff), Leticia L Magri (Plaintiff), Anahit Mandoyan (Plaintiff), Alexander Mandoyan (Plaintiff), Susan Mignot (Plaintiff), Mark Mignot (Plaintiff), Mary Momdzhyan (Plaintiff), BB Ventures LLC (Plaintiff), Ed Narvaez (Plaintiff), Dane R Phillips (Plaintiff), Craig A Primas (Plaintiff), James Rick (Plaintiff), Laurinda Rick (Plaintiff), Douglas Schoen (Plaintiff), PGR Enterprises LLC (Plaintiff), Dimitritsa H Toromanova (Plaintiff), 38th Floor Investor Group LLC (Plaintiff), David L Vadis (Plaintiff), Joseph H Smith (Plaintiff), Carol J Smith (Plaintiff), LV 700 LLC (Plaintiff), Rafik Bakijan (Plaintiff), Natalie Reich (Plaintiff), Shi Si Zheng (Plaintiff), Valentina Gonsecki (Plaintiff), Alexander Gonsecki (Plaintiff), Remi Ohta (Plaintiff), Duncan & Gardella Enterprises LLC (Plaintiff), Ruzan Charkchyan (Plaintiff), Arutyun Charkchyan (Plaintiff), Mark Buchstaber (Plaintiff), Deborah Buchstaber (Plaintiff), Linh Tang (Plaintiff), Hung Tang (Plaintiff), Tatyana Pederson (Plaintiff), Delvin Diaz (Plaintiff), Myung Ja Cho (Plaintiff), Sherenne Tang (Plaintiff), Julieta Balahadia (Plaintiff), David Shim (Plaintiff), Hojoon Lee (Plaintiff), Michael Linares (Plaintiff), Laurie Linares (Plaintiff), Greg Yi (Plaintiff), Grace Yi (Plaintiff), Solip LLC (Plaintiff), Ujjal Ghoshtagore (Plaintiff), Werdmuller Family Trust (Plaintiff), Walter E Werdmuller von Elgg (Plaintiff), Jill C Werdmuller von Elgg (Plaintiff), Sasan Seidfathi (Plaintiff), Mehrnaz Saghafi (Plaintiff), Lawrence M Dumoulin (Plaintiff), Sehak Tuna (Plaintiff), Vartuhi Tuna (Plaintiff), Linda M Hobson (Plaintiff), Lee Pritzl (Plaintiff), Belinda W Louie (Plaintiff), Amin A Rahim (Plaintiff), Zaitun A Rahim (Plaintiff), Priscilla Salem (Plaintiff), Ike Sherman (Plaintiff), Gilliana Sherman (Plaintiff), Ross Berkeley (Plaintiff), Wolf Trading Company LLC (Plaintiff), Michael Wilson (Plaintiff), Camilla Wilson (Plaintiff), Dashrath Panchal (Plaintiff), Dina D Panchal (Plaintiff), Narmin Hirji (Plaintiff), Quezadas-Horta Family Trust (Plaintiff), Roberto Quezadas-Horta (Plaintiff), Maghami Ferial Trust (Plaintiff), Ferial Maghami (Plaintiff), Leonardo Barrera (Plaintiff), Mojisola Adekunbi (Plaintiff), Abiola Sanni (Plaintiff), Signature MGM Grand LLC (Plaintiff), Douglas Huibregtse (Plaintiff), James Hokanson (Plaintiff), Ante Loncar (Plaintiff), Ljubica Loncar |

|  |  | (Plaintiff), Elizabeth G Viducich (Plaintiff), Fermina Rios (Plaintiff), Vladimir Rivkin (Plaintiff), Danny Maes (Plaintiff), Stephanie Cleveland (Plaintiff), Mark N Kechejian (Plaintiff), Christine Kechejian (Plaintiff), Michael Hahalyak (Plaintiff), Lisa Krisay-Hahalyak (Plaintiff), Benjamin Rudnitsky (Plaintiff), Tamar A Rudnitsky (Plaintiff), Clay Frazier (Plaintiff), Paula Frazier (Plaintiff), Miriam Kim (Plaintiff), Pasquale Febbraro (Plaintiff), Cathleen M Febbraro (Plaintiff), Hyo Shin (Plaintiff), Jung Shin (Plaintiff), Eun Young Lee (Plaintiff), John O Torosian (Plaintiff), Sarkis Torosian (Plaintiff), Lunique Le (Plaintiff), Raffi Pirichian (Plaintiff), Ani Pirichian (Plaintiff), Jim C Burgum (Plaintiff), Nancy Martina (Plaintiff), Herman Celikian (Plaintiff), Richard Feldman (Plaintiff), Les Krieger (Plaintiff), Rebekah Krieger (Plaintiff), Christina Kim (Plaintiff), Juan Medina (Plaintiff), Clarissa Medina (Plaintiff), Thomas Cifelli (Plaintiff), John Cifelli (Plaintiff), Mansour Shams (Plaintiff), Zahria Shams (Plaintiff), Chris Lee (Plaintiff), Suzie Lee (Plaintiff), Bradley Costello 1997 Trust (Plaintiff), Bradley Costello (Plaintiff), Bernard Klouda (Plaintiff) Creditors: Turnberry/MGM Grand Towers LLC (Defendant) Judgment: 06/26/2015, Docketed: 07/06/2015 Comment: Certain Causes |
|---|---|---|
| 271. | 06/30/2015 | Notice of Pending Bankruptcy |
| 272. | 07/06/2015 | Interim Order Setting Deadlines For Statements Regarding Effect Of Pending Bankruptcy |
| 273. | 07/08/2015 | Non-Debtor Defendants' Nominations for Special Master Pursuant to Interim Order Dated June 23, 2015 |
| 274. | 07/08/2015 | Plaintiffs' Nominees For Special Master Pursuant To Interim Order Dated June 23, 2015 |
| 275. | 07/08/2015 | (A565873, A569825, A573280, A574558, A577034, A581851) Substitution of Attorney |
| 276. | 07/09/2015 | Turnberry/Harmon Ave., LLC and Turnberry West Realty, Inc.'s Joinder to Non-Debtor Defendants' Nominations for Special Master |
| 277. | 07/14/2015 | Plaintiffs' Memorandum In Response To The Court's July 6, 2015 Order |
| 278. | 07/15/2015 | Defendants' Statement of Effect of Bankruptcy |
| 279. | 07/15/2015 | Plaintiffs' Objections To Non-Debtor Defendants' Nomination Of Paul R. Hejmanowski For Special Master Pursuant To Interim Order Dated June 23, 2015 |

| 280. | 07/22/2015 | Order Appointing Special Master |
|------|------------|--------------------------------|
| 281. | 07/22/2015 | Order Regarding the Effect of Bankruptcy |
| 282. | 07/24/2015 | Stipulation for Substitution of Counsel |