_____
Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
August 10, 2015

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail:  ggarmn@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail:  tgray@gtg.legal
TERESA PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail:  tpilatowicz@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>TURNBERRY/MGM GRAND TOWERS, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13706-abl<br>Chapter 11<br><br>**JOINTLY ADMINISTERED UNDER CASE NO.: 15-13706-abl** |
| In re :<br>TURNBERRY/MGM GRAND TOWER B, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13708-abl<br>Chapter 11 |
| In re :<br>TURNBERRY/MGM GRAND TOWER C, LLC,<br>☒ Affects this Debtor. | Case No.: 15-13709-abl<br>Chapter 11<br><br>Date:  August 3, 2015<br>Time:  1:30 p.m. |

**ORDER APPROVING THE EMPLOYMENT OF GARMAN TURNER GORDON LLP
AS ATTORNEYS FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Turnberry/MGM Grand Towers, LLC (the "Tower A Debtor"), a Nevada limited liability company, Turnberry/MGM Grand Tower B, LLC (the "Tower B Debtor"), a Nevada limited liability company, and Turnberry/MGM Grand Tower C, LLC (the "Tower C Debtor," and together with the Tower A Debtor and the Tower B Debtor, the "Debtors"), a Nevada limited liability company, debtors and debtors-in-possession, filed their *Application for Order Approving the Employment of Garman Turner Gordon LLP as Attorneys for the Debtors Nunc Pro Tunc to the Petition Date* (the "Application"),[1] which came on for hearing before the above-captioned Court on August 3, 2015, at 1:30 p.m. All appearances were duly noted on the record at the hearing on the Application.

The Court having reviewed the Application and all matters submitted therewith; no oppositions having been filed; notice of the Application having been proper; the Court having stated its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein by reference in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure; and good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1. The Application is Granted pursuant to the modified terms included in this Order to which Debtors have agreed, in response to inquiries from the Office of the United States Trustee, in order to ensure the continued application of the recent holding of the Supreme Court of the United States in Baker Botts L.L.P. et al. v. ASARCO, LLC, ___ U.S. ___, 135 S. Ct. 2158 (2015) and to prevent any approval under 11 U.S.C. § 328(a) of the Application and/or its related retention/engagement agreements from changing, modifying, abridging or nullifying the application of the holding of that case here.

2. Garman Turner Gordon LLP shall not be eligible to receive any award of attorneys' fees for fee defense litigation as proscribed by Baker Botts L.L.P. et al. v. ASARCO, LLC, ___ U.S. ___, 135 S. Ct. 2158 (2015) and by the express terms of 11 U.S.C. § 330(a)(1),

---

[1] All undefined, capitalized terms shall have the meaning ascribed to them in the Application.

whether such award is sought in the form of compensation, or re-characterized as an expense reimbursement or otherwise.

3. No approval of the Application or any related employment/retention agreement(s) under 11 U.S.C. § 328(a) is intended, and no such approval shall be construed, to alter the result dictated by the holding in <u>Baker Botts L.L.P. et al. v. ASARCO, LLC</u>, ___ U.S. ___, 135 S. Ct. 2158 (2015) and its construction of 11 U.S.C. § 330(a)(1).

4. To the extent of any conflict between the Application, any employment or retention agreements related thereto, or any other order that may be entered on the issue of professional compensation, the terms of this Order shall control with respect to Garman Turner Gordon LLP.

5. Debtors are hereby authorized, subject to the terms of this Order, to retain Garman Turner Gordon LLP pursuant to section 327, and subject to the terms of the Retainer Agreement (as modified by this Order, as their bankruptcy counsel to perform the services set forth in the Application and the Retention Agreement, which are hereby approved (both as modified by this Order) *nunc pro tunc* to the Petition Date.

6. Pursuant to the terms of this Order, Garman Turner Gordon LLP shall be compensated for the services described in the Application in accordance with the procedures set forth in Sections 330 and 331, and any other applicable procedures and orders of the Court.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON


BY: */S/ Talitha G. Kozlowski*
    GREGORY E. GARMAN, ESQ.
    TALITHA GRAY KOZLOWSKI, ESQ.
    TERESA PILATOWICZ, ESQ.
    *Attorneys for Debtors*

### **LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

- Edward McDonald, Esq., Counsel to the United States Trustee - Approved

- Daniel McNutt, Esq., Counsel for Turnberry/Harmon Ave., LLC - Approved

- James Gassenheimer, Esq., Counsel for Turnberry/Harmon Ave., LLC - Approved

- Matthew Zirzow, Esq., Counsel for the MGM-related entities identified at ECF. No. 20 - Approved

- Jeremy Rosenthal, Esq., Counsel for the MGM-related entities identified at ECF. No. 20 - Approved

- Thomas Fell, Esq., Counsel for KKH & RDA Investor Group, LLC - Approved

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###