Brian E. Goldberg  
Assistant United States Trustee  
State Bar No.: NY 3960952  
*brian.goldberg@usdoj.gov*

Athanasios E. Agelakopoulos, Trial Attorney  
State Bar Numbers: GA 253634; DE 4491  
*athanasios.agelakopoulos@usdoj.gov*

**UNITED STATES DEPARTMENT OF JUSTICE**  
Office of the United States Trustee  
300 Las Vegas Boulevard, So., Suite 4300  
Las Vegas, Nevada 89101  
Tel: (702) 388-6600 Ext. 224  
Fax: (702) 388-6658

**Attorneys for the United States Trustee for Region 17**  
       **TRACY HOPE DAVIS**

E-filed: August 17, 2015

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br>TURNBERRY/MGM GRAND TOWERS, LLC,<br>☒ Affects this Debtor. | Case No: BK-S-15-13706-ABL<br>Chapter 11<br><br>**JOINTLY ADMINISTERED UNDER**<br>**Case No. 15-13706-ABL** |
| IN RE:<br>TURNBERRY/MGM GRAND TOWER B, LLC,<br>☒ Affects this Debtor. | Case No: BK-S-15-13708-ABL<br>Chapter 11 |
| IN RE:<br>TURNBERRY/MGM GRAND TOWER C, LLC,<br>☒ Affects this Debtor. | Case No: BK-S-15-13709-ABL<br>Chapter 11 |

**THE UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' APPLICATION FOR ORDER APPROVING: (I) THE EMPLOYMENT OF ANDARE CORP. AS MANAGER OF THE DEBTORS PURSUANT TO 11 U.S.C. § 363 *NUNC PRO TUNC* TO THE PETITION DATE; AND (II) DR. KENNETH W. WILES AS THE DEBTORS' DESIGNATED RESPONSIBLE PERSON (ECF NOS. 22, 23 AND 30)**

To the Honorable August B. Landis, United States Bankruptcy Judge:

1

Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"), by and through her undersigned counsel, hereby objects (the "Objection") to the *Application for Order Approving: (I) The Employment of Andare Corp. as Manager of the Debtors pursuant to 11 U.S.C. § 363 Nunc Pro Tunc to the Petition Date; and (II) Dr. Kenneth W. Wiles as the Debtors' Designated Responsible Person* (ECF Nos. 22, 23, and 30) (the "Application") filed by the captioned jointly administered debtors Turnberry/MGM Grand Towers, LLC, Turnberry/MGM Grand Tower B, LLC and Turnberry/MGM Grand Tower C, LLC (each a "Debtor" and, collectively, the "Debtors").

In its present form, the Application should be denied without prejudice because Debtors have not satisfied the appropriate legal standard that governs Debtors' request for relief. Debtors contend, incorrectly, that the Application should be approved under § 363(b) as an exercise of Debtors' business judgment, and that the business judgment rule ultimately governs the Application. (ECF No. 22; pg. 9 of 17; ¶ 33).

But, Dr. Kenneth W. Wiles ("Dr. Wiles") and his wholly-owned entity, Andare Corp ("Andare" and, with Dr. Wiles, the "Insiders"), qualify as statutory insiders within the meaning of § 101(31). Because both Andare and Dr. Wiles are insiders under § 101(31) that control Debtors' conduct in these cases and stand to benefit if the Application is approved by the Court, the Application must be "subjected to rigorous scrutiny." *Pepper v. Litton*, 308 U.S. 295, 306 (1939); *Brewer v. Erwin & Erwin, P.C. (In re Marquam Inv. Corp.),* 942 F.2d 1462, 1465 (9th Cir. 1991). Under the appropriate legal standard, the Insiders are required to demonstrate, not only their good faith in seeking approval of the Application, but also "[the Application's] inherent fairness from the viewpoint of the corporation and those interested therein." *In re*

2

*Marquam Inv. Corp.*, 942 F.2d at 1465.  The Application neither discusses nor satisfies this standard; therefore, Debtors' request for relief should be denied without prejudice.

Debtors' reliance on § 105(a) as an additional source of authority is misplaced as § 105(a) merely supplements more specific Code provisions like § 363(b), rather than supplants them.  *See, e.g., Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988) (stating that whatever equitable powers remain in bankruptcy courts must be exercised within the confines of the Bankruptcy Code).  Indeed, a bankruptcy court's equitable powers are used to set aside insider transactions that fail to satisfy the legal standard set forth in the *Pepper* and *Marquam Investment* cases.  *Id.*  (*citing Pepper v. Litton*, 308 U.S. at 306-307).  Section 105(a), therefore, cannot serve as an independent basis for granting Debtors' requested relief, and the Application should be denied.

The United States Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201.  To the extent that the Objection contains factual assertions predicated upon statements made by Debtors, any of their current or former agents, attorneys, professionals, officers, directors, managers, managing members, or employees, the United States Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 801(d)(2).

The Objection is based upon the following authorities and any argument that the Court may permit with respect to the Objection.

[CONTINUED ON NEXT PAGE]

## **MEMORANDUM OF POINTS AND AUTHORITIES**

STATEMENT OF FACTS

1. On June 26, 2015 Debtor Turnberry/MGM Grand Towers, LLC commenced its chapter 11 case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").  (Case No. 15-13706—ABL; ECF No. 1).

2. On that same date, Debtor Turnberry/MGM Grand Tower B, LLC commenced its chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. (Case No. 15-13708—ABL; ECF No. 1).

3. Debtor Turnberry/MGM Grand Tower C, LLC commenced its chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code on June 26, 2015. (Case No. 15-13709—ABL; ECF No. 1).

4. By order of the Bankruptcy Court entered on July 6, 2015, Debtors' chapter 11 cases and related bankruptcy estates were ordered to be jointly administered for procedural purposes only under Bankruptcy Rule 1015(b).  (ECF No. 29).

5. On July 24, 2015, Debtors filed their respective schedules of creditors, assets, liabilities, statements of financial affairs, and related documents.  (Case No. 15-13706—ABL; ECF Nos. 77, 79, and 80).

6. The combination of (1) the absence of First Day Motions from Debtors' lead case docket and (2) Debtors' responses to question 1 of their respective statements of financial affairs, which requires Debtors' to disclose gross income generated from the operation of their respective businesses, suggests that Debtors are not carrying on business operations of any note.

(ECF No. 77, pg. 32 of 44; ECF No. 79, pg. 32 of 42; ECF No. 80, pg. 15 of 25).

7. Indeed, each Debtor does not disclose any gross income generated by the operation of Debtors' businesses for calendar years 2013, 2014, and year-to-date 2015. (*Id.*).

8. On July 1, 2015, Debtors filed the Application. (ECF No. 22).

9. On August 10, 2015, the Bankruptcy Court entered an order granting the Application on an interim basis, subject to the Court's final approval of the Application at a hearing currently scheduled for August 31, 2015. (ECF No. 107).

10. The Application identifies Andare as a Nevada corporation that serves as Debtors' manager. (ECF No. 22; pg. 13 of 17). Andare is, therefore, a statutory insider under, among other provisions of the Bankruptcy Code, § 101(31)(B)(ii)-(iii)

11. Dr. Wiles is identified in the Application as president of Andare. (*Id.*). Dr. Wiles, therefore, qualifies as an insider under, among other provisions of the Bankruptcy Code, §§ 101(31)(B)(iii). Indeed, Dr. Wiles has admitted that he is a person in control of Debtors. (ECF No. 96; pg. 3 of 9; ¶¶ 7-8).

12. On July 6, 2015, Debtors filed copies of engagement letters between Andare and each of the Debtors. (ECF No. 30). The engagement letters executed by and between Debtors and Andare do not appear to differ in substance, so the Objection shall reference by citation only the first copy of the engagement letter found at ECF No. 30-1.

13. As an initial matter, the scope of services that Andare and Dr. Wiles were retained to perform include duties set forth in operating agreements that are not part of the record. (ECF No. 30-1; pg. 1 of 6; ¶ 1).

14. Under the heading "Expenses," the engagement letter provides that Debtors are

obligated to reimburse Andare "for the reasonable fees and expenses of its counsel incurred in connection with the negotiation and enforcement of [the engagement letter]." (ECF No. 30-1; pg. 2 of 6; ¶ 4). By its terms, the Application provides that Andare shall seek awards of compensation and reimbursement of expenses under §§ 330 and 331. (ECF No. 22; pg. 13 of 17). This provision of the engagement letter is, therefore, inconsistent with the recent decision of the Supreme Court of the United States in *Baker Botts, L.L.P. v. ASARCO LLC* that bars an award of such fees and expenses under § 330 and should not be approved. ___ U.S. ___, 135 S. Ct. 2158, 2169 (2015).

15. Under the heading "Relationship of the Parties," the engagement letter provides that "Andare's services will be solely for the use and benefit of the Company, and not any of its members, creditors, or any other party." (ECF No. 30-1; pg. 2 of 6; ¶ 5).

16. In addition, the engagement letter purports to limit intended third party beneficiaries only to "Indemnified Persons" included on Schedule A to the engagement letter and does not, by its terms, confer any rights or remedies that run in favor of any other person or entity. (ECF No. 30-1; pg. 2 of 6; ¶ 6).

17. In addition to broad indemnification language set forth in paragraph 7 of the engagement letter and Schedule A thereto, the engagement letter purports to waive any jury trial rights that may be held by, among other persons and entities, Debtors' creditors. (ECF No. 30-1; pg. 3 of 6; ¶ 8).

18. The foregoing discussion of the engagement letter's provisions that appear to be unfavorable to Debtors' estates and creditors is merely illustrative, not exhaustive. But, the foregoing discussion establishes that the Application does not satisfy the applicable legal

standard that requires Debtors to establish that the terms of the retention of Andare and Dr. Wiles are inherently fair when viewed from the perspective of Debtors' bankruptcy estates and Debtors' creditors.

19. The relief requested in the Application should, therefore, be denied.

## ARGUMENT

*A. The Application should be denied because Debtors have not satisfied the legal standard that governs Debtors' request for relief in the Application.*

20. Here, the Insiders seek approval of the Application through Debtors. Approval of the Application represents a transaction between the Insiders and Debtors that must be subjected to rigorous scrutiny, and the Insiders must demonstrate not only their good faith in seeking approval of the Application, but also "[the Application's] inherent fairness from the viewpoint of the corporation and those interested therein." *In re Marquam Inv. Corp.*, 942 F.2d at 1465.

21. The brief discussion above of the some of the provisions of Debtors' engagement letters with the Insiders that run in favor of the Insiders demonstrates that this standard has not been satisfied here.

22. The relief requested in the Application should, therefore, be denied without prejudice to Debtors' ability to resubmit the Application with sufficient evidentiary support that satisfies the legal standard that governs Debtors' transactions with the Insiders.

*B. Section 105(a) of the Bankruptcy Code does not provide an independent source of authority for granting the relief requested in the Application.*

23. As discussed above, Debtors may not resort to § 105(a) in order to avoid the more exacting legal standard that applies to the relief requested in the Application. *Norwest Bank Worthington v. Ahlers*, 485 U.S. at 206. Indeed, because the terms of Debtors' engagement

7

letters do not "carry the earmarks of an arm's length bargain," if equity is done here, it should intervene to set aside the obligations imposed upon Debtors, Debtors' estates, and Debtors' creditors. *In re Marquam Inv. Corp.*, 942 F.2d at 1465 (citation omitted).

WHEREFORE, the Objection should be sustained, and the relief requested in the Application should be denied.

Dated: Las Vegas, Nevada

August 17, 2015

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: /s/ *Athanasios E. Agelakopoulos*
Athanasios E. Agelakopoulos
Attorney for the United States Trustee
United States Department of Justice
300 Las Vegas Blvd. South, Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600 ext. 224
*athanasios.agelakopoulos@usdoj.gov*