GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>TURNBERRY/MGM GRAND TOWERS, LLC,<br><br>☒ Affects this Debtor. | Case No.: 15-13706-abl<br>Chapter 11<br><br>**JOINTLY ADMINISTERED UNDER CASE NO.: 15-13706-abl** |
| In re :<br><br>TURNBERRY/MGM GRAND TOWER B, LLC,<br><br>☒ Affects this Debtor. | Case No.: 15-13708-abl<br>Chapter 11 |
| In re :<br><br>TURNBERRY/MGM GRAND TOWER C, LLC<br><br>☒ Affects this Debtor. | Case No.: 15-13709-abl<br>Chapter 11<br><br>Date: August 31, 2015<br>Time: 9:30 a.m. |

**DEBTORS' REPLY TO KJH & RDA INVESTOR GROUP, LLC'S OPPOSITION TO DEBTORS' MOTION FOR ENTRY OF ADMINISTRATIVE PROCEDURES ORDER: (1) ESTABLISHING BAR DATE FOR FILING PROOFS OF CLAIM; (2) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM; AND (3) LIMITING NOTICE OF DOCUMENTS FILED AFTER THE GENERAL BAR DATE TO THOSE PARTIES ASSERTING CLAIMS OR REQUESTING NOTICE**

Turnberry/MGM Grand Towers, LLC ("Tower A Debtor"), a Nevada limited liability company, Turnberry/MGM Grand Tower B, LLC ("Tower B Debtor"), a Nevada limited liability

company, and Turnberry/MGM Grand Tower C, LLC ("<u>Tower C Debtor</u>," and together with the Tower A Debtor and Tower B Debtor, the "<u>Debtors</u>"), a Nevada limited liability company, debtors-in-possession, hereby submit their reply to the opposition (the "<u>Opposition</u>") [ECF No. 112], filed by KJH & RDA Investor Group, LLC and those individuals and entities listed in Exhibit A of the Opposition, to Debtors' *Motion for Entry of Administrative Procedures Order: (1) Establishing Bar Date for Filing Proofs of Claims; (2) Approving the Form and Manner for Filing Proofs of Claim; and (3) Limiting Notice of Documents Filed After the Bar Date to Those Parties Asserting Claims or Requesting Notice* (the "<u>Motion</u>")[1] [ECF No. 86]. This reply is made and based on the Motion, the memorandum of points and authorities herein, the declaration of Jean-Paul Hendricks (the "<u>Hendricks Decl.</u>") filed concurrently herewith, and any oral argument presented at the hearing on the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.
### INTRODUCTION

Debtors have been the target of litigation in six different courts and tribunals since 2008 with more than 550 parties having asserted or threatened claims against Debtors. These eight years of piecemeal litigation have left Debtors overwhelmingly confused as to the nature of and parties asserting claims, and against whom they are even asserting claims. Debtors' Motion is nothing more than a procedural vehicle to provide clarity to the type, amount, and nature of these claims asserted against Debtors.

Plaintiff Claimants[2] incorrectly contend that Debtors' requests are "aimed at create [*sic*] substantial burdens and hurdles to filing a proof of claim; the end goal of which is to preclude valid claims on technicalities . . . ."[3] Quite to the contrary, Debtors desire to address each and every legitimate claim against them, including by voluntarily agreeing to participate in a mediation with Plaintiff Claimants starting on October 13, 2015. Thus, Debtors require that the

---

[1] Unless otherwise indicated, all capitalized terms not otherwise defined herein shall have the meaning as set forth in the Motion.

[2] As defined in the Opposition.

[3] <u>See</u> Opposition at p. 12, ll. 23-25.

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
(725) 777-3000

2

claimants assert their claims by October 5, 2015 and clearly identify the basis for those claims through an easy to use Proof of Claim Form. Debtors' request is necessary for a meaningful attempt to reach a consensual resolution in these Chapter 11 Cases and consistent with what the Bankruptcy Code[4] requires. Therefore, the Motion should be granted.

## II.
## PERTINENT FACTS

1. Litigation commenced by Plaintiff Claimants has already been pursued in Nevada's Eighth Judicial Court, the Nevada Federal District Court, the Nevada Supreme Court, this Court, the Ninth Circuit Court of Appeals, and the United States Supreme Court. See ECF No. 87, ¶ 10.

2. However, Plaintiff Claimants are not the only purchasers that potentially have claims that come within the statute of limitations. The Plaintiffs' First and Second Amended Consolidated Complaints filed in Nevada District Court in the action entitled *KJH & RDA Investor Group, LLC et al. v. Turnberry MGM Grand Towers, LLC, et al.* ("*KJH*") action contain class allegations. See Hendricks Decl. ¶ 4.

3. Specifically, Plaintiff Claimants allege they are not just representing themselves but sue on behalf of other similarly situated persons. The First and Second Amended Consolidated Complaints repeatedly allege that the claims asserted relate back to the First Amended Class Action Complaint filed in the action entitled *Mary Ann Sussex et al. v. Turnberry/MGM Grand Towers, LLC et al.* ("*Sussex*") on May 7, 2008, which is the first complaint in which the plaintiffs made class allegations and which served as the basis for removal of that action to federal court under Class Action Fairness Act jurisdiction. See id. ¶¶ 3 and 4, Exhibit "1" at 33, Exhibit "2" at ¶ 27, Exhibit "3."

4. The *Sussex* plaintiffs purport to sue not only in their own capacity but, "pursuant to Rule 23 of the Federal Rules of Civil Procedure as a class action on their own and on behalf of

---

[4] All references to "Chapter" and "Section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure; and all references to "Local Rule" shall be to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
(725) 777-3000

3

a class defined as: ALL INDIVIDUALS WHO PURCHASED ONE OR MORE OF THE SECURITIES IN THE SIGNATURE AT THE MGM GRAND HOTEL/CASINO." (Emphasis in original). Thus, even though there may only be "approximately 539" named Plaintiff Claimants in the currently operative complaints, Mr. Blumenthal has represented in the most recent complaint in state court that "plaintiffs estimate that there are thousands of Class Members" with claims that could relate back to the original May 7, 2008 class action complaint filed in the *Sussex* action. See id. ¶ 4, Exhibit "3" at 17.

5. Plaintiff Claimants' counsel informed Judge Denton as recently as June 8, 2015 in their Rule 16 report that the *KJH* plaintiffs seek to file a class action. See id. ¶ 4, Exhibit "4" at 3.

6. Moreover, Claimants in all actions make a number of claims they say are not subject to statutes of limitations. For example, the *KJH* and *Sussex* plaintiffs allege that the CC&Rs violate NRS Chapter 116, e.g., *KJH* SACC, Ex. 2[5] at 2; they sue for ongoing alleged nuisance emanating from the Wet Republic Pool, id. ¶194; they seek injunctive and declaratory relief on their nuisance and trespass claims. id. at 90-91; and they seek an accounting. Id. at 110. Thus, according to Claimants' own allegations, these alleged ongoing torts affect all condominium owners; not just Mr. Blumenthal's clients. See id. ¶ 5.

7. Additionally, although Claimants that originally purchased units in Tower B and Tower C received deeds to their units through the Tower B and C Debtors, respectively, neither Tower B Debtor nor Tower C Debtor has been named as a defendant in any of the litigations or arbitrations. Tower B was named as an "a/k/a" of Signature Tower II, LLC in the most recent *KJH* and *Sussex* complaints, but not as a defendant. See id. ¶ 11.

8. In an effort to address Plaintiff Claimants' numerous complaints and reach a global resolution as to all claimants and claims against them, Debtors have voluntarily agreed to attend mediation on October 13-14.

. . .

---

[5] References to exhibits are to those exhibits attached to the Hendricks Decl. filed concurrently herewith.

# III.
# LEGAL ARGUMENT

**A.   Sufficient Justification Exists for this Court to Enter an Order Setting October 5, 2015 as the General Bar Date for Proofs of Claim, as Permitted by Local Rule 3003.**

Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which claimants must file proofs of claim in a chapter 11 case. Consistent therewith, Local Rule 3003 provides:

> *Unless the court orders otherwise*, a proof of claim in a chapter 11 case must be filed within ninety days after the first set for the meeting of creditors under 11 U.S.C. 341(a).

LR 3003 (emphasis added). While Local Rule 3003 sets a proposed bar date, it contemplates that a different date may be set and in no way prevents this Court from establishing a bar date shorter or longer than ninety days after the first date set for the meeting of creditors.

Debtors have requested that this Court set the General Bar Date for October 5, 2015, which is 101 days after the Petition Date. While the time period is slightly shorter than the ninety days following the first date initially set for the meeting of creditors, the deadline still provides more than sufficient time for all claimants to assert their claims. This is especially true with respect to Plaintiff Claimants who have commenced litigation. Notably, the first date set for the 341 meeting in these Chapter 11 Cases was July 30, 2015 [ECF No. 3], which date was continued to August 21, 2015 by the US Trustee. Using the original date set for the meeting of creditors, the claims bar date according to Local Rule 3003 is October 28, 2015, just three weeks after the current requested Bar Date.

As Debtors have made clear since the filing of these Chapter 11 Cases, it is Debtors' intent and desire to address those legitimate claims asserted against the estates. However, this requires that Debtors receive the universe of claims asserted against them. The bar date that would be set pursuant to Local Rule 3003 absent an order from this Court, October 28, 2015, is simply too long to wait to commence moving forward on the alleged claims for several reasons. First, Debtors are scheduled to participate in a mediation with the Plaintiff Claimants in an effort to resolve all claims on October 13, 2015. Second, Debtors are incurring significant out-of-

pocket costs continuing to notice and serve parties not interested in participating in these Chapter 11 Cases. Finally, claimants have been alleging various claims for more than eight years. There is no justifiable reason why Plaintiff Claimants cannot file their claims within the three months following the Petition Date.

Debtors have agreed to attend mediation with respect to the Prepetition Litigation from October 13-14, 2015. The ultimate goal of the mediation is to reach a global resolution as to all litigation claims asserted against these estates. This necessarily requires that Debtors have an understanding as to what the claims against them are. As of the Petition Date, Debtors remain confused as to who is making allegations, what allegations are being made, and against whom claims are being asserted. For example, four of the five members of the Official Committee of Unsecured Creditors own condominiums in Tower B and C,[6] but neither the Tower B Debtor nor the Tower C Debtor have been named as defendants in any of the Prepetition Litigation. The Proof of Claim Form seeks to clarify this confusion. The proposed General Bar Date seeks to have claimants provide the information prior to the mediation to allow for a meaningful attempt to reach a resolution in these Chapter 11 Cases.

The proposed General Bar Date is also necessary to cease the immense expenses that Debtors are incurring in these Chapter 11 Cases. To date, Debtors have incurred more than $65,000.00 of actual postage costs on top of more than 2,000,000 pages of copies for notice purposes. See ECF Nos. 25, 49, 75, 76, 100, 101, 102, 104, and 142. As no party has objected to Debtors' request in the Motion to limit notice to those parties filing a claim or otherwise requesting notice, once the General Bar Date has passed, Debtors are likely to decrease its administrative costs significantly.[7] Therefore, an October 5, 2015 General Bar Date is also intended to provide a quantifiable monetary benefit to the estates and therefore, ultimately, the claimants.

Finally, Plaintiff Claimants have failed to identify any reasonable basis for why the

---

[6] See Exs. 18-22 to the *Declaration of Michael Esposito in Support of the Motion to Compel Required Bankruptcy 2019 Disclosures* filed concurrently herewith.

[7] Although Debtors have noticed over 3,800 potential claimants, Debtors anticipate that less than 1,000 are likely to assert claims against the estates.

timeline presents any burden or unfairness to claimants. Plaintiff Claimants instead assert that the complexity of the amount of claims does not justify this Court establishing an October 5, 2015 General Bar Date. See Opposition at p. 11, ll. 2-5. However, Plaintiff Claimants misconstrue who bears the burden of the complexity of the claim process. The Plaintiff Claimants should have no questions as to what their pending claims are as they have been asserted over and over again in various tribunals for nearly eight years. To the contrary, it is Debtors that are confused as to the scope and nature of the varying claims asserted against them.[8] Even if Debtors did have a clear understanding, Debtors are prevented from taking any actions to deal with the claims until a bar date has passed. Thus, the burden of the complexity related to the claims lies with the Debtors and cannot be used as a justification for Plaintiff Claimants to extend the bar date.

While Debtors' necessity for an October 5, 2015 General Bar Date is clear, Plaintiff Claimants have failed to articulate any reason why three months after the Petition Date is insufficient time for Plaintiffs to complete a proof of claim form asserting claims that have already been the focus of nearly eight years of litigation. Therefore, this Court should grant the Motion and establish October 5, 2015 as the General Bar Date.

B. **Plaintiff Claimants' Allegations that the Requested Bar Date Is an Attempt to Prevent the Creditors Committee from Commenting on the Proof of Claim Form Is Nonsensical.**

Plaintiff Claimants contend, without any basis, that the requested General Bar Date is an attempt to prevent the Creditors Committee from commenting on the claim form. See Opposition at p. 12, l. 25. This argument is nonsensical. Debtors' actions demonstrate the exact opposite. Debtors did not file this motion as a first day motion. Rather, Debtors waited over a month after the Petition Date until July 30, 2015 to seek the requested relief. The Motion is

---

[8] By way of example, in the State Court Arbitration, Tower A Debtor was directed to commence arbitration with a small subset of the plaintiffs. The arbitrator in the *KJH* arbitration ordered both the Claimants and Debtor to select one arbitration candidate to proceed to the first arbitration. The Tower A Debtor initially selected John and Louis Carnesale. Instead of agreeing to become the first arbitration candidates, the Carnesales withdrew from the arbitration and voluntarily dismissed their claims. The second selection by the Tower A Debtor was Dennis Leung and Jiyen Shin. Like the Carnesales, Leung and Shin voluntarily dismissed their claims and declined to arbitrate. Debtors are thus unclear as to which claimants will actually assert claims in the Chapter 11 Cases when they must do so under the penalty of perjury. See Hendricks Decl. ¶ 10.

being heard on the *third* omnibus hearing date in these Chapter 11 Case.  Furthermore, Debtors did not seek an order shortening time but set the matter in the normal course allowing all parties a full and fair opportunity to review and respond to the Motion.  If fact, Debtors invited a dialogue with Plaintiff Claimants' regarding the proposed Proof of Claim Form; however, such invitation was ignored and the Opposition was filed.  Debtors' actions show that Debtors have in no way sought to prevent any party from commenting on the Proof of Claim Form.

C. **The Proof of Claim Form Properly Seeks to Allow Debtors to Evaluate Whether Proper Claims Are Asserted Against the Estates Prior to the Mediation.**

This Court presents one centralized forum where all of Debtors' creditors, including the Plaintiff Claimants, have been noticed and will have the ability to file proofs of claim.  To ensure that the best interests of the Debtors and creditors are protected, the Bankruptcy Code has in place a claims process.  See 11 U.S.C. §§ 501-503; Bankruptcy Rules 3001-3005, 3007-3008.  These rules and procedures allow Debtors to analyze creditor claims to ensure legitimacy and liquidate and administer them in a timely fashion.  The proposed Proof of Claim Form complies with these rules and procedures by requesting that claimants asserting a claim against Debtors provide documents and information necessary to establish their *prima facie* claim.  See Fed. R. Bank. P. 3001(f).   The Proof of Claim Form likewise allows all claimants to fully assert and present their claims prior to the scheduled mediation on October 13, 2015 to allow for the best possibility at a consensual resolution to these Chapter 11 Cases.

1. **Section 6 of the Proof of Claim Form Provides Claimants a Streamlined and Easy to Follow Opportunity to Present Their Claims While Allowing Debtors to Determine Whether a Claim is Properly Being Asserted.**

Bankruptcy Rule 3001 governs proof of claims.  The rule requires that a claim be filed in writing on a form substantially conforming to Official Form 10.  The rule also requires that a claim included supporting information or, if such information is unavailable, a statement addressing the unavailability.  See Fed. R. Bank. P. 3001.  A proof of claim, when executed and filed in accordance with Rule 3001, constitutes *prima facie* evidence of the validity and amount of the claim.  See Fed. R. Bank. P. 3001(f).   Debtors' proposed Proof of Claim Form does not seek any more than what the Bankruptcy Rules require.  Rather, instead, the information seeks to

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
(725) 777-3000

streamline the information and to amalgamate all of the necessary and pertinent factual information necessary to support a valid claim in the proof of claim form itself.

Notwithstanding that the information requested is necessary to establish a *prima facie* claim, Plaintiff Claimants allege that the requested information is "onerous," "irrelevant or otherwise known to the Debtors," and sought with the intention to "preclude parties from asserting their valid claims." See Opposition at p. 11, l. 15, p. 12, l. 28. None of these contentions are correct.

First, the information is necessary to assess the validity of claims. There is nothing onerous about requesting claimants respond to ten simple inquiries within claimants' knowledge regarding the nature of their claims. This is particularly true where the inquiries have largely been presented in a "check the box" format in an effort to simplify the completion of the Proof of Claim Form. The proposed Proof of Claim Form will help in the resolution of claims rather than continue claimants' patterns to date of providing nothing more than general allegations that present no information as to the basis for individual claims. Second, Plaintiff Claimants' contention that they should not have to produce the information requested because "the Debtors, as the sellers of the units, have all of this information" is wholly improper. See Opposition at p. 11, l. 21. Even if Debtors could accurately determine the nature, amount, and type of claims asserted against them, which they cannot, Rule 3001 places the initial burden to present a *prima facie* claim on the claimants and therefore, it is irrelevant whether Debtors have the information. See Fed. R. Bankr. P. 3001(f). Finally, there is nothing in the Proof of Claim Form that is designed to, nor should, preclude parties from asserting their claims. Rather, the Proof of Claim Form is designed to present a straight forward and easy to follow form that allows claimants to provide the information necessary to evaluate their claims against the estates. Therefore, the information requested through Section 6 is proper and should be approved.

**2. Section 8 of the Proof of Claim Form Is Designed to Actually *Limit* the Documents Generally Required in Support of a Claim, Not Create an Additional Burden.**

Plaintiff Claimants contend that "the [Proof of Claim] Form in Section 8 also vastly

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
(725) 777-3000

9

expands that Official Form's disclosure requirements to require all documents supporting the creditors' claims be attached." See Opposition at p. 12, ll. 2-3. However, it is Bankruptcy Rule 3001 and Official Form 10, not Debtors, that sets that requirement. Specifically, Instruction No. 7 on Official Form 10, which is identical to the instruction on the Proof of Claim Form states: "Attached redacted copies of *any documents* that show the debt exists." Debtors have not expanded this requirement, but rather, have sought to limit and clarify it. First, the Proof of Claim Form directs that documents filed in the underlying litigation and arbitrations ***not be submitted*** with the Proof of Claim Form to reduce the burden on the claimants, Prime Clerk, and the Clerk of this Court. Second, the Proof of Claim form provides specific reference to the type of documents that should be attached if claims are made based on current or former ownership of units in the Signature Tower, *i.e.*, purchase sale agreements, broker or realtor documents, deeds, evidence of income generated, and documents containing representations. Claimants are required to include these documents whether or not Debtors specifically reference them in the Proof of Claim Form. Thus, Debtors have not created any requirement beyond what is required by the Bankruptcy Code. Debtors have merely sought to clarify the requirement to ensure a fair claims reconciliation process. Therefore, the instructions related to documentation set forth in Section 8 are proper and should be approved.

### 3. The Proof of Claim Form Does Not Alter the Requirements as to Who May Sign the Proof of Claim.

Claimants contend that, "[t]he Debtors in Section 9 seek to limit who may sign the [Proof of Claim] Form as set forth in instructions to Section 9." See Opposition at p. 12, ll. 11-12. However, the Proof of Claim Form does no such thing. Both the signature portion of the Proof of Claim Form, as well as the instructions related thereto, are identical to Official Form 10. Therefore, there have been no changes as to who is statutorily authorized to execute a proof of claim.

Debtors assume that the Plaintiff Claimants are referencing the proposed language in Section (a)(vi) of the proposed Notice of Bar Date, as set forth on p. 12, ll. 16-17 of the Motion. The provision, which states that the claim be signed by the claimant or, if the claimant is not an

individual, the authorized agent of the claimant, was in no way intended to limit the ability of a party to use an authorized agent to sign the Proof of Claim Form.[9]  Thus it appears that there was simply a misunderstanding, not an attempt by Debtors "aimed to add further hurdles to claimants asserting their claims against the Debtors."[10]  For the avoidance of doubt, Debtors propose to revise Section (a)(vi) of the Notice of Bar Date from "be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant" to "be signed by the claimant or their authorized agent."  The proposed revision should resolve Plaintiff Claimants' concern as to the signature portion of the proposed Proof of Claim Form.  Therefore, the Motion should be approved.

## IV.
## CONCLUSION

Wherefore, Debtors respectfully request that the Court enter the Bar Date Order attached as **Exhibit "1"** to the Motion, thereby, among other things, setting the Bar Dates, approving the Bar Date Notice with the revision set forth herein, and approving the Proof of Claim Form. Debtors request such other and further relief as is just and proper.

Dated this 25th day of August, 2015.

          GARMAN TURNER GORDON

          By: */s/ Talitha Gray Kozlowski*
              GREGORY E. GARMAN, ESQ.
              TALITHA GRAY KOZLOWSKI, ESQ.
              TERESA M. PILATOWICZ, ESQ.
              650 White Drive, Suite 100
              Las Vegas, Nevada 89119
              *Attorneys for Debtors*

---

[9] Claimants, however, are cautioned that any authorized agent must sign the Proof of Claim Form under the penalty of perjury that the information is true and correct to the best of his or her knowledge, information, and reasonable belief and, as recently held by In re Rodriguez, Bankr. No. 10-70606, Adv. No. 11-07012, 2013 WL 2450925, at *6 (Bankr. S.D. Tex. June 5, 2013), authorized representatives who sign the proof of claim may be determined to be fact witnesses to the claim.

[10] See Opposition at p. 12, ll. 18-19.

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
(725) 777-3000